**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **Voter Reference Foundation, LLC,** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Holly Steinberg,** | ) | **CASE NO: 22-cv-222** |
| | ) | |
| Plaintiffs, | ) | |
| **v.** | ) | |
| | ) | **EXPEDITED CONSIDERATION** |
| | ) | **REQUESTED** |
| **Hector Balderas**, in his official capacity as | ) | |
| New Mexico Attorney General, | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| and | ) | |
| | ) | |
| **Maggie Toulouse Oliver,** in her official | ) | |
| capacity as New Mexico Secretary of State, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

COME NOW Plaintiffs Voter Reference Foundation LLC and Holly Steinberg, pursuant to Fed. R. Civ. P. 65, and move the Court for a preliminary injunction. In support of this Motion, Plaintiffs state:

1. New Mexico law prohibits the use and dissemination of voter information (who has voted, and in which elections) for all but a few limited purposes preapproved by the State. This is a prohibition on speech. Plaintiffs have obtained, used, and disseminated, this voter information for election purposes, both in New Mexico and across the country. But their election purposes are not to help a candidate or ballot measure prevail at the ballot box. Instead, their election purposes are to increase voter participation and provide transparency regarding New Mexico elections, both of which strengthen election integrity. Plaintiffs believe that these purposes are

1

already authorized by New Mexico law. However, the Secretary believes that the law *criminalizes* Plaintiffs' conduct and has referred Plaintiff VRF to the Attorney General for investigation and criminal prosecution.

2.  Defendants' enforcement of the New Mexico use restrictions at issue here, which prevent speech that disseminates voter information to the public for election purposes where the speech is not by a political party or to advocate for or against one side of a campaign (the "Use Restrictions"), prevent and discourage Plaintiffs' exercise of their free speech rights in violation of the First, Fifth, and Fourteenth Amendments, which are enforceable against Defendant through 42 U.S.C. § 1983.

3.  Plaintiffs planned to continue using and speaking to disseminate the publicly available voter information received from the State. However, the Secretary's statements to the press, in which she revealed for the first time that she believes Plaintiffs' use is criminal, required that Plaintiffs shutter their website and cease speech that disseminates the voter data for fear of potential felony prosecution. Plaintiffs will have to continue abstaining from engaging in this protected speech as long as the threat of prosecution persists, chilling their First Amendment rights.

4.  For the reasons stated in this Motion and the accompanying Suggestions in Support, incorporated herein by reference, the Court should issue a preliminary injunction prohibiting Defendants and all persons in active concert or participation with them who receive actual notice of the injunction, from taking any action to:

    a.  prohibit Plaintiffs from disseminating or using voter information available under New Mexico law for purposes related to election integrity, election transparency, and increasing voter participation; or,

    b.  cite, prosecute, punish, or otherwise enforce the use restrictions in N.M. Stat. § 1-4-5.5 or any substantially similar restrictions against Plaintiffs, including by prosecuting

Plaintiffs under N.M. Stat. § 1-4-5.6, as a result of Plaintiffs' use of the voter information.

5. Plaintiffs respectfully move for expedited consideration of their Motion for Preliminary Injunction. The relief requested in this motion and the accompanying suggestions in support seeks to rectify ongoing, irreparable violations of the First Amendment rights of Plaintiffs and others not before the Court. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). Even if Plaintiffs receive a favorable result on the most expeditious timeline under the normal schedule, they will nevertheless suffer the loss of their constitutional rights for several more months. The Court should grant expedited consideration of Plaintiff's Motion to expeditiously determine whether Plaintiffs' First Amendment rights are violated by the New Mexico use restrictions.

6. Plaintiffs respectfully request oral argument pursuant to D.N.M.LR-Civ 7.6.

7. Defendants are not currently available (represented by counsel) to give a position on this motion; their opposition is strongly presumed.

WHEREFORE, Plaintiffs respectfully request that the Court:

    a.  Grant expedited consideration of this Motion;

    b.  Grant oral argument on this Motion pursuant to D.N.M.LR-Civ 7.6;

    c.  Issue a preliminary injunction against Defendant as outlined in ¶4, *supra*; and,

    d.  Order such other and further relief as justice requires.

Respectfully submitted this 28th day of March 2022.

Respectfully submitted,

HARRISON, HART & DAVIS, LLC

By: _____
Carter B. Harrison IV
924 Park Avenue SW, Suite E
Albuquerque, NM 87102
Tel:  (505) 369-6599
Fax:  (505) 341-9340
Email:  carter@harrisonhartlaw.com

— and —

**GRAVES GARRETT LLC**

_____
Edward D. Greim
*Pro Hac Vice* Forthcoming
Graves Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com

*Attorneys for the Plaintiffs*

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that, on this 28th day of March 2022, immediately after electronically filing this Motion, I served, pursuant to Fed. R. Civ. P. 5 a electronic copy of the Motion on email addresses for both Defendant Hector Balderas (hbalderas@nmag.gov) and Defendant Maggie Toulouse Oliver (sos.elections@state.nm.us). I additionally certify that I will serve, pursuant to Rule 4, a copy of this Motion on both Defendants at the same time that I serve a copy of the Complaint and their respective Summons.

Respectfully submitted this 28th day of March 2022.

By: _____
Carter B. Harrison IV
*Attorneys for the Plaintiffs*