**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**VOTER REFERENCE FOUNDATION, LLC,**

**and**

**HOLLY STEINBERG,**

              **Plaintiffs,**

**v.**                                    **Case No: 1:22-cv-00222-JB-KK**

**HECTOR BALDERAS, in his official capacity as New Mexico Attorney General,**

**and**

**MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico,**

              **Defendants.**

## DEFENDANTS' ANSWER

Olga M. Serafimova
Senior Civil Counsel
P.O. Drawer 1508
Santa Fe, NM 87501-1508
(505) 490-4060
(505) 490-4046
oserafimova@nmag.gov

*Counsel for Defendants*
*Attorney General Hector Balderas and*
*Secretary of State Maggie Toulouse Oliver*

Defendants the New Mexico Secretary of State Maggie Toulouse Oliver ("Secretary of State") and the New Mexico Attorney General Hector H. Balderas ("Attorney General"), in their official capacities, by and through undersigned counsel, answer Plaintiffs' *Verified Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief* as follow:

1.     Defendants admit that Secretary of State has opined that VRF's act of publishing on its website the voter data of each and every registered New Mexico voter constitutes a violation of New Mexico law, that a referral was made to the Attorney General to investigate the same, and that Plaintiffs have filed this lawsuit; Defendants lack sufficient knowledge or information to form a belief at to the remaining allegations in Paragraph 1 and, therefore, deny them.

2.     Paragraph 2 does not make an allegation of fact to which a response is required.

3.     Defendants deny that a violation of Section 1-4-5.6 is punishable by "up to 18 months in prison[;]" the remaining allegations in Paragraph 3 are not allegations of fact to which a response is required.

4.     Denied.

5.     Denied.

6.     Defendants admit that, on March 7, 2022, ProPublica published an article titled, "Billionaire-Backed Group Enlists Trump-Supporting Citizens to Hunt for Voter Fraud Using Discredited Techniques," that the article is available on ProPublica's website, and that Exhibit A to the *Verified Complaint* is a true and accurate copy of said article.

7.     Admitted.

8.     Defendants admit that the ProPublica article states that Secretary of State has made a referral to Attorney General to investigate VRF's use of New Mexico voter data and that criminal

prosecution is possible; Defendants lack sufficient knowledge or information to form a belief at to the remaining allegations in Paragraph 8 and, therefore, deny them.

9.      Paragraph 9 does not make an allegation of fact to which a response is required.

10.     Paragraph 10 does not make an allegation of fact to which a response is required.

11.     Paragraph 11 does not make an allegation of fact to which a response is required.

12.     Defendants admit that close review of voter data generally would detect inaccuracies, if any; Defendants deny that posting the voter data of each and every registered New Mexico voter on VRF's website "fosters confidence in the integrity of the election system and thereby encourages voter participation[;]" Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 12 and, therefore, deny them.

13.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 13 and, therefore, deny them.

14.     Admitted.

15.     Admitted.

16.     Defendants lack sufficient knowledge or information to form a belief as to what "Plaintiffs understand" as alleged in Paragraph 16 and, therefore, deny these allegations.

17.     Admitted.

18.     Defendants admit that Paragraph 18 accurately quotes selected language from NMSA 1978, § 1-4-5.5.

19.      Paragraph 19 does not make an allegation of fact to which a response is required.

20.     Defendants admit that Paragraph 20 accurately quotes selected language from Section 1-4-5.5.

21.     Defendants admit that Paragraph 21 accurately quotes selected language from Section 1-4-5.5.

22.     Defendants agree that Section 1-4-5.6 renders certain conduct a fourth degree felony.

23.     Defendants admit that Paragraph 23 accurately quotes selected language from Section 1-4-5.6.

24.     Defendants admit that Paragraph 24 accurately quotes selected language from Section 1-4-5.6.

25.     Defendants admit that Paragraph 25 accurately quotes selected language from Section 1-4-5.5.

26.     Defendants admit that Exhibit B to the *Verified Complaint* is a true and accurate copy of the current version of the affidavit required under Section 1-4-5.5.

27.     Defendants admit that Paragraph 207 accurately quotes selected language from Exhibit B to the *Verified Complaint*.

28.     Admitted.

29.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 29 and, therefore, deny them.

30.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 30 and, therefore, deny them.

