**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

---

**VOTER REFERENCE FOUNDATION, LLC,**

and

**HOLLY STEINBERG,**

      Plaintiffs,

v.                                                         Case No: 1:22-cv-00222-JB-KK

**HECTOR BALDERAS, in his official capacity
as New Mexico Attorney General,**

and

**MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State of New Mexico,**

      **Defendants.**

## EMERGENCY
## MOTION TO QUASH SUBPOENA

COMES NOW Defendant the New Mexico Secretary of State Maggie Toulouse Oliver ("Secretary of State"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(d)(3)(iv), hereby moves this Court to quash the subpoena served upon her by Plaintiff Voter Reference Foundation, LLC ("VRF") on April 29, 2022 and attached as Exhibit A ("Subpoena"). This motion is opposed.

In support of this motion, the Secretary of State states as follows:

1.      Under Rule 45(d)(3)(iv), a subpoena must be quashed if it "subjects a person to undue burden."

2. The Subpoena commands the Secretary of State to appear in person before this Court to testify at the hearing on Plaintiffs' *Motion for Preliminary Injunction*, which is scheduled for May 17, 2022 at 2:30 p.m. The Subpoena further commands the Secretary to bring with her "all drafts, revisions, comments, and final versions of Tweets, Facebook entries, or public statements regarding (1) requests for voter data; (2) the possibility that a group has committed a crime with respect to its accessing or using voter data; or (3) VRF, or Local Labs." Exhibit A, unnumbered page 1.

3. In effect, by serving the Subpoena, VRF seeks to obtain early discovery. Calling the Secretary of State as its own witness at the hearing is akin to taking her oral deposition, and commanding her to bring documents with her has the same effect as a request for documents. However, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." 26(d)(1). Defendants have not stipulated to early discovery, Plaintiffs have not sought, nor has this Court issued, an order permitting early discovery, and no rule authorizes early discovery in this case.

4. Had VRF complied with Rule 26(d)(1) and moved for early discovery, it would likely not have been allowed to depose the Secretary of State. The same result should follow here, where VRF has circumvented the discovery rules.

5. Specifically, "[h]eads of government agencies are not normally subject to deposition[.]" *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979); *see also In re U.S.*, 985 F.2d 510, 512 (11th Cir. 1993) ("the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged.") (citing *United States v. Morgan*, 313 U.S. 409,

422 (1941)). Known as the apex doctrine, "this rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses," and that "without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan v. City of Boston*, 489 F.3d 417, 423-24 (1st Cir. 1993) (internal quotations and citation omitted). "There is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion. *Buono v. City of Newark*, 249 F.R.D. 469, n. 2 (D. N.J. Feb. 26, 2008). As such, "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991).

6. In this Court, the apex doctrine has been applied "to protect high level [officials] from the burdens and distractions of giving an oral deposition because (1) the executive has no personal knowledge of the issues in dispute, (2) the information sought from the executive can be obtained from another witness, (3) the information sought can be obtained through an alternative discovery method or (4) sitting for the deposition is a severe hardship for the executive in light of his or her obligations to the [entity]." *El Pinto Foods, LLC v. Ocean Spray Cranberries, Inc.*, 2014 WL 11515031, at * 1 (D.N.M. Apr. 21, 2014).

7. Upon information and belief, VRF wishes to question the Secretary of State regarding written public statements she has made, including on social media, regarding voter data requests by VRF and perhaps others. Also upon information and belief, VRF currently has copies of these written public statements. Under Federal Rule of Evidence 801(2)(A), and subject to the rules governing relevance and authentication, such written public statements are not hearsay and, therefore, are admissible at the hearing because they are statements "offered against an opposing

party and . . . made by the party in as individual or representative capacity[.]" Therefore, with respect to such statements, "the information sought [has already been] obtained through an alternative [source.]" Further, these statements speak for themselves, and questioning the Secretary of State about them would have little, if any, evidentiary value, suggesting that the real motive for seeking her testimony is to subject her to political harassment and abuse. *See Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (stating that "such discovery creates a tremendous potential for abuse or harassment").

