## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**VOTER REFERENCE FOUNDATION, LLC,**

**and**

**HOLLY STEINBERG,**

       **Plaintiffs,**

**v.**                                 **Case No: 1:22-cv-00222-JB-KK**

**HECTOR BALDERAS, in his official capacity as**
**New Mexico Attorney General,**

**and**

**MAGGIE TOULOUSE OLIVER, in her**
**official capacity as Secretary of State of New Mexico,**

       **Defendants.**

### <u>SECOND EMERGENCY</u>
### MOTION TO QUASH SUBPOENAS

COMES NOW Defendant the New Mexico Secretary of State Maggie Toulouse Oliver ("Secretary of State"), by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(b)(1), (d)(3)(A)(i), and (d)(3)(A)(iv), hereby moves this Court to quash the subpoenas served upon Deputy Secretary of State Sharon Pino and Director of Communications

Alex Curtas by Plaintiff Voter Reference Foundation, LLC ("VRF") on May 10, 2022 and attached as Exhibit A ("Subpoenas"). This motion is presumed[1] opposed.

In support of this motion, the Secretary of State states as follows:

1.      Rule 45(d)(3)(A)(i) requires a court to "quash or modify a subpoena that [ ] fails to allow a reasonable time to comply[.]" The Subpoenas here at issue were served only seven calendar days from the date of compliance. "Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B)." *In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, 2010 WL 2219343, at * 5 (E.D.N.Y. Feb. 5, 2010). "In fact, one of the reasons that Rule 45(c)(1)(A) was amended in 1991 was to lengthen the time to object from ten days to fourteen." *Ibid.* (citing Fed.R.Civ.P. 45 advisory committee's note).

2.      A number of courts have held that seven calendar days between service and time for compliance is *not* reasonable. *See United States v. Woods*, 931 F.Supp. 433, 442 n. 3 (E.D.Va. 1996) (subpoenas served seven days before a hearing did not provide reasonable time to comply); *Memorial Hospice, Inc. v. Norris*, 2008 WL 4844758, at * 1 (N.D. Mass. Nov. 5, 2008) (8 days' notice of deposition not reasonable); *Brown v. Hendler*, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (holding that nine days was not a reasonable time to comply with a deposition subpoena). As of the time of this motion, VRF has subpoenaed a total of five Secretary of State employees to testify in person at next week's hearing, even though VRF did not subpoena any witnesses for the originally scheduled date of the hearing in April. Plaintiffs requested expedited consideration of

---

[1] Undersigned counsel requested Plaintiffs' position on this motion by email on May 9, 2022, when Plaintiffs' counsel inquired whether undersigned counsel would accept service by email. As of the time of filing, Plaintiffs' counsel has not yet responded.

their motion for preliminary injunction on March 28, 2022 and, presumably, were ready to proceed at that time. Respectfully, at this point, VRF has converted the hearing into a fishing expedition. Defendants have not challenged VRF's first two subpoenas—that of Elections Director Mandy Vigil and Compliance Officer Lauren Hutchinson—even though neither subpoena was served with the requisite fees, *see supra.* However, adding two additional employees a week before the hearing is abusive and does not allow Defendants sufficient time to prepare. Allowing these excessive subpoenas to stand would convert the hearing into trial by ambush. The Secretary of State respectfully requests that the Subpoenas be quashed.

3.      Further, under Rule 45(b)(1), "if a subpoena requires [a] person's attendance, [serving the subpoena requires] tendering the fees for 1 day's attendance and the mileage allowed by law." VRF has failed to comply with this requirement for all 5 subpoenas it has served so far, including the two Subpoenas here at issue.  While undersigned counsel agreed to accept service by email, *see* Exhibit B, the tendering of fees for attendance and mileage were never discussed, let alone waived. As such, the Subpoenas have not been served properly and should be quashed. *See CF &I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983) (in affirming the district court's order granting motion to quash subpoena for improper service, stating that "the plain meaning of Rule 45 . . . requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena."); *see also In re Denis*, 330 F.3d 696, 705 (5th Cir. 2003) ("[W]hen the subpoenaing party makes no attempt to calculate and tender at least a reasonable estimated mileage allowance, he plainly violates [R]ule 45(b)(1) and . . . a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered

no mileage allowance whatsoever with the subpoena."); *Tribulak v. Minirth-Meier-Rice Clinic*, 111 F.3d 135

4.      Lastly, under Rule 45(d)(3)(A)(iv), a subpoena must be quashed if it "subjects a person to undue burden." As argued with respect to the subpoena served on the Secretary of State, in effect, the Subpoenas are VRF's attempt to obtain early discovery. "[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." 26(d)(1). Defendants have not stipulated to early discovery, Plaintiffs have not sought, nor has this Court issued, an order permitting early discovery, and no rule authorizes early discovery in this case. Therefore, the Subpoenas should be quashed.

