IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **VOTER REFERENCE FOUNDATION, LLC** and **HOLLY STEINBERG** | ) ) ) CASE NO: 1:22-cv-00222-JB-KK |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| **HECTOR BALDERAS**, in his official capacity as New Mexico Attorney General, and **MAGGIE TOULOUSE OLIVER,** in her Official capacity as New Mexico Secretary of State, | ) ) ) ) ) ) ) **JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN** |
| Defendants. | ) |

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held August 25, 2022 at 10:15 AM (MST) via telephone and was attended by: Edward Greim for Plaintiffs and Olga Serafimova for Defendants.

**NATURE OF THE CASE**

This case presents Plaintiffs' request for injunctive and declaratory relief to allow them to access, and share online, data that shows who voted in recent elections, the voter's registered address, and other data that is part of the voter registration files but that may be released to requesters pursuant to New Mexico law. Defendants respond that Plaintiffs seek to upload on VRF's website New Mexico "voter data," as that term is defined under NMSA 1978 § 1-4-5.5, which is in violation of NMSA 1978, § 1-4-5.6, and that both statutes are constitutional.

**AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

Plaintiff intends to file an Amended Complaint for Declaratory and Injunctive Relief.

Plaintiff should be allowed until October 7, 2022 to amend the pleadings. Defendant consents to Plaintiff's amendment but reserves all rights to file a responsive motion to dismiss under Rule 12. Plaintiff does not intend to join additional parties.

Defendant does not intend to file an amended pleading or to join additional parties.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts: the facts set forth in the Stipulations filed by the parties as Doc. 32 and Doc. 33.

The parties further stipulate and agree that the law governing this case is federal law and New Mexico law.

## PLAINTIFF'S CONTENTIONS:

Plaintiff VRF contends that the Defendants have violated its First and Fourteenth Amendment rights. Plaintiff received and posted publicly available voter data on the Internet for election-related purposes. The data consists of lists of who has voted in specific elections, along with certain non-sensitive data—such as a registered voter's address and year of birth—that the Defendant Secretary releases to requesters who promise to use the data for election-related and other purposes. The data does not indicate how a voter voted, or include sensitive data such as Social Security numbers. When Plaintiff engaged in speech by sharing this data online, Defendants claimed that Plaintiffs' speech—the online sharing—was a criminal act under New Mexico law. Defendants have injured Plaintiff and chilled its speech by publicly claiming Plaintiff's action was illegal and making a criminal referral, threatening to prosecute Plaintiff for

a state election-law crime, and refusing to provide access to election records that must be produced as a matter of law and under the National Voting Rights Act. Plaintiff argues that these actions violate the United States Constitution on the grounds that Defendants' restrictions are overbroad; content or viewpoint-based restrictions on speech; vague; and retaliatory. Plaintiff will also plead and argue that the denial of access violates the National Voting Rights Act. Plaintiff seeks declaratory and injunctive relief that the Defendant Secretary may not refuse Plaintiff access to the publicly available voter data, and that the Defendants may not take any actions to enforce their restriction on online posting against the Plaintiff.

## **DEFENDANT'S CONTENTIONS**

Defendants contend that Plaintiff VRF has uploaded on its website New Mexico "voter data," as that term is defined under § 1-4-5.5, and that doing so is a violation of § 1-4-5.6. Defendants further contend that neither Section 1-4-5.5 nor Section 1-4-5.6, as interpreted by Defendants, violates the United States Constitution. Defendants additionally contend that injunctive relief to the effect of, "Defendants may not take any actions to enforce their restriction on online posting against the Plaintiff," *see supra*, is unavailable, because (i) Defendant Maggie Toulouse Oliver, in her official capacity as New Mexico Secretary of State, does not have any prosecutorial powers, and (ii) Plaintiffs do not allege that Defendant Hector Balderas, in his official capacity as the New Mexico Attorney General—who does have prosecutorial powers— has violated Plaintiffs' federal rights. Defendants lastly contend that no First Amendment retaliation and no violation of the National Voting Rights Act have occurred.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

### A. Witnesses

Witnesses who are agents of Defendants, for whom contacts shall be "in care of counsel:"

