1              IN THE UNITED STATES DISTRICT COURT

2               FOR THE DISTRICT OF NEW MEXICO

3

4    VOTER REFERENCE FOUNDATION, et al.,

5         Plaintiff,

6         VS.                          NO. CV 22-00222 JB/KK

7    Hector Balderas, Attorney General
     for the State of New Mexico, et al.,

8
          Defendants.

9

10                     FINAL TRANSCRIPT

11
                       ZOOM HEARING

12

13        Transcript of Motion for Proceedings before
     The Honorable James O. Browning, United States

14   District Judge, Albuquerque, Bernalillo County,
     New Mexico, commencing on August 31, 2022.

15

16   For the Plaintiff:  Mr. Eddie Greim; Mr. Carter
     Harrison

17
     For the Defendant:  Ms. Olga Serafimova; Mr. Dylan

18   Lange

19

20

21           Jennifer Bean, FAPR, RDR, RMR, CCR
                United States Court Reporter

22             Certified Realtime Reporter
                  333 Lomas, Northwest

23             Albuquerque, NM  87102
                Phone:  (505) 348-2283

24                Fax:  (505) 843-9492

25

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1             THE COURT:  All right.  Good morning

2   everyone.  I appreciate everybody making themselves

3   available to me this morning.

4             The Court will call Voter Reference

5   Foundation, LLC, et al., versus Hector Balderas,

6   et al., Civil Matter Number 22-0222 JB/KK.

7             If counsel will enter their appearances for

8   the plaintiffs.

9             MR. GREIM:  Your Honor, this is Eddie Greim

10  for the plaintiffs.  And I'll let Mr. Harrison

11  introduce himself.

12            MR. HARRISON:  Yes, Your Honor.  Carter

13  Harrison for the plaintiff as well.

14            THE COURT:  All right.  Mr. Greim, good

15  morning to you.  And Mr. Harrison, good morning to

16  you.

17            And for the defendants.

18            MS. SERAFIMOVA:  Good morning, Your Honor.

19  Olga Serafimova for the defendant.

20            THE COURT:  All right.  Ms. Serafimova,

21  good morning to you.

22            Well, we've got a couple of things here, I

23  guess it might make sense to take up the motion for

24  stay first.  But if y'all want to do the ISC first,

25  that's fine as well.  But why don't we take up --

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   unless somebody has a different thought -- let's take
 2   up the motion to stay.
 3            Ms. Serafimova, if you wish to speak in
 4   support of your motion.
 5            MS. SERAFIMOVA:  Certainly, Your Honor.
 6   Thank you.
 7            So, as the Court is aware, we moved for a
 8   stay of the injunction that was granted, and the
 9   reasons are three.  First, the injunction enjoins the
10   Attorney General's Office --
11            (Zoom audio garbled.)
12            (A discussion was held off the record.)
13            MR. GREIM:  Your Honor, while she's doing
14   that.  Can you hear me okay?
15            THE COURT:  Yes.
16            MR. GREIM:  Okay.
17            THE COURT:  Go ahead, Ms. Serafimova.
18            MS. SERAFIMOVA:  Thank you.  I apologize.
19   I had tested my audio beforehand, but I guess there
20   is just some issue.
21            So thank you, Your Honor.  So going back to
22   the motion.  We believe, as the Court, of course, is
23   aware the standard for a stay is very similar to the
24   standard for granting a preliminary injunction.  And
25   we do believe that there is a very strong likelihood
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    that the injunction will be reversed on appeal for

2    three reasons.

3              The first being that the injunction enjoins

4    the Attorney General's Office from prosecuting Voter

5    Reference Foundation for violating the New Mexico

6    Election Code.  The Attorney General's Office, or the

7    Attorney General himself, have never been accused of

8    violating Voter Reference's rights or anybody else's

9    rights.  There has never been any evidence presented

10   that the Attorney General's Office has violated any

11   of the parties' rights.  And certainly there has been

12   no finding by the Court that the Attorney General has

13   so violated anyone's federal rights.  And therefore,

14   there is simply no basis to enjoin.

15             THE COURT:  Let me ask you this, because it

16   was something I thought of when I was putting the

17   order together:  Would the Attorney General just make

18   a representation that it will not prosecute -- I

19   guess, back when I was writing the opinion I wondered

20   if the Attorney General would just make a

21   representation to the Court that it wouldn't

22   prosecute during the pendency of the suit.  And I

23   guess now today, even a little more narrow, would it

24   agree to not prosecute during the pendency of the

25   appeal?  It seems to me if the Attorney General would

SANTA FE OFFICE                                                                    MAIN OFFICE
119 East Marcy, Suite 110                                                      201 Third NW, Suite 1630
Santa Fe, NM 87501                                                             Albuquerque, NM 87102
(505) 989-4949                                                                            (505) 843-9494
FAX (505) 843-9492                                                                  FAX (505) 843-9492
                                                                                      1-800-669-9492

BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE                                                    e-mail: info@litsupport.com

1   make that representation, I might agree with you that

2   the need for a injunction is unnecessary, and then

3   also the need for -- a stay might be appropriate if

4   there is no need for an injunction.  Is the Attorney

5   General interested in making that representation?

6           MS. SERAFIMOVA:  Well, Your Honor, we would

7   be -- I think we would consider making that

8   commitment if Voter Reference would, in exchange,

9   agree to take down the voter data from their website.

10          THE COURT:  I doubt Voter Reference is

11  going to make that deal.  So if they don't make that

12  deal, is the Attorney General unable or unwilling to

13  make the representation that it will not prosecute

14  during the pendency of either the case or the appeal?

15          MS. SERAFIMOVA:  Well, obviously, I -- you

16  know, that's a decision for my client that I cannot

17  make for them on the spot.  But at the same time the

18  question comes up:  Why would we agree to do that?

19  If we're not -- if there is no compromise on the

20  table, why would we agree?

21          We do believe, again, as explained in the

22  motion, we do believe that legally we're both

23  required to and entitled to prosecute anyone for

24  violating the New Mexico Election Code.  And it's our

25  position that the injunction preventing us from doing



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    that is, in fact, unlawful and it will be overturned

2    on appeal.

3          Maybe I'm misunderstanding the Court's

4    question.  I just don't understand why would we agree

5    to do that unless it's in exchange for Voter

6    Reference agreeing to take down the voter data.

7          THE COURT:  Well, I think that's what my

8    opinion said -- and I hope it did it artfully -- but

9    it was under some time constraints -- but that the

10   threat of prosecution here, the unwillingness of the

11   Attorney General to say it will not prosecute is the

12   prior restraint.  That's the thing that's hanging

13   over the plaintiff's work here is the threat of the

14   prosecution.  If the Attorney General says:  We won't

15   prosecute during the pendency of this case, or today,

16   during the appeal, then I think that takes a lot of

17   pressure off, and may eliminate need for the

18   injunction and certainly may help you get a stay.

19         MS. SERAFIMOVA:  But that would be a

20   meaningless stay, Your Honor.  You know, again,

21   perhaps I'm misunderstanding.  But first, it's my

22   reading of the opinion that it was the Secretary of

23   State act of publicizing the referral that was the

24   prior restraint.  And if the Court is now saying it's

25   something else, I believe that's an amendment of the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   opinion that's kind of happening in real time.

2            Further, I mean, a prior restraint has to

3   be a protected speech or there has to be a violation

4   of the First Amendment for there to be a prior

5   restraint claim.  The Attorney General's Office,

6   again, has never been even accused, let alone found

7   to have violated Voter Reference Foundation's First

8   Amendment rights.  I mean, there is no threat of

9   prosecution.

10            If I make a threat to kill the President,

11   there is always a threat of prosecuting me

12   subsequently.  But that's not a prior restraint

13   because there is no First Amendment violation.

14            Similarly here, the Attorney General's

15   Office has not violated anybody's right, including

16   Voter Reference.  And so the threat of prosecuting

17   them for violating the New Mexico Election Code is

18   simply not a First Amendment issue.

19            THE COURT:  All right.  What else,

20   Ms. Serafimova?

21            MS. SERAFIMOVA:  Well, I think that's the

22   major argument, Your Honor, that again, the Attorney

23   General's Office has not been found or even alleged

24   to have violated Voter Reference Foundation's rights;

25   therefore, they may not be enjoined by this Court.




SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

8

```
 1    There is simply no legal basis for an injunction
 2    against the Attorney General's Office.
 3            In the same vein, the injunction prohibits
 4    or enjoins the Secretary of State's office from
 5    prosecuting Voter Reference Foundation.  And it's
 6    uncontroverted, as the Secretary of State's office
 7    lacks any prosecutorial power, and therefore, that
 8    aspect of the injunction has no effect.  I mean, the
 9    Secretary of State's office has to have both the
10    statutory ability -- you know, they have to be found
11    to have violated the Voter Reference Foundation's
12    federal rights, which the Court has done, and also
13    they have to be able to comply or effectuate the
14    injunction, which in this case they may not, because
15    they are not a prosecutorial entity.  They have no
16    prosecutorial power, statutorily or constitutionally,
17    or otherwise.
18            On the other hand, the Attorney General's
19    Office has the reverse problem.  They do have
20    prosecutorial authority.  But they have not been
21    found to have violated Voter Reference Foundation's
22    federal rights, and therefore, they cannot be
23    enjoined.  And that's the major thrust of the motion.
24            Additionally, you know, the Court -- again,
25    going back to the prior restraint argument -- that
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492




BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   was a theory that no one had ever brought up, argued,

2   briefed, or presented to the Court.  And we provide

3   those citations in our motion.  That was

4   essentially -- and forgive me, Your Honor, but from

5   my perspective that was something that the Court for

6   the first time announced in its order.  We never had

7   an opportunity to address it, brief it, research it,

8   respond to it.  So that's a violation of due process.

9         And, you know, even though I have not found

10  a case exactly on point, we feel confident that

11  the -- that that aspect of the order will also be

12  reversed, because again, it is -- an injunction is

13  premised on a novel theory, which is a new

14  interpretation of what a prior restraint can be.  Not

15  only is it a novel substantive theory, but it's also

16  novel in the sense that the parties never addressed

17  it, never brought it up, never responded to it, never

18  saw it really, or heard of it prior to receiving the

19  order granting the injunction.

20        And the final ground for asking for a stay

21  and for believing that the injunction will be

22  reversed on appeal, is the fact that the order really

23  misunderstands, to the extent it's premised on the

24  request for data that was submitted in May -- and I

25  believe it was May 27th of this year by Voter

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   Reference Foundation to the Secretary of State's
 2   Office, and our denial of that request, meaning the
 3   Secretary of State's denial.  The request said -- and
 4   again, we are just relying on the language in the
 5   letter that Mr. Greim submitted -- the request said:
 6   Some information will be uploaded to the website, but
 7   voters' personal data or personal information will
 8   not be uploaded until we get an order by the Court.
 9            And, of course, they don't tell us what
10   they consider to be personal information.  And in any
11   event, the statute, 1-4-5.5 says -- I'm sorry, 5.6 --
12   says that it is unlawful to upload any voter data.
13   Not personal information of voters, not whatever
14   Voter Reference Foundation may think should be
15   confidential, but voter data.  And voter data is a
16   defined term, and it says, "Any information derived
17   from the registration, certificate."  And so
18   essentially in their letter, Mr. Greim let us know in
19   no uncertain terms that they intend to upload some
20   voter data as that term is defined under New Mexico
21   law.
22            And so we let them know that we cannot
23   provide the voter data because it would be a
24   violation of 5.6 for them to upload it.  And if we
25   know that they intend to do that, that's essentially
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    a conspiracy on our part.  So that was the basis of

2    our denial of their one and only request for voter

3    data in accordance with the New Mexico Election Code.

4           The Court found -- surprisingly found the

5    opposite and said, and held that we disbelieved Voter

6    Reference and what they were telling us, thereby

7    treating them differently from other data requesters

8    who promise to use it lawfully.

9           Well, quite the opposite happened.  We

10   absolutely believed, and we absolutely took them at

11   their word.  They said some voter data will be

12   uploaded, some will not.  But again, the statute says

13   voter data may not be, and you know, that has been

14   consistently our interpretation of 5.6.  So those are

15   the reasons why we believe that the order has a high

16   likelihood of being reversed on appeal, which is the

17   major factor in deciding this case.

18           Of course, the public interest, as you

19   know, we have received -- at least at the time that

20   we filed the motion we had received 20 complaints

21   from various individuals regarding uploading voter

22   data on the VRF -- on the VoteRef's website; 16 of

23   them came between July 26, when VRF reuploaded the

24   data, through the date that we filed the motion.  I'm

25   happy -- as you know, of course, we did redact them

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    to protect those individuals' privacy and safety.

2    I'm happy to provide an unredacted copy to the Court

3    under seal, or whatever form we can do it, so that,

4    again, their privacy and security is protected.

5              But, again, people are extremely concerned.

6    We are getting numerous complaints, that's the public

7    interests factor.  And another piece is that, you

8    know, for residents -- for registered voters who are

9    not part of the Stay At Home Program in April of last

10   year, but have since entered the program, or enter in

11   the future, their home addresses are now online.  And

12   they -- VRF does not provide -- or VoteRef.com does

13   not provide a path for someone to just request to be

14   taken down.  The only available option is for a

15   person to be part of the Stay At Home Program, and

16   then provide to VRF information that they are indeed

17   part of that program.  But under state law,

18   participants in the program are not required to

19   disclose their status.  In fact, that weakens the

20   protections that the program provides.

21             So, as you see from the citations that we

22   provided, under state law, only highly trained and

23   individuals who have gone through background checks

24   have access to that information on the state level.

25   But now VoteRev, and VRF essentially, is demanding

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    that participants in the program disclose to -- we

2    don't know whom on their end -- the fact that they're

3    in the program.  That person now has that knowledge.

4    They are responsible to take them down off the

5    website.  But there is no -- we don't know what kind

6    of security requirement they have, if any.  They

7    could be hacked at any point, for example.  And the

8    identities of these individuals could become public,

9    and so on.

10         And so this is simply not workable.  This

11   website is problematic on so many levels.  And we do

12   feel that the public interest factor does weigh

13   strongly in staying the injunction until, again, we

14   have a final decision on the law by the Court of

15   Appeals.

16         And I'm happy to answer any other questions

17   that the Court might have.

18         THE COURT:  Let's go back to that first

19   point about the merits.  Are you saying that there is

20   no prior restraint because there is no threat of

21   prosecution?

22         MS. SERAFIMOVA:  No, Your Honor.  I am

23   saying there is no prior restraint because the

24   Attorney General's Office -- first, the Attorney

25   General's Office interprets Section 5.6 the same way

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    that the Secretary of State Office interprets it.

2    And the Court has not held that that interpretation

3    isn't constitutional.

4              So the Attorney General's Office is

5    required by statute to fulfill its responsibilities

6    of prosecuting any suspected violations of the New

7    Mexico Election Code.  And that's what they're doing.

8    And the Court has never found -- and again -- I

9    mean -- and I've read the order, as I know all of us

10   have -- but the Court did not hold that the threat of

11   prosecution, first of all, is the issue.  The Court

12   said that it was the Secretary of State's Office act

13   of making that threat public; that if they had not

14   done that somehow, there would have been a different

15   outcome.

16             But setting that aside, the Attorney

17   General's Office -- again, if there is no First

18   Amendment violation, there cannot be a prior

19   restraint.  If there is no protected speech, there

20   cannot be a prior restraint.

21             THE COURT:  All right.  Anything else,

22   Ms. Serafimova?

23             MS. SERAFIMOVA:  No.  But again, Your

24   Honor, the Court has not found that our

25   interpretation of the statute is unconstitutional,

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   and therefore, there is no protected speech.
 2              THE COURT:  All right.  Thank you.
 3              MS. SERAFIMOVA:  Thank you.
 4              THE COURT:  All right.  Mr. Greim, you have
 5   a response to the motion for a stay?
 6              MR. GREIM:  Yes, we do, Your Honor.  And
 7   actually, I think our deadline for a written response
 8   was Friday.  But we were a little bit early.  I've
 9   got it right here, and I'm ready -- I'll just argue
10   it, and I'll do it pretty succinctly.  And I'll just
11   go through each of the three points.
12              On the first point -- I mean, I'm looking
13   directly at the order -- I think, Ms. Serafimova,
14   maybe there is an issue with the wording or
15   something.  But, you know, document 51, at page 207,
16   the Court clearly said, "Here, the combination of the
