# Exhibit O



STATE OF NEW MEXICO

**MAGGIE TOULOUSE OLIVER**

SECRETARY OF STATE

June 16, 2022

*Via Electronic Mail Only*

Edward D. Greim
1100 Main St., Ste 2700
Kansas City, MO 64105
Email: EDGreim@gravesgarrett.com

**Re:      Response to Notice of Violation of NVRA**

Mr. Griem:

On May 27, 2022, our Office received your Notice of Violation of the National Voter Registration Act ("NVRA") ("Notice"). In the *Notice*, you allege a violation of 52 U.S.C. § 20507(i)(1). You allege that Voter Reference Foundation ("VRF") made a NVRA request for records via email on February 15, 2022. *See Exhibit. A of the Notice* Specifically, the email stated:

> "Dear Election Official,
>
> Please provide us with the total count, by county/precinct, of any registered voters who cast a ballot in the November 3, 2020, who have been subsequently placed in an inactive, canceled, deleted, removed (or any registration status other than active) or any voter that has been removed or deleted from the voter rolls between November 3, 2020 and April 13, 2021."

The February 15 email was not a request for a record that is maintained by our Office; rather, it sought the total count of registered voters during a period of time to be identified with multiple data points that would have needed to be aggregated and analyzed. Such an inquiry would require our Office to conduct research, aggregate data from multiple sources, generate a report, and potentially separate protected information from such report. While under the NVRA our Office must allow for the inspection of "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters," this is not a requirement that compels an agency to create new records. 52 U.S.C. § 20507(i)(1). Indeed, both state and federal courts have held as such regarding records request. *See* NMSA 1978, § 14-2-8(B) ("Nothing in the Inspection of Public Records Act shall be construed to require a public body to create a public record."); *Forsham v. Harris,* 445 U.S. 169, 186 (1980) ("FOIA imposes no duty on the agency to create records.). Therefore, your assertion that we

---

**325 DON GASPAR, SUITE 300 | SANTA FE, NEW MEXICO  87501**
**PHONE: (505) 827-3600 or (800) 477-3632 | FAX: (505) 827-8081**
**WWW.SOS.STATE.NM.US**

violated the NVRA with respect to the February 15, 2022 email is incorrect.

In addition, in your *Notice* you have requested the following information:

> 1. A complete list, by county/precinct, of any registered voters who cast a ballot in the November 3, 2020 General Election, who have been subsequently placed in an inactive, canceled, deleted, removed (or any registration status other than active) status, or any voter that has been removed or deleted from the voter rolls between November 3, 2020 and April 13, 2021, including total count of same.

> 2. Current voter registration data, including voter history, for all active, inactive, suspended, and cancelled status voters (including any registration status other than active.

As with the February 15 email referenced above, Item #1 is not a request for a record, as we do not maintain a list such as the one described therein. As such, we consider both requests closed under the NVRA and, to the extent applicable, IPRA.

With respect to Item #2 and the Affidavit you submitted as required by New Mexico law, in the *Notice*, VRF states that it "intends to publish the requested information online for election related purposes, but it will only publish the personal information of voters if VRF is granted relief in *Voter Reference Foundation, et al. v. Balderas, et al.*, case number 1:22-CV-00222 in the United States District Court for the District of New Mexico (the "Federal Litigation") or in any other legal proceeding." *Notice* at 4. As you know from the Federal Litigation and otherwise, it is our position that publishing *any* New Mexico voter data on a website is a violation of the New Mexico Election Code that carries criminal liability. As such, we believe it prudent to delay production of this data at this time; we will either fulfill the request or formally deny it based on the outcome of the Federal Litigation, including any appeal. *See* NMSA 1978, § 1-20-15 ("Conspiracy to violate the Election Code consists of knowingly combining, uniting or agreeing with any other person to omit any duty or commit any act, the omission of which duty, or combination of such act, would by the provisions of the Election Code constitute a fourth degree felony.").

Respectfully,

*/s/ Dylan K. Lange*
Dylan K. Lange
General Counsel
The Office of The New
Mexico Secretary of State

cc:   Edward Greim
      Rebekah Badell
      Carter Harrison, IV
      Sharon Pino