**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**VOTER REFERENCE FOUNDATION, LLC,**

        **Plaintiff,**

**v.**

**HECTOR BALDERAS, in his official capacity as New Mexico Attorney General,**       **Case No: 1:22-cv-00222-JB-KK**

**and**

**MAGGIE TOULOUSE OLIVER, in her official capacity as Secretary of State of New Mexico,**

        **Defendants.**

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED FIRST AMENDED COMPLAINT**

Erin E. Lecocq
Jeffrey D. Herrera
Assistant Attorneys General
P.O. Drawer 1508
Santa Fe, NM 87501-1508
(505) 490-4060
(505) 490-4046
elecocq@nmag.gov
jherrera@nmag.gov

*Counsel for Defendants*
*Attorney General Hector Balderas and Secretary of State Maggie Toulouse Oliver*

Defendants the New Mexico Secretary of State Maggie Toulouse Oliver ("Secretary of State") and the New Mexico Attorney General Hector H. Balderas ("Attorney General"), in their official capacities, by and through undersigned counsel, answer Plaintiff's *Verified First Amended Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief*, Doc. 74 ("Amended Complaint"), as follows:

1.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 1 and, therefore, deny them.

2.     Defendants admit that the Secretary of State has publicly opined that VRF's act of publishing online the voter data of each and every registered New Mexico voter constitutes a violation of New Mexico law. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 2 and, therefore, deny them.

3.     Defendants admit that, for the reasons stated in Defendants' answer to Paragraph 2 of the Amended Complaint, the Secretary of State referred the matter to the Attorney General, who has and does take the position that it is his right and his duty to investigate and potentially prosecute VRF under New Mexico law. Defendants deny the allegation and characterization that the Attorney General has "enthusiastically" investigated VRF, as well as any other allegations made or implied in Paragraph 3.

4.     Defendants admit that NMSA §§ 1-4-5.5, 1-4-5.6 & 31-18-15(A)(13) govern lawful use of voter data; these statutes speak for themselves. Defendants deny the remainder of Paragraph 4. Defendants admit that Paragraph 4 accurately quotes selected language from NMSA 1978, § 1-4-5.5 and NMSA 1978, § 1-4-5.6.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **1**

5.      Defendants admit that they denied a May 2022 request from VRF while this action was already pending. Defendants deny the remainder of Paragraph 5.

6.      Denied.

7.      Defendants admit that the Secretary of State has publicly opined that VRF's act of publishing online the voter data of each and every registered New Mexico voter constitutes a violation of New Mexico law. Defendants deny Paragraph 7's characterizations of the Secretary of State's statements and Defendants' positions, and they deny any remainder of Paragraph 7.

8.      Paragraph 8 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that Defendants acted with any animus.

9.      Paragraph 9 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that the relevant statutes are vague.

10.     Paragraph 10 appears to be a summary of Plaintiff's prayer for relief and does not make an allegation of fact to which a response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

11.     Paragraph 11 states a legal conclusion and does not make an allegation of fact to which a response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

12.     Admitted.

13.     Defendants admit that, as a general matter, a close and accurate review of data, including voter data, could detect inaccuracies, if any. Defendants deny that posting the voter data

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **2**

and personal information of each and every registered New Mexico voter on VRF's website "encourages voter participation." Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 13 and, therefore, deny them.

14.     Admitted.

15.     Defendants admit that the Attorney General's office has received a referral from the Secretary of State for an investigation into VRF for its unlawful use of voter data, that the Attorney General has and does take the position that it is his right and his duty to investigate and potentially prosecute VRF under New Mexico law, and that the Attorney General would not agree to voluntarily abdicate that duty under state law. Plaintiffs' allegations about legal advice to the Secretary of State seek to invade attorney-client privilege, are objectionable, and cannot be responded to. Defendants deny the remainder of Paragraph 15.

16.     Admitted.

17.     Defendants admit that the Secretary of State refused to provide additional voter data to Plaintiff and that, for the reasons stated in response to Paragraph 2 of Plaintiff's Amended Complaint, she referred the matter to the Attorney General. Defendants deny the remainder of Paragraph 17, including Plaintiff's characterization of their request as "lawful," protected activity.

18.     Defendants admit that Paragraph 18 accurately quotes selected language from 52 U.S.C. § 20507 and that the statute speaks for itself.

