IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **VOTER REFERENCE FOUNDATION, LLC** and **HOLLY STEINBERG** <br><br> Plaintiffs, <br> **v.** <br><br> **HECTOR BALDERAS**, in his official capacity as New Mexico Attorney General, and **MAGGIE TOULOUSE OLIVER,** in her Official capacity as New Mexico Secretary of State, <br><br> Defendants. | CASE NO: 1:22-cv-00222-JB-KK <br><br> PLAINTIFF VOTER REFERENCE FOUNDATION'S NOTICE OF INTENT TO SERVE DOCUMENT SUBPOENA ON THIRD PARTY |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Voter Reference Foundation shall serve the attached subpoenas for document production on Aristotle Inc..

DATED: December 12, 2022

                                            Respectfully submitted,

                                            **GRAVES GARRETT, LLC**

                                            */s/ Edward D. Greim*
                                            Edward D. Greim
                                            Missouri Bar No. 54034
                                            *Admitted Pro Hac Vice*
                                            GRAVES GARRETT LLC
                                            1100 Main Street, Suite 2700
                                            Kansas City, Missouri 64105
                                            Tel.: (816) 256-3181
                                            Fax: (816) 222-0534
                                            edgreim@gravesgarrett.com

**HARRISON, HART & DAVIS, LLC**
*/s/ Carter B. Harrison*
Carter B. Harrison IV
924 Park Avenue SW, Suite E
Albuquerque, NM 87102
Tel: (505) 369-6599
Fax: (505) 341-9340
carter@harrisonhartlaw.com

*Counsel for Plaintiffs*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| VOTER REFERENCE FOUNDATION, LLC )<br>*Plaintiff* )<br>v. )<br>HECTOR BALDERAS, et al. )<br> )<br>*Defendant* ) | Civil Action No. 1:22-cv-00222-JB-KK |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Aristotle International, Inc.
205 Pennsylvania Ave, SE, Washington, D.C. 20003

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Cook Craig Francuzenko<br>3050 CHain Bridge Road, Suite 200<br>Fairfax, VA 22030 | Date and Time:<br>01/06/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/12/2022

*CLERK OF COURT*

OR

_____         /s/ Edward D. Greim
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Voter Reference Foundation, LLC                        , who issues or requests this subpoena, are:

Edward D. Greim, EDGreim@GravesGarrett.com, (816) 256-3181

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:22-cv-00222-JB-KK

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:22-cv-00222-JB-KK   Document 84   Filed 12/20/22   Page 5 of 10

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA

Voter Reference Foundation, LLC ("VRF"), pursuant to Federal Rules of Civil Procedure 34 and 45, serves this Subpoena on Aristotle Inc. Within thirty (30) days of service, Aristotle Inc. shall provide its responses to the Subpoena and shall provide an electronically-sent copy of its responsive documents to counsel for VRF, JTyler@GravesGarrett.com, or may physically deliver its responses to Cook Craig Francuzenko, 3050 Chain Bridge Road, Suite 200, Fairfax, VA 22030.

### Instructions And Definitions

1. Each response shall quote each individual Request to which it responds, including its original reference number, and, pursuant to Fed. R. Civ. P. 34, immediately thereunder state that the requested items will be produced unless the Request is objected to, in which event each reason for objection shall be stated. Each Request must be responded to separately and fully. These Requests are intended to cover all documents in the possession, custody, and control of Aristotle Inc., defined below, are continuing in nature, and must be supplemented as required by the Federal Rules of Civil Procedure

2. Pursuant to Rule 34(b)(2)(E), responsive documents may be produced as they are kept in the ordinary course of business or, alternatively, the documents may be organized and labeled to correspond to each applicable Request. In no event may the content of any such documents be altered, including meta-data or other hidden data and personal information, if that is the form in which the document is produced.

3. These Requests are not intended to seek the production of privileged documents and any time a Request seeks "documents," what is sought for production are non-privileged documents. If a document responsive to a Request is privileged, please so indicate and furnish a list specifying each such document and setting forth the following information: (a) the date of the document; (b) a description of the subject matter of the document; (c) the name, address,

and identification by employment of the person(s) who prepared, received, viewed or has or has had possession, custody, or control of the document; (d) a statement of the basis upon which the privilege is claimed; and (e) the paragraph or paragraphs of the Request to which the document relates.

