IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOTER REFERENCE FOUNDATION, LLC,

      Plaintiff,

v.                                                                                               No. CIV 22-0222 JB/KK

HECTOR BALDERAS, in his official
capacity as New Mexico Attorney General,
and MAGGIE TOULOUSE OLIVER, in her
Official capacity as New Mexico Secretary of
State,

      Defendants.

### AGREED PROTECTIVE ORDER FOR CONFIDENTIAL AND PROPRIETARY INFORMATION

Now on this 14th of February 2023, the Court takes up the parties' Joint and Unopposed Motion for Agreed Protective Order concerning discovery requesting confidential material. After being duly advised of the facts and circumstances, the Court hereby enters this Protective Order as follows.

1. In this lawsuit, several categories of sensitive material are sought in discovery including, but not limited to:

    a. proprietary commercial documents and trade secrets;

    b. client data and information of non-party data vendors; and

    c. confidential internal communications of parties and nonparties.

2. Plaintiff and Defendants (collectively, the "Parties") may designate documents as containing CONFIDENTIAL INFORMATION and therefore subject to protection under this

Order by marking all such documents and materials that they produce in the course of discovery as "Confidential" before producing them to any other Party.

3. For records and other documents concerning any confidential corporate information obtained during discovery, the requesting party shall designate those records and documents as "Confidential" before they are produced or made available for inspection to other Parties to this lawsuit, and before those documents are used as exhibits in depositions, motions or other pleadings. Counsel shall complete their review and/or designation of documents as "Confidential" within 15 days after receipt.

4. In the event any Party to this action disagrees with the designation of documents or materials as "Confidential," the Parties are to attempt to resolve the dispute in good faith on an informal basis. If the Parties cannot resolve the dispute on an informal basis, the Party opposing the designation of confidential information may apply for appropriate relief from the Court, which shall be permitted to conduct an *in camera* review of the materials in question. The Party objecting to designation of material as confidential shall have the burden to establish that the information is not entitled to confidential treatment.

5. Nothing in this agreement shall be construed to strictly prohibit any Party's ability to offer evidence at any hearing or at trial. Should any Party offer any document or other tangible item subject to this agreement at a hearing or trial, the Court shall be notified so that the Court may take whatever steps it deems necessary to maintain the confidentiality of the information.

6. Any objections, including, but not limited to objections based upon relevancy, materiality, and privilege, are reserved and all questions of admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered.

7. Nothing in this Order shall be construed to apply to documents or other tangible items that are found by this Court to have been placed in the public domain, or to be open records under federal law or the law of any state.

8. Before providing copies of or access to any CONFIDENTIAL INFORMATION (or to any copies, prints, transcripts, duplicates, negatives or summaries thereof) to a Party, experts, consultants, witnesses and employees associated with their respective offices, the attorneys for a Party that has received that CONFIDENTIAL INFORMATION shall present a copy of this Protective Order to those persons and confirm in writing that they will comply with the terms, conditions and intent of this agreement. Those Parties, experts, consultants, witnesses, counsel, and other individuals shall agree that they will not give, show, or otherwise, directly or indirectly, disclose any of the CONFIDENTIAL INFORMATION or any of the confidential documents, writings, or other tangible items subject to this Order to any entity, media, or person, except as may be necessary in preparing to render, or in the rendering of expert advice, testimony or assistance in this litigation.

9. QUALIFIED PERSONS other than those designated elsewhere in this Order may be allowed access to CONFIDENTIAL INFORMATION referenced in this Order. QUALIFIED PERSONS as used herein shall include only the following:

    a. any court, mediator or arbitrator handling any aspect of this case, including their personnel, and court reporters and videographers transcribing or recording testimony at depositions or hearing;

    b. expert witnesses who are consulted or retained for any purpose in this lawsuit;

    c. outside or in-house counsel or claims professionals for insurance companies or other indemnitors of any party from which a Party claims coverage or that are providing coverage for claims; and

d. any person who authored the document or information either before or after its designation as "Confidential" hereunder;

e. potential witnesses, and their counsel, to the extent reasonably necessary in connection with their testimony or in preparation therefore;

f. any other person agreed to in writing by counsel for the Party designating the materials as Confidential, as necessarily incident to discovery and/or the preparation for trial of this matter.

g. CONFIDENTIAL INFORMATION shall not be made available to any QUALIFIED PERSONS designated herein unless such QUALIFIED PERSON has first read this Protective Order and has agreed to be bound by the terms thereof.