31.     Defendants deny that "the work being done by VRF continues to highlight the need to ensure accurate voter rolls are being maintained, and to provide the public access to these rolls so that they may search the data and report errors to election officials[;]" Defendants lack sufficient

knowledge or information to form a belief as to the remaining allegations in Paragraph 31 and, therefore, deny them.

32.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 32 and, therefore, deny them.

33.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 33 and, therefore, deny them.

34.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 34 and, therefore, deny them.

35.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 35 and, therefore, deny them.

36.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 36 and, therefore, deny them.

37.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 37 and, therefore, deny them.

38.     Defendants deny that VRF's website only shares voter information data "if state law allows that information to be shared[;]" Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 38 and, therefore, deny them.

39.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 39 and, therefore, deny them.

40.     Defendants admit that Paragraph 40 accurately quotes selected language from VoteRef.com's Terms of Service.

41.     Defendants deny that "VRF acquired [voter information] from the State under § 1-4-5.5[;]" Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 41 and, therefore, deny them.

42.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 42 and, therefore, deny them.

43.     Defendants deny that "the Secretary [of State] will only give the data to political parties and other speakers she prefers, and not to VRF[;]" Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 43 and, therefore, deny them.

44.     Denied.

45.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 45 and, therefore, deny them.

46.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 46 and, therefore, deny them.

47.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 47 and, therefore, deny them.

48.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 48 and, therefore, deny them.

49.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 49 and, therefore, deny them.

50.     Defendants deny that their fulfillment of their respective statutory responsibilities "injures Steinberg [or any] other citizens in New Mexico and across the country[;]" Defendants

lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 50 and, therefore, deny them.

51.    Admitted.

52.    Defendants admit that Paragraph 52 accurately quotes selected language from Exhibit A to the *Verified Complaint*; Defendants deny the remaining allegations in Paragraph 52.

53.    Admitted.

54.    Admitted.

55.    Denied.

56.    Denied.

57.    Defendants admit that Paragraph 57 accurately quotes selected language from Section 1-4-5.5, and that Section 1-4-5.5 does not define the term "election"; Defendants deny the remaining allegations in Paragraph 57.

58.    Defendants admit that "VRF is unlawfully using voter data by posting it online[;]" Defendants deny the remaining allegations in Paragraph 58.

59.    Defendants admit that "VRF's publication of the information on the Internet itself violates New Mexico law[;]" Defendants deny the remaining allegations in paragraph 59.

60.    Denied.

61.    Admitted.

62.    Admitted.

63.    Denied.

64.    Admitted.

65.     Defendants deny that the Secretary of State harbors "hostility to ideological opponents in the exercise of her official duties[,]" that she "lent her voice to an article by ProPublica," or that she "simply accepted ProPublica's politically charged attacks as true[;]" Defendants admit that the Secretary of State referred VRF's conduct to the Attorney General for investigation; Defendants admit that Secretary of State did not contact VRF because she was under no obligation to do so; Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 65 and, therefore, deny them.

66.     Defendants deny that the Secretary of State harbors "political animus," that such animus has ever "cound[ed] her judgment," that any voter data is ever "selectively released," or that any New Mexico statutes are ever "used to ensnare and selectively punish[.]" Defendants admit that the numerous statutory provisions in the New Mexico Election Code that regulate the limited disclosure of voter data promote election transparency, integrity, and participation, but deny that the wholesale disclosure of such data would serve these goals.

67.     Denied.

68.     Denied.

69.     Defendants lack sufficient knowledge or information to form a belief as to what "Plaintiff VRF desires" to do and, therefore, deny these allegations; Defendants deny the remaining allegations in Paragraph 69.

70.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 70 and, therefore, deny them.

71.     Defendants deny that Plaintiffs' First Amendment rights are affected; Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 71 and, therefore, deny them.

72.     Paragraph 72 does not make an allegation of fact to which a response is required.

73.     Paragraph 73 does not make an allegation of fact to which a response is required.

74.     Paragraph 74 does not make an allegation of fact to which a response is required.

75.     Paragraph 75 does not make an allegation of fact to which a response is required.

76.     Paragraph 76 does not make an allegation of fact to which a response is required.

77.     Paragraph 77 does not make an allegation of fact to which a response is required.

78.     Paragraph 78 does not make an allegation of fact to which a response is required; to the extent a response is required, Defendants deny these allegations.

79.     Paragraph 79 does not make an allegation of fact to which a response is required; to the extent a response is required, Defendants deny these allegations.

80.     Paragraph 80 does not make an allegation of fact to which a response is required.

81.     Denied.

82.     Defendants lack sufficient knowledge or information to form a belief as to what "Plaintiff VRF hopes" or what "VRF's plan is," and, therefore, deny these allegations; Defendants deny the remaining allegations in Paragraph 82.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Defendants deny that any part of the New Mexico Election Code was "enacted under the . . . pretense of state law" or that enforcing any such provisions "under the color and pretense of state law [would result in the] deprivation of Plaintiffs' rights[;]" Defendants admit the remaining allegations in Paragraph 87.

88.     Paragraph 88 does not make an allegation of fact to which a response is required.

89.     Denied.

90.     Paragraph 90 does not make an allegation of fact to which a response is required.

91.     Paragraph 91 does not make an allegation of fact to which a response is required.

92.     Defendants admit that the New Mexico Election Code requires the execution of an affidavit and payment of a fee before any voter data may be released, and that violations of the Election Code carry certain criminal penalties; Defendants deny the remaining allegations in paragraph 93.

93.     Paragraph 93 does not make an allegation of fact to which a response is required; to the extent a response is required, Defendants deny these allegations.

94.     Defendants admit that Section 1-4-5.6 prohibits the publishing of New Mexico voter data; Defendants deny the remaining allegations in Paragraph 94.

95.     Denied.

96.     Denied.

97.     Defendants deny that "the State or its agents exercise their . . . discretion based on the identity of the requestor[;]" therefore, Defendants deny the allegations in paragraph 97.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Defendants deny that any part of the New Mexico Election Code was "enacted under the . . . pretense of state law" or that enforcing any such provisions "under the color and pretense of state law [would result in the] deprivation of Plaintiffs' rights[;]" Defendants admit the remaining allegations in Paragraph 101.

102.     Paragraph 102 does not make an allegation of fact to which a response is required.

103.    Defendants deny that a violation of Section 1-4-5.6 is punishable by "up to 18 months in prison[;]" Defendants admit the remaining allegations in Paragraph 103.

104.    Denied.

105.    Paragraph 105 does not make an allegation of fact to which a response is required.

106.    Paragraph 106 does not make an allegation of fact to which a response is required.

107.    Paragraph 107 does not make an allegation of fact to which a response is required.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Defendants deny that any part of the New Mexico Election Code was "enacted under the . . . pretense of state law" or that enforcing any such provisions "under the color and pretense of state law [would result in the] deprivation of Plaintiffs' rights[;]" Defendants admit the remaining allegations in Paragraph 113.

114.    Paragraph 114 does not make an allegation of fact to which a response is required.

115.    Denied.

116.    Paragraph 116 does not make an allegation of fact to which a response is required.

117.    Paragraph 117 does not make an allegation of fact to which a response is required.

118.    Denied.

119.    Denied.

120.    Defendants deny that any part of the New Mexico Election Code was "enacted under the . . . pretense of state law" or that enforcing any such provisions "under the color and pretense of state law [would result in the] deprivation of Plaintiffs' rights[;]" Defendants admit the remaining allegations in Paragraph 120.

121.    Paragraph 121 does not make an allegation of fact to which a response is required.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

## AFFIRMATIVE DEFENSES

1.  The *Verified Complaint* fails to state a claim upon which relief can be granted.

2.  The statutes at issue are subject to "rational basis" review and meet that standard.

3.  Should the Court determine that the statutes at issue are subject to "intermediate scrutiny," they meet that standard as well.

4.  Should the Court determine that the statutes at issue are subject to "strict scrutiny," they meet that standard as well.

5.  Plaintiffs are not entitled to attorneys' fees.

WHEREFORE, Secretary of State Maggie Toulouse Oliver and Attorney General Hector Balderas, in their official capacities, respectfully request this Court deny Plaintiffs any relief and grant them such other relief as may be just and proper.

Respectfully submitted,

By: *Olga Serafimova*
Olga M. Serafimova
Senior Civil Counsel
P.O. Drawer 1508
Santa Fe, NM 87501-1508
(505) 490-4060
(505) 490-4046
oserafimova@nmag.gov

*Counsel for Defendants*
*Attorney General Hector Balderas and*
*Secretary of State Maggie Toulouse Oliver*

## CERTIFICATE OF SERVICE

I certify that on April 21, 2022, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ *Olga Serafimova*
Olga Serafimova