8. Also, to the extent VRF wishes to question the Secretary of State regarding the 2017 press releases quoted in the *Verified Complaint* and the *Motion for Preliminary Injunction*, *see* ECF Doc. #1 at pp. 17-18 and Doc. #4 at pp. 11-12, 17, those press releases did not involve requests for voter data submitted pursuant to NMSA 1978, § 1-4-5.5. Rather, those press releases were in response to two letters, both of which are attached hereto as Exhibit B and neither of which complied with the requirements of Section 1-4-5.5. Therefore, the Secretary of State had an affirmative duty to *reject* these requests. *See* § 1-4-5.5(A) ("The . . . secretary of state shall furnish voter data . . . only upon written request . . . and after compliance with the requirements of this section[.]"); *see also* § 1-4-5.5(C) ("Each requester of voter data . . . shall sign an affidavit[.]"). Thus, contrary to Plaintiffs' allegation, the 2017 press releases do not evidence a violation of Section 1-4-5.5, *see* ECF Doc. #4 at p. 11, and are utterly irrelevant to the issues before the Court.

9. Lastly, to the extent VRF wishes to question the Secretary of State regarding voter data requests generally or a specific voter data request, the Secretary of State would have no personal knowledge about these issues, and such information can be obtained from the testimony of Ms. Mandy Vigil, who is the New Mexico Elections Director and whom VRF has subpoenaed

to testify at the hearing and to bring an extensive list of documents. *See* Exhibit C; *see also Elvig v. Nintendo of America, Inc.*, 2009 WL 2399930 (D. Colo. July 31, 2009) ("[W]here a party seeks to depose a high level executive typically removed from the daily subjects of the matter in litigation, the party seeking discovery must first demonstrate that the proposed deponent has 'unique personal knowledge' of the matters in issue.").

10. Most importantly, requiring the Secretary of State to testify at the hearing would constitute "a severe hardship for the executive in light of . . . her obligations to the [Office of the Secretary of State]." *Ocean Spray*, 2014 WL 11515031, at * 1. For the 2022 primary election, early voting in New Mexico begins on May 10 and "shall be conducted in each office of the county clerk[.]" *See* NMSA 1978, § 1-6-5.7(A). As the Court is undoubtedly aware, currently the State is experiencing the largest active wildfire in the entire country and the largest wildfire in state history. As of the filing of this motion, Governor Lujan Grisham has declared a state of emergency in five counties, and a number of communities have been evacuated.[1] This unprecedented emergency just days before in-person voting is required to commence has demanded the Secretary's leadership, guidance, and time. She must remain available to coordinate with state, federal, and county partners to ensure every voter in the state is able to vote in-person from May 10 until Election Day, June 7, 2022. These responsibilities include vigorously advocating for funding to support the continuity necessary to manage the changing realities of conducting in-person voting in different locations throughout the state. Currently, voting contingency plans are being implemented in the counties of Taos, Los Alamos, Mora, Sandoval, and San Miguel, and this list is likely to continue to grow as the wildfires continue to rage. Diverting her attention from these crucial tasks by

---

[1] *See* https://www.nmdhsem.org/2022-wildfires/ (last visited May 4, 2022)

requiring her to spend the time necessary to prepare for and attend the hearing would be a severe hardship not only for the Secretary of State and her Office, but for the entire state. New Mexicans deserve to have their Chief Election Officer available to ensure all affected counties have the support and resources needed to comply with the Election Code during this unprecedented time.

11. While it appears courts have not yet had occasion to apply the "apex doctrine" to a Rule 45 subpoena commanding a high level government official to give live testimony at a hearing, the same "public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion" is at play in this context. *Buono*, 249 F.R.D. at n. 2. The danger that "such officials will spend an inordinate amount of time tending to pending litigation" is equally present. *Bogan*, 489 F.3d at 423-24. *See also Buono*, 249 F.R.D. at n. 2 (stating that a number of courts "have concluded that top executive department officials should not be required to appear for depositions *or testify at trial* absent extraordinary circumstances[.]") (emphasis added). In fact, this case—with the wildfires threatening residents' ability to exercise their right to vote, and the Secretary of State being commanded to divert her focus and efforts from this extremely important and dangerous situation—is a perfect example why the "apex doctrine" should apply equally to Rule 45 subpoenas for live testimony. Alternatively, the Court should hold that these circumstances support an independent finding of undue burden.

12. For the foregoing reasons, the Secretary of State respectfully requests that the Court find that complying with the Subpoena's command to testify at the May 17, 2022 hearing would subject her to undue burden under Rule 45(d)(A)(iv) and quash the same.

Respectfully submitted,

By: *Olga Serafimova*
Olga M. Serafimova
Senior Civil Counsel
P.O. Drawer 1508
Santa Fe, NM 87501-1508
(505) 490-4060
(505) 490-4046
oserafimova@nmag.gov

*Counsel for Defendants*
*Attorney General Hector Balderas and*
*Secretary of State Maggie Toulouse Oliver*

## CERTIFICATE OF SERVICE

I certify that on May 4, 2022, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ *Olga Serafimova*
Olga Serafimova

EXHIBIT A

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC, et al.<br>*Plaintiff*<br>v.<br>HECTOR BALDERAS, et al.<br>*Defendant* | Civil Action No. 1:22-cv-00222-JB-KK |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Maggie Toulouse Oliver

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Pete V. Domenici United States Courthouse<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 | Courtroom No.: 460 Vermijo Courtroom |
|---|---|
| | Date and Time: 05/17/2022 2:30 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

From November 1, 2021 to the present, all drafts, revisions, comments, and final versions of Tweets, Facebook entries, or public statements regarding: (1) requests for voter data; (2) the possibility that a group has committed a crime with respect to its accessing or using voter data; or (3) VRF, or Local Labs.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/27/2022

CLERK OF COURT                    OR    _/s/ Carter Harrison IV_

_____          _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Voter Reference Foundation, LLC, who issues or requests this subpoena, are:

Carter B. Harrison, IV; 924 Park Ave SW, Suite E Albuquerque, NM 87102; carter@harrisonhartlaw.com; (505) 295-3261

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-00222-JB-KK

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



## Presidential Advisory Commission on Election Integrity

June 28, 2017

The Honorable Maggie Toulouse Oliver
Secretary of State
325 Don Gaspar, Suite 300
Santa Fe, NM 87501

Dear Secretary Oliver,

I serve as the Vice Chair for the Presidential Advisory Commission on Election Integrity ("Commission"), which was formed pursuant to Executive Order 13799 of May 11, 2017. The Commission is charged with studying the registration and voting processes used in federal elections and submitting a report to the President of the United States that identifies laws, rules, policies, activities, strategies, and practices that enhance or undermine the American people's confidence in the integrity of federal elections processes.

As the Commission begins it work, I invite you to contribute your views and recommendations throughout this process. In particular:

1. What changes, if any, to federal election laws would you recommend to enhance the integrity of federal elections?
2. How can the Commission support state and local election administrators with regard to information technology security and vulnerabilities?
3. What laws, policies, or other issues hinder your ability to ensure the integrity of elections you administer?
4. What evidence or information do you have regarding instances of voter fraud or registration fraud in your state?
5. What convictions for election-related crimes have occurred in your state since the November 2000 federal election?
6. What recommendations do you have for preventing voter intimidation or disenfranchisement?
7. What other issues do you believe the Commission should consider?

In addition, in order for the Commission to fully analyze vulnerabilities and issues related to voter registration and voting, I am requesting that you provide to the Commission the publicly-available voter roll data for New Mexico, including, if publicly available under the laws of your state, the full first and last names of all registrants, middle names or initials if available, addresses, dates of birth, political party (if recorded in your state), last four digits of social

security number if available, voter history (elections voted in) from 2006 onward, active/inactive status, cancelled status, information regarding any felony convictions, information regarding voter registration in another state, information regarding military status, and overseas citizen information.

You may submit your responses electronically to ElectionIntegrityStaff@ovp.eop.gov or by utilizing the Safe Access File Exchange ("SAFE"), which is a secure FTP site the federal government uses for transferring large data files. You can access the SAFE site at https://safe.amrdec.army.mil/safe/Welcome.aspx. We would appreciate a response by July 14, 2017. Please be aware that any documents that are submitted to the full Commission will also be made available to the public. If you have any questions, please contact Commission staff at the same email address.

On behalf of my fellow commissioners, I also want to acknowledge your important leadership role in administering the elections within your state and the importance of state-level authority in our federalist system. It is crucial for the Commission to consider your input as it collects data and identifies areas of opportunity to increase the integrity of our election systems.

I look forward to hearing from you and working with you in the months ahead.

Sincerely,

*[signature: Kris Kobach]*

Kris W. Kobach
Vice Chair
Presidential Advisory Commission on Election Integrity



## Presidential Advisory Commission on Election Integrity

July 26, 2017

Office of the Secretary of State of New Mexico
The Honorable Maggie Toulouse Oliver, Secretary of State
325 Don Gaspar, Suite 300
Santa Fe, NM 87501

Dear Secretary Oliver,

In my capacity as Vice Chair of the Presidential Advisory Commission on Election Integrity, I wrote to you on June 28, 2017, to request publicly available voter registration records. On July 10, 2017, the Commission staff requested that you delay submitting any records until the U.S. District Court for the District of Columbia ruled on a motion from the Electronic Privacy Information Center that sought to prevent the Commission from receiving the records. On July 24, 2017, the court denied that motion. In light of that decision in the Commission's favor, I write to renew the June 28 request, as well as to answer questions some States raised about the request's scope and the Commission's intent regarding its use of the registration records. I appreciate the cooperation of chief election officials from more than 30 States who have already responded to the June 28 request and either agreed to provide these publicly available records, or are currently evaluating what specific records they may provide in accordance with their State laws.

Like you, I serve as the chief election official of my State. And like you, ensuring the privacy and security of any non-public voter information is a high priority. My June 28 letter only requested information that is already available to the public under the laws of your State, which is information that States regularly provide to political candidates, journalists, and other interested members of the public. As you know, federal law requires the States to maintain certain voter registration information and make it available to the public pursuant to the National Voter Registration Act (NVRA) and the Help America Vote Act (HAVA). The Commission recognizes that State laws differ regarding what specific voter registration information is publicly available.

I want to assure you that the Commission will not publicly release any personally identifiable information regarding any individual voter or any group of voters from the voter registration records you submit. Individuals' voter registration records will be kept confidential and secure throughout the duration of the Commission's existence. Once the Commission's analysis is

OFFICE OF SECRETARY OF STATE
JUL 26 2017
RECEIVED

complete, the Commission will dispose of the data as permitted by federal law. The only information that will be made public are statistical conclusions drawn from the data, other general observations that may be drawn from the data, and any correspondence that you may send to the Commission in response to the narrative questions enumerated in the June 28 letter. Let me be clear, the Commission will not release any personally identifiable information from voter registration records to the public.

In addition, to address issues raised in recent litigation regarding the data transfer portal, the Commission is offering a new tool for you to transmit data directly to the White House computer system. To securely submit your State's data, please have a member of your staff contact Ron Williams on the Commission's staff at ElectionIntegrityStaff@ovp.eop.gov and provide his or her contact information. Commission staff will then reach out to your point of contact to provide detailed instructions for submitting the data securely.

The Commission will approach all of its work without preconceived conclusions or prejudgments. The Members of this bipartisan Commission are interested in gathering facts and going where those facts lead. We take seriously the Commissions' mission pursuant to Executive Order 13799 to identify those laws, rules, policies, activities, strategies, and practices that either enhance or undermine the integrity of elections processes. I look forward to working with you in the months ahead to advance those objectives.

Sincerely,

*Kris Kobach*

Kris W. Kobach
Vice Chair
Presidential Advisory Commission on Election Integrity

# EXHIBIT C

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

## UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | | |
|---|---|---|
| VOTER REFERENCE FOUNDATION, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:22-cv-00222-JB-KK |
| HECTOR BALDERAS, et al. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Mandy Vigil

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Pete V. Domenici United States Courthouse<br>333 Lomas Blvd NW<br>Albuquerque, NM 87102 | Courtroom No.: 460 Vermijo Courtroom |
|---|---|
| | Date and Time: 05/17/2022 2:30 pm |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: See attachment.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/27/2022

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Voter Reference Foundation, LLC, who issues or requests this subpoena, are:

Carter B. Harrison, IV; 924 Park Ave SW, Suite E Albuquerque, NM 87102; carter@harrisonhartlaw.com; (505) 295-3261

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 1:22-cv-00222-JB-KK

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT TO SUBPOENA

You must also bring with you the following documents, electronically stored information, or objects:

1. Any criminal referral made by the New Mexico Secretary of State, from March 1, 2021, to the present, referencing the Voter Reference Foundation or Local Labs.
2. Any documents reflecting or referencing a communication between an officer or employee of the office of the New Mexico Secretary of State, and between the Office of the Attorney General, about the progress of any criminal investigation opened by the Attorney General into Voter Reference Foundation or Local Labs.
3. Any criminal referral made by the New Mexico Secretary of State, from January 1, 2020, to the present, regarding a potential violation of N.M.S.A. § 1-4-5.6 or the New Mexico Voter System Reference Act.
4. Any documents reflecting or referencing a communication between any officer or employee of the office of the New Mexico Secretary of State, and between the Office of the Attorney General, about the progress of any criminal investigation opened by the Attorney General into the subject of any referral from the New Mexico Secretary of State, from January 1, 2020, to the present, regarding a potential violation of N.M.S.A. § 1-4-5.6 or the New Mexico Voter System Reference Act.
5. A record sufficient to show, for each request for New Mexico voter data made in 2021 or 2022, the Date of Request, Requestor, Organization Requesting, Information Requested, Number of Records, Total Cost for Records, Date Requestor Notified, Date Payment Received, Date of Issue, and Method of Delivery ("Voter Request Processing Table").
6. Every version of the form for requesting voter information, variously known as the Voter Data Request Form, or Voter Information Authorization (singly or collectively, the "Request Form"), that the Secretary of State's office has used or promulgated in 2020, 2021, and 2022.
7. With respect to the Request Form, all records referencing or relating to drafts, or actual or potential edits or revisions between January 1, 2020 and today's date.
8. All records relating to the "Secretary of State's investigation" to which the Secretary of State refers on Dkt. 13, page 7, in the case of *VRF, et al. v. Balderas, et al.*, Case No. 1:22-cv-00022-JB-KK, in the U.S. Dist. Court of the District of New Mexico.
9. All records relating to, referencing, retrieving, forwarding, or commenting on the documents shown as Exhibits 1, 2, 3, or 4 to the Secretary's Response in Opposition to the Motion for Preliminary Injunction, Dkt. 13 in the case of *VRF, et al. v. Balderas, et al.*, Case No. 1:22-cv-00022-JB-KK, in the U.S. Dist. Court of the District of New Mexico. This request excludes and does not request any communications between the Secretary of State's office and its litigation counsel.
10. All records that consist of, relate to, or reference a communication between any officer or employee of the Secretary of State and any member of the media, including but not limited to any reporter for ProPublica, regarding VRF, Local Labs, or the case of *VRF, et al. v. Balderas, et al.*, Case No. 1:22-cv-00022-JB-KK, in the U.S. Dist. Court of the District of New Mexico.
11. All records reflecting a draft, revision, edit, or comment relating to the Secretary's public statement on June 30, 2017, which included the comment, "I will not release any other

      voter information like names, addresses or voting history unless and until I am convinced the information will not be used for nefarious or unlawful purposes, and only if I am provided a clear plan for how it will be secured."
12. All records reflecting a draft, revision, edit, or comment relating to the Secretary's public statements, including but not limited to her statement to ProPublica, regarding VRF or Local Labs.
13. All records reflecting any inquiry or investigation in 2021 or 2022 into the propriety or lawfulness of the request, the ultimate end user of the data requested, or the purpose for which the data would be used, with respect to requests made by any of the following organizations: Provest, LLC; Catalist; L2 Inc.; Target Smart Communications; i360; Data Targeting; Aristotle International; or Veterans.