5.      Also as argued in the first motion to quash, had VRF complied with Rule 26(d)(1) and moved for early discovery, it would likely not have been allowed to depose Deputy Secretary of State Pino. The same result should follow here, where VRF has circumvented the discovery rules.

6.      As the Deputy Secretary of State, Ms. Pino is covered under the apex doctrine, which prevents parties from compelling the live testimony of high ranking government officials. "[T]his rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses," and that "without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Bogan v. City of Boston*, 489 F.3d 417, 423-24 (1st Cir. 1993) (internal quotations and citation omitted). "There is a public policy interest in ensuring that high level government officials are permitted to perform their official tasks without disruption or diversion. *Buono v. City of Newark*, 249 F.R.D. 469, n. 2 (D.

N.J. Feb. 26, 2008). As such, "exceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991).

7.      In this Court, the apex doctrine has been applied "to protect high level [officials] from the burdens and distractions of giving an oral deposition because (1) the executive has no personal knowledge of the issues in dispute, (2) the information sought from the executive can be obtained from another witness, (3) the information sought can be obtained through an alternative discovery method or (4) sitting for the deposition is a severe hardship for the executive in light of his or her obligations to the [entity]." *El Pinto Foods, LLC v. Ocean Spray Cranberries, Inc.*, 2014 WL 11515031, at * 1 (D.N.M. Apr. 21, 2014).

8.      Upon information and belief, VRF wishes to question Deputy Secretary Pino regarding the referral she made to the Attorney General's Office requesting investigation into VRF's act of posting the voter data of each and every New Mexico voter on its website. Also upon information and belief, VRF already has all documents relevant to that referral, and further Defendants will provide these documents in response to the subpoenas VRF has served on Elections Director Vigil and Compliance Officer Hutchinson. Under Federal Rule of Evidence 801(2)(A), Ms. Pino's written statements are not hearsay and, therefore, are admissible at the hearing because they are statements "offered against an opposing party and . . . made by the party in as individual or representative capacity[.]" Therefore, with respect to such statements, "the information sought [has already been] obtained through an alternative [source.]" Further, these statements speak for themselves, and questioning the Deputy Secretary about them would have little, if any, evidentiary value, suggesting that the real motive for seeking her testimony is to

subject her to political harassment and abuse. *See Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (stating that "such discovery creates a tremendous potential for abuse or harassment").

9.       To the extent VRF wishes to question Deputy Secretary Pino regarding voter data requests generally or a specific voter data request, Deputy Secretary Pino would have no personal knowledge about these issues, and such information can be obtained from the testimony of Elections Director Vigil. *See Elvig v. Nintendo of America, Inc.*, 2009 WL 2399930 (D. Colo. July 31, 2009) ("[W]here a party seeks to depose a high level executive typically removed from the daily subjects of the matter in litigation, the party seeking discovery must first demonstrate that the proposed deponent has 'unique personal knowledge' of the matters in issue.").

10.       Most importantly, requiring Deputy Secretary Pino to testify at the hearing would constitute "a severe hardship for the executive in light of . . . her obligations to the [Office of the Secretary of State]." *Ocean Spray*, 2014 WL 11515031, at * 1. For the 2022 primary election, in-person early voting in New Mexico began on May 10. *See* NMSA 1978, § 1-6-5.7(A).  As the Deputy Secretary of State, Ms. Pino is the principal employee overseeing the statutory obligations of the Office. As articulated in the Secretary of State's motion to quash, the wildfires consuming our state demand the leadership, guidance, and the time of the Deputy Secretary. Ms. Pino is the employee tasked with ensuring the directives of the Secretary are carried out in a timely fashion. This duty is essential now as in-person has already began while several counties are preparing to evacuate their residents. As such, it is a severe hardship for the State not to have its Chief Deputy available to ensure all affected counties have the support and resources necessary to comply with the Election Code during this unprecedented time. On top of these present demands are the

financial realties facing the Office as numerous end of fiscal year deadlines must be managed and overseen between now and July 1, to ensure the Office is fully funded and operational. These are the responsibilities of the Deputy Secretary of State.

11.     For the foregoing reasons, the Secretary of State respectfully requests that the Court quash the Subpoenas commanding for Deputy Secretary of State Pino and Communications Director Curtas to testify at the May 17, 2022 under Rule 45(b)(1) and (d)(3)(A)(i) and (iv).

Respectfully submitted,

By: *Olga Serafimova*
Olga M. Serafimova
Senior Civil Counsel
P.O. Drawer 1508
Santa Fe, NM 87501-1508
(505) 490-4060 (505)
        490-4046
oserafimova@nmag.gov

*Counsel for Defendants*
*Attorney General Hector Balderas and*
*Secretary of State Maggie Toulouse Oliver*

## CERTIFICATE OF SERVICE

I certify that on May 11, 2022, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ *Olga Serafimova*
Olga Serafimova

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# EXHIBIT A

## UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| _____ | ) |
| *Defendant* | ) |

### SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

     **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | Courtroom No.: |
|---|---|
| | Date and Time: |

     You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:




     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

       *CLERK OF COURT*

                              OR

_____    _____
   *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | )    Civil Action No. |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

　　**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | Courtroom No.: |
|---|---|
| | Date and Time: |

　　You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action  (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Office: (816) 256-3181 | Direct: (816) 256-4144**



EXHIBIT B

www.gravesgarrett.com
1100 Main Street, Suite 2700
Kansas City, MO 64105

This electronic message is from a law firm. It may contain confidential or privileged information. If you
received this transmission in error, please reply to the sender to advise of the error and delete this
transmission and any attachments. IRS Circular 230 Disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including
any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any
transaction or matter addressed herein.

---

**From:** Serafimova, Olga <oserafimova@nmag.gov>
**Sent:** Wednesday, April 06, 2022 10:34 AM
**To:** Carter B. Harrison IV <carter@harrisonhartlaw.com>; Greim, Edward D. <EDGreim@gravesgarrett.com>
**Subject:** 22-cv-222 motion to reschedule hearing

Good morning Mr. Carter and Mr. Griem,

[Quoted text hidden]

---

**Serafimova, Olga** <oserafimova@nmag.gov>                    Mon, May 9, 2022 at 1:22 PM
To: "Greim, Edward D." <EDGreim@gravesgarrett.com>
Cc: "Carter B. Harrison IV" <carter@harrisonhartlaw.com>, "Mueller, Matthew" <mmueller@gravesgarrett.com>

Good afternoon Eddie,
We've considered your offer to withdraw the subpoena served on SOS in exchange for having the Deputy SOS and PIO
appear as witnesses at next week's hearing. We appreciate your willingness to work with us to try to find a mutually
agreeable resolution. At this point, however, we've decided to await the court's decision on the motion to quash.
Thank you,
Olga.

[Quoted text hidden]

---

**Greim, Edward D.** <EDGreim@gravesgarrett.com>                Mon, May 9, 2022 at 1:51 PM
To: "Serafimova, Olga" <oserafimova@nmag.gov>
Cc: "Carter B. Harrison IV" <carter@harrisonhartlaw.com>, "Mueller, Matthew" <mmueller@gravesgarrett.com>

Olga, thank you. We will be filing an opposition, then, in the morning, and will so notify the court.

Would you accept subpoenas for the Deputy SOS and PIO via email?

Eddie

**From:** Serafimova, Olga <oserafimova@nmag.gov>
**Sent:** Monday, May 09, 2022 2:22 PM
**To:** Greim, Edward D. <EDGreim@gravesgarrett.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Serafimova, Olga** <oserafimova@nmag.gov>                    Mon, May 9, 2022 at 2:03 PM
To: "Greim, Edward D." <EDGreim@gravesgarrett.com>
Cc: "Carter B. Harrison IV" <carter@harrisonhartlaw.com>, "Mueller, Matthew" <mmueller@gravesgarrett.com>

Yes, I'll accept service by email.
Please give me your position on a motion to quash these two subpoenas.
Thanks,
Olga.

[Quoted text hidden]

---

**Greim, Edward D.** <EDGreim@gravesgarrett.com>                    Mon, May 9, 2022 at 2:07 PM
To: "Serafimova, Olga" <oserafimova@nmag.gov>
Cc: "Carter B. Harrison IV" <carter@harrisonhartlaw.com>, "Mueller, Matthew" <mmueller@gravesgarrett.com>

Olga, what will be the basis of the motion to quash? Surely not apex doctrine—is it something else? Each individual was
intimately involved with the SOS's action, and I suspect we will see that from the records that are produced.

[Quoted text hidden]

---

**Serafimova, Olga** <oserafimova@nmag.gov>                    Mon, May 9, 2022 at 2:14 PM
To: "Greim, Edward D." <EDGreim@gravesgarrett.com>
Cc: "Carter B. Harrison IV" <carter@harrisonhartlaw.com>, "Mueller, Matthew" <mmueller@gravesgarrett.com>

As the Deputy SOS, Ms. Pino is covered under the apex doctrine. Also, given that the hearing is in one week, we simply
don't have enough time to prepare. The hearing really should not be a substitute for early discovery.
We may end up not opposing the PIO's subpoena, but given how little time we have, I would still like to have your
position.
Thanks,
Olga.

[Quoted text hidden]