1. Alex Curtas, Director of Communications, New Mexico Secretary of State
   Testimony: communications with Pro Publica, the media and public, or internal communications and the position of the Defendant Secretary regarding Plaintiff; Defendant's position on Plaintiff's acts; a criminal referral, and the allegations and responses in this case.
2. Sharon Pino, New Mexico Deputy Secretary of State
   Testimony: The Defendant Secretary's investigation of Plaintiff; the criminal referral; the basis for Defendant's allegations against Plaintiff; and the allegations and responses in this case.
3. Mandy Vigil, Director of Elections, New Mexico Secretary of State
   Testimony: The Defendant Secretary's investigation of Plaintiff; the criminal referral; and the basis for Defendant's allegations against Plaintiff; the Secretary's process and standards for making voter registration data available, and the allegations and responses in this case.
4. New Mexico Secretary of State Toulouse-Oliver
   Testimony: The Secretary's public statements about, and accusations regarding, Plaintiff, and the state's purported interests in denying Plaintiff access to the data and seeking to punish Plaintiff for publishing the data.
5. 30(b)(6) witnesses for the Attorney General; the Secretary of State
   Testimony: any gaps in the topics outlined above; the factual and legal basis for each Defendant's acts against the Plaintiff, including their public investigation and accusations, and threatened prosecution; the allegations and responses in this case.

Other witnesses:

6. The Otero County Clerk, whom Ms. Vigil testified spoke to her about changes to data request forms.
   Address: Unknown.
   Testimony: the forms used to request and provide voter data; changes to those forms; and the reasons for changes to those forms; a conversation with Mandy Vigil.

7. 30(b)(6) witnesses for commercial entities with whom the Secretary has shared voter data.
   Addresses: Unknown.
   Testimony: the entities' use of the data; any efforts by the Defendants to investigate them, ascertain the legality of their use; or enforce the Defendants' alleged restrictions on use of the data.

Witnesses who are agents of the Plaintiff, for whom contacts are to be "in care of counsel:"

8. Gina Swoboda, Executive Director, VRF
   Testimony: the factual basis for Plaintiff's allegations, as well as information about VRF's operations, including VoteRef.com, press releases, and the process for gathering voter records.
9. The VRF Executive Director prior to Ms. Swoboda, to be determined in discovery.
   Testimony: the factual basis for Plaintiff's allegations, as well as information about VRF's operations, including VoteRef.com, press releases, and the process for gathering voter records.
10. 30(b)(6) witness for VRF.
    Testimony: the factual basis for Plaintiff's allegations, as well as information about VRF's operations, including VoteRef.com, press releases, and the process for gathering voter records.

**B.     Documents which may be exhibits**

As of this time, all exhibits entered into evidence at the preliminary injunction hearing in this matter.

**C.     Testifying experts**

As of this time, none.

Discovery will be needed on the following subjects: Plaintiff VRF's practices, policies, and procedures in obtaining, uploading, and taking down voter data; Plaintiff VRF's intended use of voter data; Defendant SOS's' practices, policies, procedures, and restrictions regarding access to and use of voter data; Defendants' interactions with Plaintiff VRF and investigation of Plaintiff VRF or others relating to access to or use of the data; Defendant SOS's rationale for, and interests in, denying access and restricting use of voter data; the presence or absence of a retaliatory motive in Defendants' actions against Plaintiff VRF.

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 30 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from the proponent of the testimony by December 1, 2022.

    from a party rebutting previously disclosed testimony, by January 27, 2022.

Supplementation under Rule 26(e) due December 1, 2022, and as otherwise required by Rule 26(e).

All discovery commenced in time to be complete by February 14, 2023.

Other items: Initial disclosures shall be exchanged September 16, 2022.

## **PRETRIAL MOTIONS**

Plaintiff intends to potentially file a Rule 56 motion at the close of discovery.

Defendant intends to potentially file a motion under Rule 12 in response to the complaint or amended complaint, and under Rule 56 at the close of discovery.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 3 days.

  __X__ This is a non-jury case.

  ____ This is a jury case.

The parties request a pretrial conference in early March 2023.

## **SETTLEMENT**

The possibility of settlement in this case is considered unlikely.

## **EXCEPTIONS**

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

_s/Edward D. Greim_
For Plaintiff

_s/Olga Serafimova_
For Defendants