17   Secretary of State's criminal referral and the lack
18   of any indication that the Attorney General will not
19   prosecute Voter Reference for publishing the data
20   that it already has constitute an ongoing form of
21   viewpoint discrimination prior restraint, which the
22   First Amendment does not tolerate."  So the Court was
23   very clear, it's the combination.  And it mentions
24   both the Secretary of State and the Attorney General.
25              THE COURT:  Let me ask you this:  Are you
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1     comfortable with that wording?  Should it have been

2     only the threat of prosecution, the referral being

3     only how the threat was advertised, or how it became

4     public.  But is the actual prior restraint the threat

5     of prosecution, or do you think that that's worded

6     appropriately?

7            MR. GREIM:  Your Honor, we certainly think

8     it is.  I think what I would add to it is something

9     that we had actually not heard until just now, which

10    is the Attorney General now says that they are

11    required and entitled to prosecute.  And we didn't

12    actually hear that before.  What the Attorney General

13    told us in the prior hearings was that they had a

14    slightly different, you know, version of -- theory of

15    liability than it appeared that the secretary

16    initially articulated.  And now we're hearing that

17    they're on the same page.  And I mean, if the AG

18    believes that they are required and entitled to

19    prosecute, I don't know what more we need.

20           But I would go further, Your Honor.  You

21    know, Ex Parte Young, it's sort of the seminal case,

22    and people still cite it despite the fact that it's

23    100 years old.  It's sort of the Grand Daddy of 1983

24    litigation.  And Your Honor, that case -- I hate to

25    do this, but I've got to go to this -- that case

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    makes absolutely clear that you -- not only can you,

2    but you have to sue the Attorney General.  And this

3    is what the Court said.  This is -- the Minnesota

4    Attorney General was sued.  The Court said:  "It

5    would seem to be clear that the Attorney General,

6    under his power, existing at common law, and by

7    virtue of these various statutes, had a general duty

8    imposed upon him, which includes the right and the

9    power to enforce the statutes of the state,

10   including, of course, is the act in question, if it

11   were constitutional.  His power, by virtue of his

12   office sufficiently connected him with the duty of

13   enforcement to make him a proper party to a suit of

14   the nature of the one now before the United States

15   Circuit Court."

16          I mean, it's uncanny the similarity to the

17   language that Ms. Serafimova just used on behalf of

18   the Attorney General:  "Required and entitled to

19   prosecute."

20          So, Your Honor, I think we have the threat

21   of prosecution.  I think the wording is accurate.  I

22   think you also could have added that we have the

23   threat of prosecution.  But the other thing I'll say

24   is we have evidence of this.  I mean, you'll

25   recall -- and this would be in our written

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    response -- there was evidence that the New Mexico

2    Attorney General is shopping this to the FBI, and

3    they're trying to get the FBI involved as well.  The

4    Secretary of State of New Mexico is coordinating with

5    the California Attorney General, where we don't --

6    we're not even present yet.

7            And so New Mexico is absolutely sounding

8    the alarm bell.  And when you've got the chief law

9    enforcement of the state also working with the FBI

10   against you, I mean, that's all the threat you need.

11   And it's certainly there, Your Honor.  So that's our

12   response to point one.

13           THE COURT:  Let me ask a general question,

14   and then I'll come back and ask specific questions as

15   to what you just said.  But is there things that I

16   said that you do not think are defensible, or that

17   you do not want to defend that you think I got wrong?

18   Anything in the order that's going to be heading to

19   the Tenth Circuit that you wished I had done

20   differently or said differently or that you don't

21   want to defend?

22           MR. GREIM:  Your Honor, the only thing I

23   would say is that we believe that the violation is

24   broader than the Court has.  So it's not that we

25   don't want to defend it.  We wish we were defending

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1    even more.  But I think the Court probably already
 2    knows that we believe this is an overbreadth issue.
 3    But you've heard our arguments on that.  I won't
 4    repeat them.  And I'm sure, as the facts come in in
 5    this case, we'll continue to push that.  But we have
 6    no issue with the theory that you've got here.  And,
 7    you know, I think one thing we might do in the Tenth
 8    Circuit is say that there are multiple grounds on
 9    which this could have been justified.  That's usually
10    a prudent move when you're on appeal.  So we'll
11    probably do that.
12              But Your Honor, we wouldn't back away from
13    anything that the Court has found here.
14              THE COURT:  Do you think that the language
15    that you focused on about it being a combination, do
16    you think that is the correct, statement or should
17    the correct statement be that the referral itself is
18    not the prior restraint.  It's the threat of the
19    prosecution that's the prior restraint.  But because
20    of the unique circumstances of this case, we didn't
21    know about the threat of prosecution without the
22    publicity of the referral.  Let's just take that kind
23    of rewritten paragraph.  Is that a better paragraph
24    to defend than what I have written?  Or do you prefer
25    the paragraph that's written?
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          MR. GREIM:  Your Honor, I think -- I'm

2    sorry, I think Ms. Serafimova was going to say

3    something.

4          THE COURT:  I'll let you respond here in a

5    moment, but let me hear Mr. Greim's argument.  Go

6    ahead, Mr. Greim.

7          MR. GREIM:  Sure.  I mean, it really is

8    both.  This is a situation where the Secretary of

9    State testified or her agents testified that they

10   themselves don't investigate, but they do make

11   referrals.  And remember, the Secretary of State is

12   the gatekeeper who said, you know, who has said no

13   the second time, and has sounded the alarm and got

14   the Attorney General involved.

15         So what you get in these cases -- sometimes

16   it's very interesting -- you get a private citizen

17   making a complaint, and sort of acting in concert

18   with a public official.  That is the harder area of

19   Section 1983 law.

20         But where you've got one public official,

21   who is the regulator, basically broadcasting not only

22   to us, but to the world, that this is illegal, and

23   exerting political pressure and influence on the

24   Attorney General to do something about this, an

25   Attorney General, who otherwise maybe wouldn't have

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   even known about the issue.  I mean, it truly is a

2   combination --

3             (Ms. Serafimova tries to speak.  Zoom audio

4   garbled.)

5             MR. GREIM:  Your Honor, I was talking.  I

6   heard something else in the middle of it.

7             MS. SERAFIMOVA:  Your Honor, I need to make

8   an objection.

9             THE COURT:  No, Ms. Serafimova.  I can only

10  do one at a time.  I'll let you respond.  But you've

11  got to let Mr. Greim finish his argument.

12            Go ahead, Mr. Greim.

13            MR. GREIM:  Yes, I guess I was wrapping it

14  up, Your Honor.  I would say it truly is the

15  combination here.  And we've got ongoing violations,

16  which we'll get into more, that sort of happened at

17  the end of all this, with the denial of the request

18  that we made.  That's the third point.

19            And I think I better save that, because I

20  know Ms. Serafimova wants to answer my second point.

21            THE COURT:  Well, no, go ahead and finish

22  your argument, and then I'll let Ms. Serafimova have

23  the last word on her motion.  Go ahead, Mr. Greim.

24            MR. GREIM:  Sure.  So this request for

25  data, you know, is before the Court, the text of our

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    request was before the Court.  And you --

2           THE COURT:  Let me go back though and

3    finish up the point, because what I hear you saying

4    is you prefer the opinion that we have, you think it

5    is correct, rather than a rewritten paragraph.

6           MR. GREIM:  Yes, Your Honor, I mean, with

7    the asterisk that, of course, we believe an even

8    stronger ground, or the ground that occurs to us, at

9    least, is overbreadth.  But I mean, the Court knows

10   that.  But I think the way it's drafted now is

11   correct.

12          I mean, the only other thing I would add

13   is, frankly, based on this hearing today, I mean, I

14   think it only further supports the order, because the

15   Attorney General has now said something I'm not sure

16   we heard before, that the Attorney General believes

17   they're required and entitled to prosecute.  And, in

18   fact, they don't want to make a promise that they

19   won't do it while the appeal is going on or the case

20   is going on.  Well, that's why we're in federal

21   court, and that's why the Attorney General is here.

22          So I mean, it could not be clearer.  I

23   don't think anyone in their right mind would file a

24   lawsuit in this case and not name the Attorney

25   General.  It would be committing malpractice if we

SANTA FE OFFICE                                          MAIN OFFICE
119 East Marcy, Suite 110                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                   Albuquerque, NM 87102
(505) 989-4949                                              (505) 843-9494
FAX (505) 843-9492                                    FAX (505) 843-9492
                                                          1-800-669-9492

PROFESSIONAL COURT
REPORTING SERVICE                          e-mail: info@litsupport.com

```
 1   left the Attorney General out.  I mean, the threat of

 2   prosecution spurred by the Secretary of State's

 3   referral is coming from the Attorney General.

 4              THE COURT:  Ms. Serafimova made a point in

 5   her briefing, and I think she touched on it in her

 6   arguments, that you have to treat the two defendants

 7   as separate entities.  And the Secretary of State

 8   doesn't have any enforcement mechanisms or powers.

 9   Given the way that my opinion was limited in what

10   relief I gave, would it be better to take the

11   Secretary of State out of the order section, and just

12   have the Attorney General?

13              MR. GREIM:  Your Honor, I don't think so,

14   because what would concern us is the Secretary of

15   State -- you know, it sounds like we're hearing now

16   on the third point that we'll get to -- may believe

17   that even what we're doing now constitutes some sort

18   of a violation.  So we may have additional complaints

19   and attacks on us in the media, additional complaints

20   to the Attorney General.

21              So I mean, obviously, at this point, the

22   tip of the spear is the Attorney General.  That's who

23   the immediate threat comes from.  But the threat

24   originates from the Secretary of State.

25              So, Your Honor, I mean --
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1          THE COURT:  But is just the referral itself

2     a prior restraint?  If I have limited the injunctive

3     relief to prior restraint, would it be better to take

4     her out of the injunctive portion, and just have the

5     injunction against the Attorney General, given how

6     narrow the opinion is now?

7          MR. GREIM:  Right.  Your Honor, I don't

8     think I can say it would be, because, again -- I

9     would concede this:  The Secretary of State herself

10    can't prosecute us.  So if the Attorney General is

11    blocked, if that threat is gone, the Secretary of

12    State has no independent way to reach out and get us.

13    And she can keep denying requests for data, but

14    that's not a subject of the preliminary injunction.

15         And so I think I'd have to say, as opposed

16    to having neither of them, I would be fine with just

17    having the Attorney General.  But we believe it is

18    still appropriate to enjoin the Secretary of State

19    from doing things like preparing additional criminal

20    complaints that would then be referred to the

21    Attorney General.  And I think that's the area that

22    this covers.

23         So, you know, we are fine with it.  We'd be

24    protected from prosecution, that's for sure, if it

25    were only the Attorney General.  But we're not

SANTA FE OFFICE                                                          MAIN OFFICE
119 East Marcy, Suite 110                                      201 Third NW, Suite 1630
Santa Fe, NM 87501                                              Albuquerque, NM 87102
(505) 989-4949                                                              (505) 843-9494
FAX (505) 843-9492                                                  FAX (505) 843-9492
                                                                          1-800-669-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE                            e-mail: info@litsupport.com

1    protected from additional complaints being put

2    together by Ms. Pino, Mr. Curtas, Ms. Vigil, the

3    witnesses that we talked about before, saying these

4    are still appropriate.

5              THE COURT:  Well, I would be receptive

6    to -- of course, it would depend on the Attorney

7    General and the Secretary of State -- but I think

8    they might have an interest here, given the arguments

9    they made.  I would be receptive -- I don't think I

10   can touch the order now that it's gone up to the

11   Tenth Circuit, so I don't think I can touch it -- but

12   if y'all agreed, if you generated an order, amended

13   order, saying the Secretary of State is not enjoined

14   because she doesn't have prosecutorial powers, I'd be

15   receptive to signing that and amending it.  And I

16   think that would be a good thing going up on appeal.

17             So think about that.  That obviously would

18   take the concurrence of the Attorney General and the

19   Secretary of State.  But given the arguments they've

20   made, I think they might be receptive to taking the

21   Secretary of State out of the injunction portion.

22             All right.  What else do you have, Mr.

23   Greim?

24             MR. GREIM:  I'll go back to my last point

25   on the request for data.  And I just was going to

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    say, you might recall we questioned Ms. Vigil -- at

2    least Ms. Vigil, I can't remember who else now, at

3    our hearing -- because, if I recall correctly, the

4    written response from the Secretary of State to our

5    request for data was due a day or two after our

6    hearing, just by coincidence.

7         So I tried to ask:  What's going to be the

8    response here?  And, you know, in that testimony we

9    heard nothing about this parsing of personal

10   information versus voter data, and that being a

11   concern of the Office.

12        And then later, in our proposed findings

13   and our submissions we made to the Court afterwards,

14   this theory that somehow the real reason that we were

15   rejected was that we used the phrase personal

16   information, sort of threw them into a tizzy, and

17   they couldn't be sure anymore that we were really not

18   going to post voter data.

19        And Your Honor, I'll state for the record

20   here, to the extent it matters, you might recall that

21   there are two main activities that VRF is involved

22   in.  One of the activities is we have the data up

23   there for the crowd sourcing and for people to find

24   errors and contact the Secretary of State, and make

25   the voter rolls more accurate.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

 1          The other one, though, is we do our own

 2     analysis and we publish that analysis.  That

 3     analysis, though, doesn't have the personal data of

 4     any person -- of any voter.  It just says that, you

 5     know, there is 2,000 more people that voted that

 6     aren't on here, or vice versa.  And it shows that

 7     there are differences in the data that need an audit

 8     trail.  And there was a lot of testimony about that.

 9          So our point was that, look, none of the

10     data that shows the name of a voter, their personal

11     information, is going to be up there without an order

12     of the Court.  That's the simple thing.  I can't

13     believe that not everyone understood that.  But

14     regardless, the Secretary of State never tells you

15     what they think the differences are.  In fact, they

16     are now somehow reading the letter to suggest that

17     we're going to put voter data on the website.  But if

18     that's true, then I guess everybody who even talks

19     about the data, just from a numbers perspective, I

20     guess they're all violating the law as well.  And

21     that would be an even crazier interpretation of the

22     law.

23          But my point is, Your Honor, that this post

24     hac rationale that they're apparently going to use in

25     the Tenth Circuit for why they denied it should not

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

 1   be given any credit, was never raised before the

 2   Court, and it doesn't fit.

 3           The only other thing I'll say on this

 4   balance of equities, there are no new arguments

 5   coming from the Secretary of State.  They say they've

 6   gotten 20 complaints.  One thing we were going to

 7   point in our written response, several of those

 8   people aren't even from New Mexico.  They are people

 9   who read press reports about the decision.  At least

10   a few of those complaints are clearly motivated by

11   partisan ideology.  They call our client "a partisan

12   organization, that's Republican leaning," and that's

13   what makes them upset about it.  It's in the record,

14   you can read those.  That's why they're complaining.

15   Another person says:  We understand that this data is

16   being put on the internet to cause voter

17   intimidation.  And what are they citing?  Statements

18   they think they've heard from the Secretary of State

19   about this case.

20           So, to the extent the Secretary of State is

21   issuing more public statements like the ones we

22   pointed to at trial (sic), that vilify VRF and attack

23   the Court's decision, and try to enflame voters, now

24   those are being used to show that the public interest

25   is against the Court's decision, I just think it's

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    invalid, Your Honor.  I mean, if that were the basis

2    for a judicial decision or a Secretary of State

3    decision, that would itself be viewpoint

4    discrimination.  We can't listen to voters saying:

5    We don't want a Republican-leaning organization

6    having us on the internet, and say:  Well, there is a

7    public interest against having Republican-leaning

8    organizations having things on the internet, so,

9    yeah, we're going to take that into account on the

10   injunction.  That would be serious error.  But it's

11   an error that the Secretary of State now invites with

12   its response.

13          So I didn't mean to spend so long on that.

14   I know Ms. Serafimova did not spend a long time.

15          But the last thing I want to point out,

16   though -- this is really the last thing -- is about

17   this Safe At Home Program.  And VRF is accused of

18   making it really hard for people.  Well, we tell the

19   Secretary of State's Offices before we even put the

20   data up:  Please tell us -- go -- before you give it

21   to us, make sure that there is no one in your Safe At

22   Home Program on the list.  And if it turns out that

23   somebody is on the list, we scrub it off.  And, in

24   fact, that happened twice, right after the Court's

25   order came through.  Ms. Serafimova contacted us and

SANTA FE OFFICE                                                                              MAIN OFFICE
119 East Marcy, Suite 110                                                        201 Third NW, Suite 1630
Santa Fe, NM 87501                                                                Albuquerque, NM 87102
(505) 989-4949                                                                              (505) 843-9494
FAX (505) 843-9492                                                                   FAX (505) 843-9492
                                                                                            1-800-669-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE                                                    e-mail: info@litsupport.com

```
 1   said:  You know what, on the list that you guys got

 2   back in April of last year, there are actually a

 3   bunch of people on that list who are on the Safe At

 4   Home Program that shouldn't have been on the list.

 5   So they asked us to go in and purge our files as

 6   quickly as we could and take that off the internet,

 7   and we acted as fast as we could.  I think we did it

 8   on that very day.

 9                So to accuse us of not really respecting

10   the Safe At Home Program is belied by our conduct in

11   working with the Secretary of State's Office just one

12   month ago.  And we would have shown those

13   communications in our response, but I'll just orally

14   state them here.

15                Your Honor, that's all I have.  We

16   respectfully believe that the motion should be

17   denied.

18                THE COURT:  All right.  Thank you, Mr.

19   Greim.

20                Ms. Serafimova, if you wish to have the

21   last word on your motion, you may do so at this time.

22                MS. SERAFIMOVA:  Yes, Your Honor.  Thank

23   you.

24                So first of all, going back to the first

25   point, Ex Parte Young says that if there is an
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   unconstitutional statute that is enforced by the

2   Attorney General's Office, then the Attorney

3   General's Office is the proper party.  And this is

4   why I started -- and we say in the motion:  The Court

5   did not find that either 5.5 or 5.6 are

6   unconstitutional.  The Court, likewise, did not find

7   that our interpretation is in itself

8   unconstitutional, 5.6.

9           And contrary to what Mr. Greim suggested,

10  from the very beginning, the Secretary of State's

11  Office and the Attorney General's Office have been on

12  the same page with respect to their interpretation of

13  5.6.  And we have said that in every hearing.  And we

14  explained in one of the very first hearings that

15  nobody is prosecuting VRF under 5.5, because we don't

16  believe that they fall under that section, because

17  they never -- at least at the time filed an

18  affidavit.  But we interpret 5.6 as prohibiting the

19  uploading of voter data.  And that's where they're

20  believed to have violated the Election Code.  That

21  has never changed.  And any suggestion to the

22  contrary is simply not factually true.

23          Again, very important, the Attorney

24  General's Office cannot -- absolutely cannot enforce,

25  of course, an unconstitutional statute.  But that's

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   not the case here.  5.5 and 5.6, and our

2   interpretation of both of those sections, have not

3   been found to be unconstitutional.  So, yes, the

4   Attorney General's Office has the statutory mandate

5   to enforce New Mexico law, including the Election

6   Code.  And if we believe that a violation is

7   occurring -- "we" meaning the Attorney General's

8   Office -- yes, we are entitled and required to

9   prosecute.  But, again, unless there is either an

10  unconstitutional statute or some other violation by

11  the Attorney General's Office of plaintiff's rights,

12  the Attorney General's Office simply cannot be

13  enjoined from doing its job.  This is an issue of

14  comity, an issue of state rights.

15          The Attorney General's Office is an

16  independent entity under state law, under the New

17  Mexico Constitution and statutes.  It has no control

18  over the Secretary of State's Office, and vice versa.

19          And by the way, the suggestion that there

20  has been political pressure from the Secretary of

21  State's Office on the Attorney General's Office,

22  that's where I was trying to lodge an objection, that

23  is not in the evidence.  That is Mr. Greim's personal

24  opinion, and has no place in today's hearing or in

25  the record or in the Court's decision making process.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    That is simply not factual.  And there is no evidence

2    of any political pressure or any other, you know,

3    control by the Secretary of State over the Attorney

4    General's Office, or vice versa.

5            So again, threat of prosecution is only the

6    first step for prior restraint or for 1983 action.

7    The threat has to be something illegal, either to

8    enforce an unconstitutional statute, or to otherwise

9    violate the plaintiff's rights.  And there is no

10   allegation that the Attorney General's Office has

11   done that either.  There is no evidence, and there is

12   no finding to that effect.

13           So the fact that the Attorney General's

14   Office is collaborating with other law enforcement

15   entities, again, irrelevant, unless and until

16   plaintiff can establish that the Attorney General's

17   Office is violating their federal rights in some form

18   or fashion.  And they have utterly failed to do so,

19   even though we've essentially had a trial on the

20   merits already in this case.

21           And if -- I'll look at my notes real quick.

22   The other point, Your Honor, if 207 is really now the

23   controlling holding of the Court, that is the

24   combination of, you know, the referral and the threat

25   of prosecution that constitutes viewpoint

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                 Albuquerque, NM 87102
(505) 989-4949                                                     (505) 843-9494
FAX (505) 843-9492                                                 FAX (505) 843-9492
                                                                   1-800-669-9492
BEAN & ASSOCIATES, Inc.                                            e-mail: info@litsupport.com
PROFESSIONAL COURT
REPORTING SERVICE

1    discrimination and prior restraint, well, that also

2    is a theory that was not advanced by plaintiff.  They

3    never, ever lodged that theory.  They never briefed

4    that theory.  They never presented that theory until

5    right now, when the Court specifically asked Mr.

6    Greim:  What would be the best holding for Mr.

7    Greim's client, which -- I'm sorry, Your Honor, with

8    all due respect, it seems to me extremely

9    inappropriate.

10           The Court is an independent decision maker.

11   And to solicit from one of the sides what would be

12   the best wording of the order for them to succeed on

13   appeal, just -- forgive me if I'm misunderstanding

14   your intentions and what you were doing, but that

15   just seems completely inappropriate, and I would ask

16   the Court to just make its decision based on the

17   briefing, based on the arguments, and not

18   essentially, you know, again, take on the role of

19   advocate for one of the parties.

20           So again, we provided citations in the

21   motion.  Because plaintiffs understand Ex Parte

22   Young, and the fact that in that case there was an

23   unconstitutional statute that was being enforced by

24   the Attorney General's Office, their theory from the

25   beginning has been that the use restrictions, meaning

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                    201 Third NW, Suite 1630
Santa Fe, NM 87501                                            Albuquerque, NM 87102
(505) 989-4949                                                        (505) 843-9494
FAX (505) 843-9492                                              FAX (505) 843-9492
                                                                      1-800-669-9492

BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE                                     e-mail: info@litsupport.com

1    5.5, is unconstitutional.  And at some point, after
2    the Court's prompting, they started arguing that
3    perhaps 5.6 is also unconstitutional, or our
4    interpretation of it, and there is an overbreadth
5    problem, which the Court, of course, rejected.
6            So they very much understand that the law
7    requires an unconstitutional statute for them to sue
8    the Attorney General's Office.  There is no such
9    statute.  There is no finding of an unconstitutional
10   statute in the order.  And they never made that
11   argument.  And, you know, again, if now, all of a
12   sudden, the position is that the order says it's a
13   combination of the Secretary of State's referral and
14   the threat of prosecution, again, that's a new theory
15   that was not -- that we, defendants, did not have an
16   opportunity to respond to, because it was never
17   raised by the plaintiff.  It was never argued by the
18   plaintiff.  It was never briefed by the plaintiff.
19   It appears, apparently, in a one-sentence mention on
20   page 207 in the order.  And now the plaintiffs are
21   grabbing on to it because they realize that there is
22   a major, major problem here, because again, the
23   Attorney General's Office is absolutely entitled to,
24   and required to, enforce constitutional state
25   statutes that it has reason to believe have been

SANTA FE OFFICE                                              MAIN OFFICE
119 East Marcy, Suite 110                           201 Third NW, Suite 1630
Santa Fe, NM 87501                                    Albuquerque, NM 87102
(505) 989-4949                                                (505) 843-9494
FAX (505) 843-9492                                      FAX (505) 843-9492
                                                              1-800-669-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE
                                                    e-mail: info@litsupport.com

1    violated.

2              And that's where we are.  5.5 has never

3    been found to be unconstitutional.  5.6 has never

4    been found to be unconstitutional.  And the Court

5    specifically rejected the argument that our

6    interpretation of those statutes is unconstitutional

7    in some form or fashion.

8              I think that's what I have on the first

9    point.

10             The second point, you know -- and again,

11   regarding the May 27 request, I'll just read it into

12   the record what the letter that Mr. Greim wrote

13   says -- and the relevant sentence says,  "Just as VRF

14   publishes voter data for many other states, and as it

15   recently published voter data in New Mexico, VRF

16   intends to publish the requested information online

17   for election-related purposes.  But it will only

18   publish the personal information of voters online if

19   VRF is granted relief in this matter, or in any other

20   legal proceedings."

21             If Mr. Greim wanted to say something else,

22   he could have.  He knew how to do it.  He should

23   have.  This is what he chose to say.  He chose to

24   reference voter data twice; then he let us know that

25   they will publish the requested voter data online for

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                201 Third NW, Suite 1630
Santa Fe, NM 87501                                        Albuquerque, NM 87102
(505) 989-4949                                                   (505) 843-9494
FAX (505) 843-9492                                        FAX (505) 843-9492

BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1-800-669-9492
e-mail: info@litsupport.com

1   election-related purposes, which he argues and

2   testifies today for the very first time.  And then he

3   says, "We will only publish the personal information

4   of voters online if granted relief."

5          Yes, he did question Ms. Vigil on this

6   point.  However, as the record reflects Ms. Vigil --

7   first of all, she was being asked to divulge

8   attorney-client protected communications.  And she

9   did not do that.  She mentions the concern about a

10  conspiracy several times.  When we objected off the

11  record, I explained to the Court that she's not an

12  attorney, and that she's following -- and actually

13  herself testified that she was following the advice

14  of counsel.

15         At that point, the letter had not been

16  finalized, she had not seen it.  That letter that was

17  issued the next day says verbatim, "As you know from

18  this" -- somewhat verbatim -- "from this

19  litigation" -- which is shorthand for our explanation

20  of this case -- "and otherwise, it is our position

21  that publishing any" -- and that is italicized --

22  "any New Mexico voter data on our website is a

23  violation of the New Mexico Election Code that

24  carries criminal liability.  As such, we believe it's

25  prudent to delay production of this data at this

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

 1  time."

 2            So we let them know.  And then we cite the

 3  conspiracy section, which is 1-20-15 of the Election

 4  Code.  So we told them the very next day.  It is our

 5  position, and it has always been our position

 6  throughout this litigation, that publishing any New

 7  Mexico voter data on a website is a violation.  And

 8  there is no exception for nonpersonal information or

 9  limitation to personal information only.

10            And the last thing I would like to say

11  about the Safe At Home Program:  Contrary to how Mr.

12  Greim apparently interpreted my words, we were not

13  accusing them of not respecting the program.  That is

14  not the issue.  The issue is that -- let's say --

15  I'll use myself as an example -- I am on the VoteRef

16  website right now.  If tomorrow I have reason to

17  enter the Safe At Home Program, the only way for me

18  to take my address down would be to go through the

19  state process of getting accepted into the program,

20  and then disclosing the fact that I am now a

21  protected person under the program to VoteRef.com.  I

22  do not know who I'm providing that information to.  I

23  don't know how it's saved.  I don't know what kind of

24  safeguards they have on their end that protects my

25  privacy from now on and my safety.  But New Mexico

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   law says that participants in the program only have

2   to disclose that fact, the fact that they're

3   participants to the Secretary of State's Office, and

4   then let's say the DMV or some other state agency,

5   that has their actual physical address, so that they

6   can then substitute it for, essentially, a fake

7   address that the Secretary of State's Office gives

8   them.

9           So it is a violation, as we argue in the

10  motion, of public policy, for me to now be required

11  by VoteRef to tell them that I'm actually in danger;

12  that I need protection, and to beg them, essentially,

13  to take me down.  And yes, maybe they do it without

14  issue every time.  But that is not the point.  That

15  is not guaranteed.  Again, the law does not require

16  that.  They're not required to have any -- you know,

17  any safety precautions.  We have no idea how they

18  safeguard the data from being breached, and so on.

19  And we also don't know who works for them.  We have

20  no idea if persons are -- you know, if they're doing

21  background checks or could, perhaps, use that

22  information for some purpose that they shouldn't.

23          And so, if you'd give me one second, I

24  don't want to forget anything, because this is the

25  last opportunity we have to talk about this

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492





PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    injunction for now.

2         The only final point, Your Honor, is as we

3    mentioned in the order, the First Amendment -- and

4    just generally, injunctions require an ongoing

5    violation.  There is no ongoing violation.  And

6    that's another significant problem with the order,

7    and why we believe it will be overturned on appeal.

8         So just quickly to reiterate, again, threat

9    of prosecution is a necessary, but not sufficient

10   requirement.  It has to be threat of prosecution with

11   something unlawful, either an unconstitutional

12   statute or some other violation of rights.  And the

13   Attorney General's Office has not been found -- has

14   not been accused, has not been found to have violated

15   plaintiff's rights in any way.  And the Court seems

16   to acknowledge at this point that the Secretary of

17   State's Office should not be enjoined under the

18   order.  And if we take out the Secretary of State's

19   Office, then the whole order should be set aside to

20   be reversed, vacated, because the Attorney General's

21   Office -- again, the office is a separate person

22   under 1983; has not violated anybody's rights; has

23   not threatened to violate anybody's rights; and also

24   is not threatening to prosecute under an

25   unconstitutional state statute.

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1             Thank you, Your Honor.
 2             THE COURT:  All right.  Thank you,
 3    Ms. Serafimova.
 4             Well, I'm going to deny the motion to stay.
 5    I know that the defendants have to ask here before
 6    they go to the Tenth Circuit.  But I did the best I
 7    could, under very short circumstances -- we had some
 8    COVID in our chambers during that time, so that
 9    complicated the writing of it -- but I did the best I
10    could under the restraints that we agreed to.  And I
11    think that the core of it is sound.
12             I think that the plaintiffs got the
13    information legally.  They didn't make any
14    misrepresentations on the information that's posted.
15    And the threat of prosecution, I think, constitutes a
16    prior restraint that needs to be enjoined.
17             As I indicated, I will be receptive to an
18    order taking the Secretary of State out, now that the
19    order itself is so narrow, just leaving the Attorney
20    General in.  So if the plaintiffs are interested in
21    that -- sounds like the State is as well -- I would
22    be receptive to signing that.
23             Otherwise, if the parties can't agree on
24    that, then it will just have to stand.  Because the
25    order has been appealed, and I don't think I can
```

SANTA FE OFFICE                                                           MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                  Albuquerque, NM 87102
(505) 989-4949                                                              (505) 843-9494
FAX (505) 843-9492                                                    FAX (505) 843-9492
                                                                           1-800-669-9492

BEAN
&ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE                                         e-mail: info@litsupport.com

 1   touch it without y'all's consent.  So I'll deny that

 2   motion.

 3            Shall we now go to the initial scheduling

 4   order?

 5            I will add on the other factors, I still

 6   think the opinion is sound on the First Amendment

 7   analysis.  And on the other factors, I think, when

 8   you've got a First Amendment violation, the other

 9   factors have to be pretty overwhelming.  And while I

10   understand there has been some complaints and

11   criticisms, I think, actually, given the interest in

12   the issue, it's been pretty muted -- and so I think

13   still the First Amendment trumps those, and the

14   stronger factor here, suggesting that the First

15   Amendment rights need to be vindicated.

16            All right.  I have read your joint status

17   report and provisional discovery plan.  Of course,

18   I'm more familiar with this case than I am many

19   others when I get to this point, because of the work

20   we've done on the preliminary injunction.  But is

21   there anything else you'd like to say to the Court

22   about the case that might impact scheduling or how

23   we're going to handle matters, Mr. Greim?

24            MR. GREIM:  I don't think so, Your Honor.

25   The only thing I'd say is that we commit to talk to

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   the defendants about this idea on the amended order
 2   and get back to you on -- something within, let's say
 3   four days.  That's not in our report, but I just
 4   throw that out there.
 5              THE COURT:  Okay.  Anything else, Mr.
 6   Greim, that might impact scheduling or how we're
 7   going to handle matters?
 8              MR. GREIM:  Nothing else, Your Honor.
 9              THE COURT:  How about you, Ms. Serafimova?
10   Anything else that you want to tell the Court about
11   the case that might impact scheduling or how we're
12   going to handle matters?
13              MS. SERAFIMOVA:  The one thing is that --
14   and I've spoken to Mr. Greim about this -- I am
15   leaving the Attorney General's Office.  I was hoping
16   to know this morning who will replace me.  We have
17   taken -- I should know by the end of the day.  We
18   have taken that into account in agreeing to
19   deadlines.  But again, you know, just something for
20   the Court to be aware, that the new person may
21   request additional time.  I just don't know.
22              THE COURT:  Okay.  Well, we always have
23   that issue in a case.  And we'll set deadlines, and
24   then if they need to be adjusted, then y'all talk,
25   and y'all agree, I'll almost always go along with
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   anything.  And if you can't agree, just call

2   Ms. Rotonda, and I'll get on the phone -- or like

3   we're doing here -- and try to work it out.

4           So let me give you some dates.  And most of

5   these your dates.  So discovery will end on February

6   14, 2023.  All discovery motions will be due no later

7   than March 6, 2023.

8           The plaintiffs will identify their expert

9   or experts by the end of business on December 1st,

10  2022.  When I say identify your expert, that means

11  identify your expert, produce your expert reports,

12  have your experts ready to be deposed.  They don't

13  have to be deposed that day, but have them ready to

14  go because the defendants are going to have to do

15  their disclosures in pretty short order, on January

16  27, 2023.

17          I will note for y'all that the JSR, PDP

18  this document 62, I'm looking at page 6 provides

19  that, quote, "the reports from retained experts under

20  Rule 26(a)(2), due from a party rebutting previously

21  disclosed testimony, by January 27, 2022."  The dates

22  provided throughout the rest of it reflect that this

23  is likely a typographical error, and so I've made it

24  2023.  If that's not your intention, let me know.

25  But I don't think the defendant's time has expired,

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
& ASSOCIATES, Inc.

PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    so I think it's 2023.

2              All right.  All pretrial motions will be

3    due no later than March 16, 2023.

4              Let me drop down and give you some dates

5    for interaction with the Court, because this is one

6    area that I have a wrinkle that I want to talk to you

7    about.  Because we're basically talking, roughly,

8    about 180-plus-day track here, so this is a pretty

9    long track.  So I'll set a motion hearing on all

10   pending motions for April 17, 2023 at 1:30 p.m.

11             And then I'll put you on my trailing

12   docket.  Don't panic, I'll tell you how I run my

13   trailing dockets in a moment.  But I'll put you on my

14   trailing docket for a bench trial on June 12, 2023,

15   at 9:00 a.m.  The reason I have to run trailing

16   dockets is because the crush of criminal cases in

17   this district.  And so, if I tried to give you a firm

18   setting at this point, it wouldn't mean anything.

19   And I hate to give you deadlines by which you have to

20   meet, and then the one I give myself I can't commit

21   to.  So I have to run trailing dockets.

22             But, as a concession to the civil lawyers,

23   as you get closer to that June 12th date, and you

24   need to get witnesses here and subpoenas out, call

25   Ms. Rotonda and we'll give you a firm setting.  I can

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   almost always try you in the month in which I've got

2   you on a trailing docket, particularly with a

3   three-day bench trial, we should be okay and get you

4   in there.  But that's probably the best I can do at

5   this point is run you on a trailing docket that far

6   out.

7            Now, let me talk to you a little bit about

8   the pretrial conference.  You had requested a

9   pretrial conference in early March of 2023.  I will

10  give you that, if you want it.  But if you look at

11  this schedule, it seems to me that may be a little

12  early.  So what I was going to suggest is that we

13  have the pretrial conference on June 1st, 2023, at

14  9:00.  Let's get through those motions and give me a

15  little bit of time to absorb those motions, and then

16  have the pretrial conference.  But if y'all want one

17  in early March, that's fine.  If you want two, that's

18  fine as well.  But I would propose June 1st, 2023 at

19  9:00 a.m.  Would that work for you, Mr. Greim?

20            MR. GREIM:  It does, Your Honor.

21            THE COURT:  Would that work for you,

22  Ms. Serafimova?

23            MS. SERAFIMOVA:  Yes, sir.

24            THE COURT:  Okay.  So we'll make it that

25  date.  Then, with that, the PTO, the pretrial order

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    will come from the plaintiffs to the defendants by

2    the end of business on May 25, 2023.  Then the PTO

3    will come from the defendants to the Court by the end

4    of business on May 31, 2023.  And then I'll look at

5    it overnight and be ready for your pretrial

6    conference that morning.

7              I think that's all the big deadlines.

8              The plaintiff intends to file an amended

9    complaint for declaratory injunctive relief.  The

10   plaintiff shall be allowed until October 7, 2022 to

11   amend the pleadings.  I understand the defendant's

12   consent to the plaintiff's amendment, but they

13   reserve all rights to file a responsive motion to

14   dismiss under Rule 12.  So this deadline doesn't

15   change the substantive requirements of Rule 12.  If

16   you have the ability to do it as of right, you need

17   to do it by that date.  And if you have the

18   availability -- if you need consent of the Court, you

19   need to file your motion by that date.  So it doesn't

20   change the substantive requirements.

21             The plaintiff doesn't intend to join

22   additional parties, but I am going to set a deadline

23   in case they want to do that, and that will be

24   November 7, 2022, to join additional parties or amend

25   the pleadings.  And again, it doesn't change the

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1   substantive requirements of Rule 12.  It just states

2   a deadline if you have a right to do that.  And I

3   know the plaintiffs don't intend to join additional

4   parties and the defendants don't intend to file

5   amended pleadings or to join additional parties, but

6   I'll set a deadline for both of you consistently on

7   that.

8          I'll order that supplementation under Rule

9   26(e) will be due December 1st, 2022, and as

10  otherwise required by Rule 26(e).  So we're leaving

11  in the timely requirements, and then setting a hard

12  deadline.

13         The possibility of settlement is unlikely

14  so I will not communicate anything to the magistrate

15  judge.  If he or she contacts you and wants a

16  settlement conference, y'all can explain it to him or

17  her.  I guess this is Judge Khalsa, so you can

18  explain it to Judge Khalsa.  And I'll let her deal

19  with that.  I won't get involved in any sort of

20  settlement discussions.  But I won't communicate with

21  her either about any particular time.  Initial

22  disclosure shall be exchanged by September 16, 2022.

23         A few things on how I do things:  On

24  discovery, I find that most civil lawyers just need

25  an answer.  So if you'd like to take advantage of

SANTA FE OFFICE                                          MAIN OFFICE
119 East Marcy, Suite 110                        201 Third NW, Suite 1630
Santa Fe, NM 87501                                 Albuquerque, NM 87102
(505) 989-4949                                            (505) 843-9494
FAX (505) 843-9492                                  FAX (505) 843-9492
                                                          1-800-669-9492

PROFESSIONAL COURT                       e-mail: info@litsupport.com
REPORTING SERVICE

 1  that, just call Ms. Rotonda and I'll get on the phone

 2  with you and try to work it out.  Occasionally, I

 3  have to look at something like an RFP or an

 4  interrogatory to make an informed decision, so if

 5  you'd like to -- so it might take two or three days.

 6  But most of the time I can give you an answer on the

 7  phone, and at a minimum, pretty short order.

 8          If you prefer to formally brief a discovery

 9  dispute, that's fine as well.  We'll treat it like

10  any other motion.  I'll talk to you about that in a

11  moment.  And if you would prefer that Judge Khalsa do

12  the discovery, that's fine as well.  I'm on default,

13  so if I don't hear from you, I'll do my own

14  discovery.  But if you'd prefer that Judge Khalsa do

15  it, just contact Ms. Rotonda and tell her that.

16          On motions, you have an obligation to meet

17  and confer before a motion is filed in federal court.

18  That's required by the Federal Rules of Civil

19  Procedure, as well as the local rules.  What I'm

20  about to tell you is not required, but I make myself

21  available.  I find that if I'm inserted into the meet

22  and confer process earlier, issues kind of fall by

23  the wayside, and we really begin to focus on what the

24  Court needs to do, and what the issue may really be.

25          So if you'd like to take advantage of that,

SANTA FE OFFICE                                          MAIN OFFICE
119 East Marcy, Suite 110                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                  Albuquerque, NM 87102
(505) 989-4949                                             (505) 843-9494
FAX (505) 843-9492                                    FAX (505) 843-9492
                                                          1-800-669-9492
                                              e-mail: info@litsupport.com



BEAN
& ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1    call Ms. Rotonda, and I'll make myself available, and

2    try to help you streamline discovery.  I don't

3    require that.  But many districts do.  And they're

4    finding that these prefiling conferences resolve

5    97-plus percent of all disputes.  So if you'd like to

6    take advantage of that, I make myself available.

7           I don't know your case well enough -- this

8    is one area I don't know whether you're going to have

9    Daubert motions -- but if you get into the case and

10   you think there is going to be Daubert issues, if you

11   can agree on a deadline, that would be great.  I do

12   like to get Daubert issues resolved before trial, if

13   I can, or at least have them argued so I can be aware

14   of what the issues are.  And if you get in the case

15   and you think there is going to be Daubert issues,

16   but you can't agree on a deadline, just call

17   Ms. Rotonda, and I'll get on the phone or Zoom, and

18   work with you to set a deadline.

19           I guess this case will be here in

20   Albuquerque.  We'll just try it here.  It seems like

21   the witnesses are here.  If there is some reason to

22   try it somewhere else, like in Santa Fe or something,

23   I'm receptive to that.  I'm in my 20th year on the

24   bench, and I still haven't been able to get that

25   courtroom up there.  But I have moved a little bit in

SANTA FE OFFICE                                                          MAIN OFFICE
119 East Marcy, Suite 110                                          201 Third NW, Suite 1630
Santa Fe, NM 87501                                                 Albuquerque, NM 87102
(505) 989-4949                                                             (505) 843-9494
FAX (505) 843-9492                                                    FAX (505) 843-9492
                                                                           1-800-669-9492

BEAN
&ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE                                        e-mail: info@litsupport.com

1    seniority, so it might be possible.  So if there is a

2    benefit up there, I'd love to try a case up there,

3    I'd be glad to do it, or at least make the attempt to

4    get the courtroom.

5            Do you, Mr. Greim, have any preference on

6    where the case is tried?

7            MR. GREIM:  Your Honor, we probably have a

8    mild preference for Albuquerque, just because we're

9    flying into Albuquerque.  Candidly, I have great

10   memories of Santa Fe from a family trip, but I don't

11   think I'll be taking advantage of any of that.  So we

12   have a mild preference for Albuquerque.

13           THE COURT:  Do you have any preference,

14   Ms. Serafimova?

15           MS. SERAFIMOVA:  I think we have a strong

16   preference for Santa Fe because all the witnesses are

17   here, and it would just be easier for the defendants.

18           THE COURT:  Well, if there were an

19   agreement, I'd try to get the courtroom up there in

20   Santa Fe.  If there is a disagreement, then I'll

21   probably just use the courtroom here.  So let's plan

22   on it just being here.  If y'all -- if you change

23   your mind, Mr. Greim, and y'all decide you want me to

24   request that courtroom up there, I will.  But as long

25   as it's divided, then I'll probably just leave it

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

**BEAN**
**&ASSOCIATES**, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
**1-800-669-9492**
e-mail: info@litsupport.com

```
 1    here and not try to do much up there.  So I'll just
 2    leave it on my trailing docket here.  But if y'all
 3    get closer, and you want to try to go up there, talk
 4    to Ms. Rotonda, and we'll try to get the courtroom up
 5    there if y'all agree on that.
 6              Ms. Rotonda, can you think of anything else
 7    we need to discuss?
 8              THE CLERK:  No.
 9              THE COURT:  I think that's all I need to
10    cover.  I'll probably remember something after I get
11    off.  Is there anything else we need to discuss while
12    we're together?  Anything else I can do for you
13    today, Mr. Greim?
14              MR. GREIM:  Your Honor, there is one
15    thing -- and I discussed this with Ms. Serafimova --
16    on the expert deadlines.  A couple of districts do
17    this, and I try to work it in, if I have a chance.
18    But rather than giving plaintiff and then defendant
19    deadlines where -- you know, then sometimes the
20    defendant discloses something for the first time, and
21    the plaintiff says:  Well, I want a rebuttal to
22    that -- but what I personally think makes more sense
23    is that, if you, in your case-in-chief, have
24    something that you want to put on there, whether
25    it's -- you know, fraud claims or a defense that
```

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

```
 1   they're going to raise, affirmative defense or not,
 2   that's what the first deadline is for.
 3            Then the second deadline is for somebody
 4   who wants to respond to that.  So that's why the
 5   language was a little bit different in the expert
 6   section.  I discussed that with Ms. Serafimova.  I
 7   wonder if the Court has a particular preference
 8   there?
 9            THE COURT:  Well, let me look at your
10   wording.  If that's the way you set it up -- and
11   maybe I didn't catch this.  Let's see what you have
12   here.  Okay, it is a little different than what I'm
13   used to seeing.  If y'all agree on that, that's fine
14   with me.  We'll just use your language.
15            So reports from retained experts under Rule
16   26(a)(2) will be due from the proponent of the
17   testimony by December 1st, 2022, and then from a
18   party rebutting previously disclosed testimony by
19   January 27, 2023.
20            Is that all right with you, Ms. Serafimova,
21   if I just track the language in your initial
22   scheduling -- or your joint status report and
23   provisional discovery plan?
24            MS. SERAFIMOVA:  Yes, Your Honor.
25            THE COURT:  All right.  Anything else, Mr.
```



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    Greim?

2           MR. GREIM:  The only other thing is on page

3    2 of the amendment, the way we have drafted this --

4    and if this is not Ms. Serafimova's intent, then

5    sobeit, you know, it's a matter of consent -- I

6    believe we actually had consent to file the amended

7    complaint, so that we could dispense with filing a

8    motion to do it, they're reserving their right to

9    file a motion to dismiss.

10          THE COURT:  If Ms. Serafimova is okay with

11   that, then I'm fine with it as well.  Are you okay

12   with that, Ms. Serafimova?

13          MS. SERAFIMOVA:  Well, I guess I missed the

14   distinction between what we agreed to and what the

15   Court said.  But, yes, that was my understanding.  We

16   don't object.

17          THE COURT:  Well, I guess the distinction

18   is -- and correct me if I'm wrong, Mr. Greim -- you

19   don't have a right to file an amended complaint.  So

20   you need the order of the Court.  And what I

21   understand is the defendants have consented to that,

22   so Mr. Greim is saying:  Can we just skip the motion

23   and order, given that we have the consent and go

24   ahead and file the amended complaint, and you have

25   the ability to do what you want with it?  Is that a

SANTA FE OFFICE                                                    MAIN OFFICE
119 East Marcy, Suite 110                                  201 Third NW, Suite 1630
Santa Fe, NM 87501                                          Albuquerque, NM 87102
(505) 989-4949                                                       (505) 843-9494
FAX (505) 843-9492                                           FAX (505) 843-9492
                                                                    1-800-669-9492
BEAN & ASSOCIATES, Inc.                          e-mail: info@litsupport.com
PROFESSIONAL COURT
REPORTING SERVICE

1    fair summary of your argument, Mr. Greim?

2              MR. GREIM:  It is.  We just want to avoid

3    the motion, and then cite "the leave shall be freely

4    granted where just so requires."  That's it.

5              THE COURT:  Okay.  Is that okay with you,

6    Ms. Serafimova?

7              MS. SERAFIMOVA:  Yes, sir.

8              THE COURT:  So you can just go ahead and

9    file it, and we'll dispense with the motion and

10   order.

11             Anything else, Mr. Greim?

12             MR. GREIM:  Nothing more, Your Honor.

13             THE COURT:  All right.  How about you,

14   Ms. Serafimova?  Is there anything else we need to

15   discuss while we're together?  Anything else I can do

16   for you today?

17             MS. SERAFIMOVA:  No, Your Honor.  Thank

18   you.

19             THE COURT:  All right.  Well, thank you for

20   your presentations.  I will try to get a written

21   order out as soon as possible denying the motion, so

22   that Ms. Serafimova can go to the Tenth and seek a

23   stay there, if that's her intention.  But I'll try

24   the get my work done as soon as possible.

25             All right.  Y'all have a good afternoon --



SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

1  good morning and afternoon.  This is a civil case, so

2  if y'all agree to move anything around, if

3  Ms. Serafimova's replacement needs to move things,

4  and y'all agree, just put it in a motion and order.

5  I almost always can go along.  And if you can't

6  agree, don't feel like you have to brief everything

7  up.  Just call Ms. Rotonda and I'll get on the phone

8  with you and try to work it out so I can try to help

9  you litigate this case as expeditiously and

10  inexpensively as possible.

11          All right.  Y'all have a good day.  Let us

12  know how we can help.

13          (The Court was adjourned.)

14

15

16

17

18

19

20

21

22

23

24

25



BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com

1    day.

2              (The Court was adjourned.)

3

4                  C-E-R-T-I-F-I-C-A-T-E

5

6    UNITED STATES OF AMERICA

7    DISTRICT OF NEW MEXICO

8

9

10        I, Jennifer Bean, FAPR, RDR, CRR, RMR, CCR,

11   Official Court Reporter for the State of New Mexico,

12   do hereby certify that the foregoing pages constitute

13   a true transcript of proceedings had before the said

14   Court, held in the District of New Mexico, in the

15   matter therein stated.

16        In testimony whereof, I have hereunto set my

17   hand on September 7, 2022.

18

19

20

21   _____

22   Jennifer Bean, FAPR, RMR-RDR-CCR
     Certified Realtime Reporter

23   United States Court Reporter
     NM CCR #94

24   333 Lomas, Northwest
     Albuquerque, New Mexico 87102

25   Phone:   (505) 348-2283
     Fax:     (505) 843-9492

SANTA FE OFFICE
119 East Marcy, Suite 110
Santa Fe, NM 87501
(505) 989-4949
FAX (505) 843-9492


BEAN & ASSOCIATES, Inc.
PROFESSIONAL COURT
REPORTING SERVICE

MAIN OFFICE
201 Third NW, Suite 1630
Albuquerque, NM 87102
(505) 843-9494
FAX (505) 843-9492
1-800-669-9492
e-mail: info@litsupport.com