19.     Paragraph 19 states a legal conclusion to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **3**

20.     Defendants admit that Paragraph 20 accurately quotes selected language from 52 U.S.C. § 20501 and that the statute speaks for itself.

21.     Defendants admit that Paragraph 21 accurately quotes selected language from 52 U.S.C. § 20507 and that the statute speaks for itself.

22.     Defendants agree that Paragraph 22 accurately quotes selected language from 52 U.S.C. § 20510 and that the statute speaks for itself.

23.     Paragraph 23 states a legal conclusion about VRF's compliance with the law, to which no response is required.

24.     Defendants admit that Paragraph 24 accurately quotes selected language from Section 1-4-5.5 and that the statute speaks for itself.

25.      Defendants admit that Paragraph 25 accurately quotes selected language from Section 1-4-5.5 and that the statute speaks for itself.

26.      Defendants admit that Paragraph 26 accurately quotes selected language from Section 1-4-5.5 and that the statute speaks for itself.

27.     Defendants admit that Paragraph 27 accurately quotes selected language from Section 1-4-5.5 and that the statute speaks for itself.

28.     Defendants admit that Paragraph 28 accurately quotes selected language from Section 1-4-5.5 and that the statute speaks for itself.

29.     Defendants admit that NMSA § 1-4-5.6 renders certain conduct a fourth degree felony.

30.     Defendants admit that Paragraph 30 accurately quotes selected language from Section 1-4-5.6 and that the statute speaks for itself.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **4**

31.     Defendants admit that Paragraph 31 accurately quotes selected language from Section 1-4-5.6 and that the statute speaks for itself.

32.     Defendants admit that Paragraph 32 accurately quotes selected language from Section 1-4-5.5 and that the statute speaks for itself.

33.     Defendants admit that Exhibit B to Plaintiff's Amended Complaint is a true and correct copy of a prior version of the affidavit required under Section 1-4-5.5 and that the form speaks for itself. Defendants admit that the Office of the Secretary of State designed the form.

34.     Defendants admit that Paragraph 34 accurately quotes selected language from Exhibit B and that the form speaks for itself.

35.     Defendants admit that the form contained in Exhibit B requires a signature and that the form speaks for itself.

36.     Paragraph 36, which references unspecified additional allegations ("as discussed in more detail below"), is vague and ambiguous. Defendants admit that the form contained in Exhibit B has been updated, as shown in Exhibit F to the Plaintiff's Amended Complaint, but they lack sufficient knowledge or information to form a belief as to any other intended allegations in Paragraph 36 and, therefore, deny any other allegations or characterizations in Paragraph 36.

37.     Defendants admit that NMSA § 1-4-5.5 governs lawful use of New Mexico voter data. The remainder of Paragraph 37 states legal conclusions and Plaintiff's definitions of internal reference terms and does not make an allegation of fact to which a response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **5**

38.     Defendants' deny that they have enacted a "Data Sharing Ban" as described in Paragraph 38. Defendants further deny any remaining allegations included in Paragraph 38.

39.     Defendants admit that Exhibit C to Plaintiff's Amended Complaint is a true and correct copy of a Voter Data Authorization form submitted by Local Labs, LLC, and that the form speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the rest of the allegations in Paragraph 39, and therefore deny them.

40.     Defendants admit that Paragraph 40 accurately quotes selected language from Exhibit C and that the form speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the rest of the allegations in Paragraph 40, and therefore deny them.

41.     Defendants admit that Exhibit C was signed, that the form did not provide a write-in space for the requester to provide a narrative explanation of anticipated uses, and that the form speaks for itself. Defendants deny any allegation or implication in Paragraph 41 that the form lacked instructions, explanations, or limitations on what proper uses would be or that the requirements sworn to in the signed attestation were insufficiently clear. Again, the form speaks for itself.  Defendants lack sufficient knowledge or information to form a belief as to the rest of the allegations in Paragraph 41, and therefore deny them.

42.     Defendants admit that Exhibit D to Plaintiff's Amended Complaint is a true and correct copy of a payment receipt for Local Labs and that the receipt speaks for itself.

43.     Defendants admit that since the original submission of Exhibit D the Voter Information Authorization form has been revised at least twice, as shown in Exhibits E and F to Plaintiff's Amended Complaint. The remaining characterizations contained in Paragraph 43 are not fact allegations and require no response; to the extent a response is required, they are denied.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **6**

44.     Defendants admit that Exhibit E to Plaintiff's Amended Complaint is a true and correct copy of a prior Voter Information Authorization form and that the form speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the rest of the allegations in Paragraph 44, and therefore deny them.

45.     Defendants admit that Paragraph 45 accurately quotes selected language from Exhibit E and that the form speaks for itself.

46.     Defendants admit that Paragraph 46 accurately describes selected portions of Exhibit E and that it and the prior versions of the form shown in Exhibits B and C speak for themselves. To the extent that Paragraph 46 alleges the contents of *any* prior version of the form historically used at any time prior to the forms shown in Exhibit B and C, Defendants lack sufficient knowledge or information to form a belief as to those allegations and, therefore, deny them.

47.     Defendants admit that Paragraph 47 accurately describes selected portions of Exhibit E and that it and the prior versions of the form shown in Exhibits B and C speak for themselves. To the extent that Paragraph 47 alleges the contents of *any* prior version of the form historically used at any time prior to the forms shown in Exhibit B and C, Defendants lack sufficient knowledge or information to form a belief as to those allegations and, therefore, deny them.

48.     Defendants admit that Paragraph 48 accurately describes selected portions of Exhibit E and that it and the prior versions of the form shown in Exhibits B and C speak for themselves. To the extent that Paragraph 48 alleges the contents of *any* prior version of the form historically used at any time prior to the forms shown in Exhibit B and C, Defendants lack

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **7**

sufficient knowledge or information to form a belief as to those allegations and, therefore, deny them. Further, Defendants deny Paragraph 48's attempts to interpret or characterize the contents of Exhibit E. Again, the form speaks for itself.

49.     Defendants admit that Exhibit F to Plaintiff's Amended Complaint is a true and correct copy of the current Voter Information Authorization form and that the form speaks for itself.

50.     Defendants admit that Paragraph 50 accurately describes selected portions of Exhibit F and that it and the prior version of the form shown in Exhibit E speak for themselves.

51.     Defendants admit that Paragraph 51 accurately quotes selected language from NMSA § 1-4-5.6 and that the statute speaks for itself. The remainder of Paragraph 51 states interpretations, characterizations, and/or legal conclusions about Exhibit F, which speaks for itself. This remainder of Paragraph 51 does not make any allegations of fact to which a response is required.

52.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 52 and, therefore, deny them.

53.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 53 and, therefore, deny them.

54.     Defendants deny that VRF's work "continues to highlight the need to ensure accurate voter rolls are being maintained" and that VRF's work demonstrates any need "to provide the public access to these rolls" in the manner VRF envisions. As to the remainder of Paragraph 54, Defendants lack sufficient knowledge or information to form a belief as to the allegations and, therefore, deny them.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **8**

55.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 55 and, therefore, deny them.

56.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 56 and, therefore, deny them.

57.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 57 and, therefore, deny them.

58.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 58 and, therefore, deny them.

59.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 59 and, therefore, deny them.

60.      Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 60 and, therefore, deny them.

61.      Defendants deny Plaintiff's allegation that VoteRef.com only provides information about voters "if state law allows that information to be shared." Defendants also deny Plaintiff's allegations about what information is "typically" included on VoterRef.com. As to the remainder of Paragraph 61, Defendants lack sufficient knowledge or information to form a belief as to the allegations and, therefore, deny them.

62.      Defendants admit that Paragraph 62 accurately quotes selected language from the Terms of Service posted on VoteRef.com as of October 7, 2022.

63.      Defendants admit that Paragraph 63 accurately quotes a disclaimer that appears on VoteRef.com's New Mexico voter data entries as of October 7, 2022.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **9**

64.     Defendants admit that the disclaimer quoted in Paragraph 63 of Plaintiff's Amended Complaint contains the types of information listed in Paragraph 64.

65.     Defendants—despite accessing VoteRef.com and attempting to confirm the allegation on October 7, 2022—lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 65 and, therefore, deny them.

66.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 66 and, therefore, deny them.

67.     Defendants admit that as of October 7, 2022, there is no fee to access VoteRef.com. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 67 and, therefore, deny them.

68.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 68 and, therefore, deny them.

69.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 69 and, therefore, deny them.

70.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 70 and, therefore, deny them.

71.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 71 and, therefore, deny them.

72.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 72 and, therefore, deny them.

73.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 73, and, therefore, deny them.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **10**

74.     Defendants admit that Paragraph 74 accurately quotes selected language from Exhibit G.

75.     Defendants admit that Exhibit H to Plaintiff's Amended Complaint is a true and correct copy of an email that VRF sent to the Secretary of State on or about December 14, 2021. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 75, including the allegations about Plaintiff's intent or purposes in sending said email, and therefore, deny them.

76.     Defendants admit that Paragraph 76 accurately quotes selected language from Exhibit H. Defendants deny the remainder of Paragraph 76, which seeks to interpret or characterize the email.

77.     Defendants admit that the Secretary of State did not respond to the email in Exhibit H. The remainder of Paragraph 77 is vague, ambiguous, and does not make an allegation of fact to which a response is required. To the extent it requires a response, the remainder of Paragraph 77 is denied.

78.     Defendants deny any allegation or implication in Paragraph 78 that the Secretary of State was required to respond to the email in Exhibit H. Defendants admit the remainder of Paragraph 78.

79.     Defendants admit that Exhibit J to Plaintiff's Amended Complaint is a true and correct copy of an email request from VRF and an internal email of the Secretary of State's office discussing how to handle said request. These emails speak for themselves.

80.     Defendants admit that Paragraph 80 accurately quotes selected language from Exhibit J and that the email speaks for itself. Defendants deny the remainder of Paragraph 80,

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **11**

including any allegation or implication that the Secretary of State was obligated "to deliver the requested documents or even respond."

81.    Defendants admit that Exhibit K is a true and correct copy of a May 2022 Notice of Violation submitted by VRF.

82.    Defendants admit that Exhibit K contained allegations—the correctness of which Defendants deny—that New Mexico law is preempted and that VRF was entitled to additional responses or records from the Secretary of State.

83.    Defendants admit that Paragraph 83 accurately quotes selected language from Exhibit K but deny any allegation or implication that acquiescence to VRF's demands was required in order for "the Secretary [to] comply with the NVRA."

84.    Defendants admit that Exhibit K contained claims—the veracity of which Defendants cannot currently assess—about VRF's plans and intentions.

85.    Defendants admit that the Secretary of State denied subsequent requests from VRF and that VRF submitted Voter Information Authorization forms as alleged. Defendants deny any implication that VRF demonstrated that it would limit its use to lawful purposes.

86.    Defendants admit that the Secretary of State did not personally warn VRF that its use of New Mexico voter data on VoteRef.com could violate the law. To the extent that Paragraph 86 is intended to allege that Plaintiff were not informed by the Secretary of State's office that the "[u]nlawful use of the information requested on this form shall consist of the willful selling, loaning, providing access to or otherwise surrendering, duplicating or alter[ing] of information as stated in the Voter Records System Act" or that a requestor was not permitted to "use or make available to others to use the requested material for purposes other than governmental, election,

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **12**

research and campaign purposes *under penalty of law*," the Defendants deny such allegation. *See Pl's* Am. Compl., Ex. B (emphasis added).

87.     Defendants admit that Paragraph 87 accurately quotes selected language from Exhibit A to Plaintiff's Amended Complaint, which is itself an article partially quoting and partially undertaking to paraphrase the Secretary of State and which speaks for itself. The remainder of Paragraph 87, which primarily seeks to characterize Exhibit A, is denied.

88.     Defendants admit that neither the Secretary of State nor the Attorney General personally warned VRF that its use of New Mexico voter data was unlawful and that they did not inform VRF of the Secretary of State's referral or the Attorney General's investigation, because neither the Secretary of State nor the Attorney General were obligated to do so.

89.     Admitted.

90.     Defendants admit that Paragraph 90 quotes selected language from a Twitter post but denies that the quote is provided in context or is accurate as presented. Defendants deny the remainder of Paragraph 90, including any allegation that the Secretary of State "attack[ed]" VRF or that her Twitter post contained "unreasoned and irrational" statements.

91.     Denied.

92.     Defendants admit that Exhibit L is a true and correct copy of reporter Megan O'Matz emails with the Secretary of State's Communications Director.

93.     Defendants admit that Paragraph 93 accurately quotes selected language from Exhibit L, which speaks for itself.

94.     Defendants admit that Paragraph 94 accurately quotes selected language From Exhibit L, which speaks for itself. Defendants admit that roughly 48 hours before the Secretary of

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **13**

State's Communications Director made the quoted statement, VRF sent an email to the office's general inbox. *See* Pl's Am. Compl., Ex. H. Defendants deny that the Communications Director knew of this communication attempt or "falsely" denied it when he sent the email in question. Defendants deny any other allegations or implication contained in Paragraph 94.

95.      Defendants admit that Paragraph 95 accurately quotes selected language from Exhibit L, which speaks for itself. Defendants deny any other allegations or characterizations contained in Paragraph 95.

96.      Defendants admit that Paragraph 96 accurately quotes selected language from Exhibit L, which speaks for itself. Defendants deny any other allegations or characterizations contained in Paragraph 96.

97.      Defendants admit that Paragraph 97 accurately quotes selected language from Exhibit L, which speaks for itself.

98.      Defendants admit that in Exhibit L, which speaks for itself, the Secretary of State's Communications Director stated that the "issue relates to the transfer and publication of the voter data" and that VRF's use of this information does not "meet[] the definition of appropriate use either for a 'governmental purpose,' 'election related,' or 'election campaign purposes.'" Defendants further admit that in the course of this explanation, the Communications Director referred to VoteRef.com as a "private website that intends to spread misinformation." Defendants deny that the short paraphrase that Paragraph 98 offers in quotation marks accurately quotes Exhibit L or provides accurate context.

99.      Denied.

100.      Admitted.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **14**

101.    Denied.

102.    Denied.

103.    Admitted.

104.    Admitted that Paragraph 104 accurately quotes selected language from a press release that is accurately reproduced in Exhibit M to the Plaintiff's Amended Complaint.

105.    Denied.

106.    Admitted that Paragraph 106 accurately quotes selected language from a press release that is accurately reproduced in Exhibit N to the Plaintiff's Amended Complaint.

107.    Defendants admit that the Secretary of State referred VRF's conduct to the Attorney General for investigation; Defendants admit that the Secretary of State did not contact VRF because she was under no obligation to do so. Defendants deny the remainder of Paragraph 107, including that the Secretary of State harbors "hostility to ideological opponents in the exercise of her official duties," that she "lent her voice to an article by ProPublica," or that she "simply accepted ProPublica's politically charged attacks as true."

108.    Defendants admit that the numerous statutory provisions in the New Mexico Election Code that regulate the limited disclosure of voter data promote election transparency, integrity, and participation, but deny that the wholesale disclosure of such data would serve these goals. Defendants deny the remainder of Paragraph 108, including that the Secretary of State harbors "political animus," that such animus has ever "cloud[ed] her judgment," that any voter data is ever "selectively released," or that any New Mexico statutes are ever "used to ensnare and selectively punish."

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **15**

109.     Defendants lack sufficient knowledge or information to form a belief as to the factual allegations in Paragraph 109 and, therefore, deny them. The remainder of Paragraph 109 contains primarily argument, with some legal conclusions, to which no response is required.

110.     Defendants admit that Paragraph 110 accurately quotes from the Court's Memorandum and Order entered in this case as Doc. 51.

111.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 111 and, therefore, deny them.

112.     Defendants admit that the Secretary of State has declined to provide VRF with additional private voter data. They deny the allegation that "it is clear the Secretary [of State] will only give the data to political parties and other speakers she prefers." As to the remainder of Paragraph 112, Defendants lack sufficient knowledge or information to form a belief as to the allegations and, therefore, deny them.

113.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 113 and, therefore, deny them.

114.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 114 and, therefore, deny them. The remainder of Paragraph 114 contains primarily argument, with some legal conclusions, to which no response is required.

115.     Paragraph 115 states a legal conclusion to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **16**

116.    Paragraph 116 states a legal conclusion to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

117.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 117 and, therefore, deny them.

118.    To the extent that Paragraph 118 states a legal conclusion about Plaintiff's claimed First Amendment rights or activities, no response is required. To the extent that any response is required, Defendants deny that Plaintiff's First Amendment rights or activities are affected. As to the remainder of Paragraph 118, Defendants lack sufficient knowledge or information to form a belief as to the allegations and, therefore, deny them.

119.    Defendants incorporate their responses to Paragraphs 1–118 as if fully stated herein.

120.    Paragraph 120 states a legal conclusion to which no response is required.

121.    Defendants admit that Paragraph 121 accurately quotes selected language from 52 U.S.C. § 20507 and that the statute speaks for itself.

122.    Paragraph 122 contains primarily argument, with some legal conclusions, to which no response is required.

123.    Paragraph 123 contains primarily argument, with some legal conclusions, to which no response is required.

124.    Paragraph 124 states a legal conclusion to which no response is required.

125.    Paragraph 125 states a legal conclusion to which no response is required.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **17**

126.    Paragraph 126 contains primarily argument, with some legal conclusions, to which no response is required.

127.    Paragraph 127 contains primarily argument, with some legal conclusions, to which no response is required.

128.    Paragraph 128 contains primarily argument, with some legal conclusions, to which no response is required.

129.    Paragraph 129 contains primarily argument, with some legal conclusions, to which no response is required.

130.    To the extent that Paragraph 130 contains selected language from 52 U.S.C. § 20501, Defendants admit that language is accurately quoted and that the statute speaks for itself. The remainder of Paragraph 130 states a legal conclusion to which no response is required.

131.    Defendants deny the existence of any "Data Sharing Ban." The remainder of Paragraph 131 contains primarily argument, with some legal conclusions, to which no response is required.

132.    Paragraph 132 contains primarily argument, with some legal conclusions, to which no response is required.

133.    Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 133 and, therefore, deny them.

134.    Paragraph 134 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including Plaintiff's characterization of the NVRA and of what "New Mexico seems to envision."

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **18**

135.     Paragraph 135 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including Plaintiff's characterizations of the NVRA and their unfounded allegations of "fraud and error in the voter rolls" and the best methods of identifying alleged errors.

136.     Paragraph 136 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including Plaintiff's characterizations of the NVRA.

137.     Paragraph 137 states a legal conclusion about VRF's compliance with the law, to which no response is required.

138.     Defendants incorporate their responses to Paragraphs 1–137 as if fully stated herein.

139.     Admitted.

140.     Paragraph 140 states a legal conclusion and does not make an allegation of fact to which a response is required. To the extent that any response is required, Defendants deny that the NVRA required disclosure of the records requested.

141.     Defendants admit that the Secretary of State did not respond to the request. Plaintiff's allegations about legal advice to the Secretary of State seek to invade attorney-client privilege, are objectionable, and cannot be responded to. Plaintiff cites no source for the quoted material in Paragraph 141. To the extent it is a quote or paraphrase from Exhibit J, that document speaks for itself. Any remaining allegations or implications in Paragraph 141 are denied.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **19**

142.    Defendants admit that VRF made another request for data in May 2022. Defendants deny that any NVRA violation occurred.

143.    Admitted.

144.    Paragraph 144 states a legal conclusion about VRF's compliance with the law, to which no response is required. Additionally, Defendants lack sufficient knowledge or information to form a belief as to the facts underlying this legal conclusion and, therefore, deny Paragraph 144 in its entirety.

145.    Paragraph 145 states a legal conclusion and does not make an allegation of fact to which a response is required. To the extent that any response is required, Defendants deny that the NVRA required disclosure of the records requested.

146.    Paragraph 146 states a legal conclusion and does not make an allegation of fact to which a response is required.

147.    Defendants deny the allegation of any conspiracy. Further, Plaintiff allegations about legal advice to the Secretary of State seek to invade attorney-client privilege, are objectionable, and cannot be responded to.

148.    Defendants incorporate their responses to Paragraphs 1–147 as if fully stated herein.

149.    Paragraph 149 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including Plaintiff's suggestion of any animus or effect on Plaintiff's First Amendment rights or activities.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **20**

150.     Paragraph 150 contains primarily argument, with some legal conclusions, to which no response is required.

151.     Paragraph 151 contains primarily argument, with some legal conclusions, to which no response is required.

152.     Paragraph 152 contains primarily argument, with some legal conclusions, to which no response is required.

153.     Defendants admit that voter lists contain a great deal of information, including names, addresses, party affiliations, apartment numbers, birthdates, and other sensitive data of registered voters. The remainder of Paragraph 153 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

154.     Paragraph 154 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including Plaintiff's conclusion that speech involving voter lists is "inherently political" and protected.

155.     Denied.

156.     Denied.

157.     Defendants admit that VRF made another request for data in February 2022 and that the Secretary of State did not respond to the request because she was under no obligation to do so. Plaintiff allegations about legal advice to the Secretary of State seek to invade attorney-client privilege, are objectionable, and cannot be responded to. To the extent that the remaining

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **21**

material in Paragraph 157 is a quote or paraphrase from Exhibit J, that document speaks for itself. Any remaining allegations or implications in Paragraph 157 are denied.

158.    Defendants admit that VRF sent a letter to the Secretary of State on or about May 27, 2022, again requesting voter data.

159.    Admitted.

160.    Admitted.

161.    Defendants admit that Paragraph 161 accurately quotes selected language from NMSA § 1-5-2 and accurately paraphrases NMSA § 1-5-5. The remainder of Paragraph 151 contains primarily argument, with some legal conclusions, to which no response is required.

162.    Defendants admit that they have agreed not to voluntarily abdicate their duty to investigate and potentially prosecute VRF under state law. Defendants deny that the Attorney General referred VRF to the FBI for investigation, andfurther deny that Exhibit P, which speaks for itself, supports that allegation.

163.    Defendants admit that Paragraph 163 quotes selected language from a Twitter post but denies that the quote is provided in context or is accurate as presented. Defendants deny the remainder of Paragraph 163, including any allegation that the Secretary of State made false accusations or held improper motivations.

164.    Denied, including Plaintiff's suggestion of any animus or effect on Plaintiff's First Amendment rights or activities.

165.    Paragraph 165 appears to contain a prayer for relief and does not make an allegation of fact to which a response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **22**

166.    Defendants incorporate their responses to Paragraphs 1–165 as if fully stated herein.

167.    Paragraph 167 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

168.    Paragraph 168 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

169.    Paragraph 169 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

170.    Paragraph 170 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

171.    Paragraph 171 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

172.    Paragraph 172 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **23**

173.    Paragraph 173 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

174.    Paragraph 174 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

175.    Defendants lack sufficient knowledge or information to form a belief as to the allegations about Catalist and its practices. The remainder of Paragraph 175 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that New Mexico "sells" data when it follows statutory procedures to provide data to other persons or entities who engage in permitted, lawful uses of voter data under state law.

176.    Paragraph 176 contains primarily argument, with some legal conclusions, to which no response is required.

177.    Paragraph 177 contains primarily argument, with some legal conclusions, to which no response is required.

178.    Defendants deny that they have taken any relevant actions "under the . . . pretense of state law." The remainder of Paragraph 178 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **24**

179.     Paragraph 179 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

180.     Paragraph 180 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

181.     Paragraph 181 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

182.     Defendants lack sufficient knowledge or information to form a belief as to the allegations in Paragraph 182 and, therefore, deny them.

183.     Paragraph 183 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

184.     Paragraph 184 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations including Plaintiff's suggestion of any effect on Plaintiff's First Amendment rights or activities.

185.     Paragraph 185 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations including Plaintiff's suggestion of any animus or effect on Plaintiff's First Amendment rights or activities.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **25**

186.    Defendants deny that they have taken any relevant actions "under the . . . pretense of state law." The remainder of Paragraph 186 contains primarily argument, with some legal conclusions, to which no response is required.

187.    Defendants incorporate their responses to Paragraphs 1–186 as if fully stated herein.

188.    Defendants admit that Paragraph 188 accurately quotes selected language from the First Amendment of the United States Constitution. The remainder of Paragraph 188 state a legal conclusion to which no response is required.

189.    Paragraph 189 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

190.    Paragraph 190 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

191.    Paragraph 191 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

192.    Paragraph 192 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

193.    Defendants deny that New Mexico conditions access to voter data based on the political nature of the requestor or recipient. Defendants admit that New Mexico has and will

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **26**

provide access to voter data in accordance with state law and conditioned on the requestor or recipient limiting use to activities permitted under the law. The remainder of Paragraph 193 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

194.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 194 and, therefore, deny them.

195.    Paragraph 195 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

196.    Paragraph 196 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

197.    Paragraph 197 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

198.    Paragraph 198 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

199.    Paragraph 199 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **27**

200.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 200 and, therefore, deny them.

201.    Paragraph 201 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

202.    Paragraph 202 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

203.    Paragraph 203 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations including Plaintiff's suggestion of any effect on Plaintiff's First Amendment rights or activities.

204.    Paragraph 204 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

205.    Defendants deny that they have taken any relevant actions "under the . . . pretense of state law." The remainder of Paragraph 205 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

206.    Defendants incorporate their responses to Paragraphs 1–205 as if fully stated herein.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **28**

207.     Paragraph 207 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

208.     Paragraph 208 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

209.     Paragraph 209 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

210.     Paragraph 210 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

211.     Paragraph 211 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

212.     Paragraph 212 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations including Plaintiff's suggestion of any effect on Plaintiff's First Amendment rights or activities.

213.     Defendants deny that they have taken any relevant actions "under the . . . pretense of state law." The remainder of Paragraph 213 contains primarily argument, with some legal

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **29**

conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

214.    Defendants incorporate their responses to Paragraphs 1–213 as if fully stated herein.

215.    Defendants deny that a violation of Section 1-4-5.6 is punishable by "up to 18 months in prison," but admit the remainder of Paragraph 215 and that NMSA § 1-4-5.6 speaks for itself.

216.    Paragraph 216 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that New Mexico laws on voter data use are vague.

217.    Paragraph 217 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

218.    Paragraph 218 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

219.    Paragraph 219 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

220.    Paragraph 220 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that New Mexico laws on voter data use are vague.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **30**

221.     Paragraph 221 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that New Mexico laws on voter data use are vague and Plaintiff's suggestion of any effect on Plaintiff's First Amendment rights or activities..

222.     Defendants admit that they have not agreed to voluntarily abdicate their duty to investigate and potentially prosecute VRF under state law. Defendants deny that they have acted in concert to "promote criminal investigation" against VRF in other jurisdictions. The remainder of Paragraph 222 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations including Plaintiff's suggestion of any effect on Plaintiff's First Amendment rights or activities.

223.     Paragraph 223 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

224.     Defendants deny that they have taken any relevant actions "under the . . . pretense of state law." The remainder of Paragraph 224 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

225.     Paragraph 225 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that New Mexico laws on voter data use are vague.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **31**

226.    Paragraph 226 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations, including that New Mexico laws on voter data use are vague.

227.    Defendants incorporate their responses to Paragraphs 1–227 as if fully stated herein.

228.    Paragraph 228 contains primarily argument, with some legal conclusions, to which no response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

229.    Paragraph 229 states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 229 is denied.

230.    Paragraph 230 states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 230 is denied.

231.    Paragraph 231 states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 231 is denied.

232.    Paragraph 232 states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 232 is denied.

233.    Paragraph 233 states a legal conclusion to which no response is required. To the extent a response is required, Paragraph 233 is denied.

234.    Paragraph 234 appears to be a summary of Plaintiff's prayer for relief and does not make an allegation of fact to which a response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **32**

235.    Paragraph 235 appears to be a summary of Plaintiff's prayer for relief and does not make an allegation of fact to which a response is required. To the extent that the paragraph is construed as containing fact allegations, Defendants deny those allegations.

## AFFIRMATIVE DEFENSES

236.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

237.    The statutes at issue are subject to "rational basis" review and meet that standard.

238.    Should the Court determine that the statutes at issue are subject to "intermediate scrutiny," they meet that standard as well.

239.    Should the Court determine that the statutes at issue are subject to "strict scrutiny," they meet that standard as well.

240.    Plaintiff are not entitled to attorneys' fees.

WHEREFORE, Secretary of State Maggie Toulouse Oliver and Attorney General Hector Balderas, in their official capacities, respectfully request this Court deny Plaintiff any relief and grant them such other relief as may be just and proper.

Respectfully submitted,

/s/ *Erin E. Lecocq*
Erin E. Lecocq
Jeffrey D. Herrera
Assistant Attorneys General
P.O. Drawer 1508
Santa Fe, NM 87501-1508
(505) 490-4060
elecocq@nmag.gov
jherrera@nmag.gov

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **33**

*Counsel for Defendants*
*Attorney General Hector Balderas and*
*Secretary of State Maggie Toulouse Oliver*

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **34**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 11, 2022, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ *Jeff Dan Herrera*

*VRF et al. v. Balderas et al.*, Case No. 1:22-cv-00222-JB-KK
Defendants' Answer to Plaintiff's First Amended Complaint
Page **35**