      4.      Where a requested document has been destroyed, or is alleged to have been destroyed, please furnish a list specifying each such document and setting forth the following information: (a) the date of the document; (b) a description of the subject matter of the document; (c) the name, address, and identification by employment and title of each person(s) who prepared, received, viewed, or has or has had possession, custody, or control of the document; (d) the date of its destruction; (e) the reason for its destruction; (f) the identity of each person(s) having knowledge of its destruction; (g) the paragraph or paragraphs of the Request to which the document relates.

      5.      The term "documents" is used in the broadest sense and includes without limitation the following items whether printed or recorded, reproduced by any mechanical, electronic or photographic process, or written or produced by hand, and shall include all drafts and copies of any such document (unless such draft or copy is identical in every respect with the original or copy thereof produced), namely: electronic mail, agreements; communications, including newspaper or other periodical reports or articles; intra-corporate communications; correspondence; telegrams; memoranda; records of any type; books; summaries or records of telephone conversations; telephone logs; diaries; forecasts; financial statements; statistical statements; management letters; accountants' or clients' work papers; manuals; graphs; charts; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of interviews; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports or

summaries of negotiations' brochures; pamphlets; circulars; trade letters; press releases; mag cards; telex files; teletype; contracts; notes; projections; marginal notations; photographs; drawings; specifications; securities ledgers or other records of original entry; checks, back and front; typed or stenographic transcripts or any testimony given at any legal or investigative proceeding; drafts of any of the foregoing, if applicable; or other documents or writings of whatever description.

6. The term "communication" or any derivation thereof means any oral or written exchange or transmission of words to another person or persons. Oral communications shall include without limitation all discussions, conversations, conferences, meetings, speeches, telephone calls, statements, and questions. Written communications include without limitation all printed, typed, handwritten, or other readable or decodable documents, including electronic mail.

7. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form includes each of the other genders.

8. The term "person" or "individual" means any natural or artificial person, including business entities and other legal entities.

9. The phrases "refer to," "reflect," "relate to," "regarding," "in connection with," "concerning," or any conjugation thereof shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, showing, stating, demonstrating, evidencing, representing, signifying, indicating, presenting, mentioning, commenting on, supporting, contradicting, negating, or referring to the topic or subject in question, either in whole or in part.

10. The terms "you" or "your" means Aristotle Inc. and each and every person, including without limitation any officers, directors, employees, consultants, accountants, representatives, attorneys, or agents, acting or alleged to have acted on its behalf.

11. The term "New Mexico Voter Data" means any data received or derived from a request to the New Mexico Secretary of State's office, the New Mexico Attorney General, or any other New Mexico state or local agency or officer, where such request (1) is made on the New Mexico Voter Data Request Form or Voter Information Authorization Form; or (2) seeks statewide, district, or county-level voter information, or seeks voter registration lists, files, or databases, voter history, methods of voting, or districts associated with voters.

12. None of the Requests in this Subpoena should be construed to require the production of the actual voter data produced to the Subpoena recipient by the New Mexico Secretary of State's Office, the New Mexico Attorney General, or any other New Mexico state or local agency or officer.

## REQUESTS

You must produce at the time, date, and place set forth in the Subpoena the following documents, electronically stored information, or objects and to permit inspection, copying, testing, or sampling of the material:

1. From January 1, 2020, to the present, any communications to or from the New Mexico Secretary of State's Office, the New Mexico Attorney General's Office, or any other New Mexico state or local agency or officer regarding, relating to, or referencing your request, acquisition, use, or distribution of New Mexico Voter Data. This includes, but is not limited to, requests for New Mexico Voter Data using a Voter Data Request Form.

2. From January 1, 2020 to the present, documents sufficient to identify:

a. The New Mexico Voter Data you obtained from the New Mexico Secretary of State's Office, the New Mexico Attorney General's Office, or any other New Mexico state or local agency or officer. This request is limited to documents identifying the voter data requested and/or obtained from the relevant New Mexico agency or official but, as noted above, the data itself need not be provided.

b. The (i) terms, method, timing, and frequency (ii) of your providing, disclosing, transferring, or selling access to New Mexico voter data (iii) to any other persons, including but not limited to your customers, users, clients, vendors, vendees, or other third parties.