10. At the time of any hearing or trial of this cause, should it be deemed necessary to use any CONFIDENTIAL INFORMATION, then the Court shall be advised and requested to take whatever actions deemed necessary by the Court to maintain the confidentiality of such information, including limitation on the filing or submittal of such documents, writings or evidence.

11. Nothing in this Protective Order shall prejudice the right of any Party to object to the production of any document or part thereof upon any appropriate ground, including but not limited to relevance, hearsay, and any applicable privilege, and nothing herein shall be construed as a waiver of such rights. Moreover, nothing in this Order shall prejudice the right of any Party to object to the admissibility at trial of any evidentiary material on any appropriate ground.

12. If any document, writing or evidence that a Producing Party or Non-Party intends to designate as CONFIDENTIAL is or has been inadvertently disclosed/produced without being marked consistent with this Order, the failure to so mark the document shall not be deemed a waiver of confidentiality. If any material designated as CONFIDENTIAL is disclosed, through inadvertence or otherwise, to an unauthorized person, then the disclosing person or entity shall use

reasonable efforts to (a) inform such unauthorized person of all the provisions of this Order and (b) request that the unauthorized person sign an acknowledgment of this Order. Any unauthorized person who does not sign the acknowledgment of this Order shall be identified promptly to the Producing Party, Non-Party and Court.

13. Nothing in this Order shall limit any producing Party's use of his, her or its own documents.

14. At the conclusion of this lawsuit, whether by settlement or judgment, all CONFIDENTIAL INFORMATION produced by any Party or obtained by subpoena on a bank or other non-party shall be returned or destroyed as follows:

   a. At the conclusion of the work of all Parties, experts, witnesses, consultants, counsel, or other QUALIFIED PERSONS who received CONFIDENTIAL INFORMATION, shall return all such CONFIDENTIAL INFORMATION, including all confidential documents, writings, and tangible items and all copies and duplicates thereof, to the attorney who retained the expert or consultant or who otherwise provided access to the CONFIDENTIAL INFORMATION and/or materials.

   b. Within 30 days after the conclusion of this lawsuit, whether by settlement, judgment or appeal, any person or Party that received any CONFIDENTIAL INFORMATION shall return all such CONFIDENTIAL INFORMATION, including any copies and duplicates thereof, to counsel for the producing Party or counsel for the Party said non-party requests regard. This shall include all copies of CONFIDENTIAL INFORMATION used by counsel for any Party or shared with any QUALIFIED PERSON. Alternatively, at the option of counsel for the

producing Party or counsel for the Party said non-party requests regard, counsel for a Party that received CONFIDENTIAL INFORMATION may certify in writing to opposing counsel that all such CONFIDENTIAL INFORMATION has been destroyed.

15. The Court retains jurisdiction to amend, modify, or enforce this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Order and adjudicating claims of breaches thereof and administering remedies related thereto.

16. All the provisions of this Protective Order shall survive the conclusion of this Action and shall continue to be binding after the conclusion of this Action and shall continue to be binding after the conclusion of this Action unless specifically and subsequently modified by further order to the Court. "Conclusion of this Action" shall mean the time when all appeal periods have expired and any settlement or judgment has become final.

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A
# ACKNOWLEDGMENT
# AND
# AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____In the case caption, Voter Reference Foundation, LLC. V. Balderas, et al., Case No. 1:22-cv-00222-JB-KK, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the District Court of the District of New Mexico in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:

Date:                                                                  Signature: