## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**VOTER REFERENCE FOUNDATION, LLC,**

      **Plaintiff,**

**v.**                                 **Case No. 1:22-cv-00222-JB-KK**

**RAÚL TORREZ, in his official capacity as**
**New Mexico Attorney General;**

**and**

**MAGGIE TOULOUSE OLIVER, in her official**
**capacity as Secretary of State of New**
**Mexico,**

      **Defendants.**

### MOTION TO STAY SCHEDULING ORDER DEADLINES PENDING APPEAL

Defendants New Mexico Attorney General and the Secretary of State (collectively, at times, "New Mexico") move for a stay of the deadlines in the December 5, 2022, Scheduling Order (ECF No. 82) entered by the district court, pending the resolution of their appeal of the Court's order on preliminary injunction.[1] The Tenth Circuit Court of Appeals has issued a stay of the Preliminary Injunction while the appeal is pending. *See* Order, ECF No. 88. Because many of the issues before the Tenth Circuit are also at issue in the District Court, staying this matter until resolution of the appeal would prevent unnecessary or cumulative discovery, unnecessary motions, and because the Tenth Circuit could

---

[1] Pursuant to D.N.M.LR-Civ. 7.2, Defendants sought Plaintiff's position on this motion and Plaintiff opposes the motion.

potentially narrow the issues that will be before this Court, a stay would ensure "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

**FACTS AND HISTORY OF THE CASE**

The appeal arises out of Plaintiff Voter Reference Foundation's[2] ("VRF") constitutional challenge to provisions of the New Mexico Election Code that restrict the use of voter data. *See* Mem. Op. & Order, ECF No. 51 ("Mem. Op."). VRF had posted such voter data for all New Mexicans, including their home addresses, voting history, and party registration online. Mem. Op. 7, ¶ 21 & 19, ¶ 75. Following the Secretary of State's referral of VRF to the Attorney General for investigation and possible prosecution for this online posting, VRF sought declaratory and injunctive relief barring the Attorney General and Secretary of State from enforcing the challenged provisions of the Election Code against it. Mem. Op. 24–25, ¶ 96 & 39.

VRF moved for a preliminary injunction, claiming that its claimed purposes of posting the voter data online—allowing the crowd-sourced "audit" of the voter data to identify errors in New Mexico's voter rolls—rendered the online posting a permissible use of the data under the Election Code. *See* Mem. Op. 40, 62–63. Alternatively, VRF argued that the Secretary of State's interpretation and application of the challenged provisions was unconstitutional, both facially and as-applied to VRF. *See* Mem. Op. 41–44. VRF argued that the restrictions on the use of voter data were a direct restriction on speech, unconstitutional prior restraints, overbroad, and void for vagueness. Mem. Op. 41–44. At

---

[2] Another Plaintiff, Holly Steinberg, was dismissed for lack of standing and is not a plaintiff in the operative complaint. Mem. Op. 164–65.

the preliminary injunction hearing, VRF also argued that the Secretary of State engaged in viewpoint discrimination based on partisan hostility when she referred VRF to the Attorney General for investigation. Mem. Op. 67–68.

The district court entered a preliminary injunction. Mem. Op. 2, 169. Among other conclusions, the Court disagreed with the Secretary of State's interpretation of the New Mexico Election Code and concluded that VRF was entitled to a Preliminary Injunction, because, the Court stated, "although Voter Reference [sought] a disfavored injunction, Voter Reference is likely to succeed on the merits of part of its viewpoint discrimination and prior restraint claims, and Voter Reference shows that it will suffer irreparable injury absent a PI." Mem. Op. 2.

After entry of the Preliminary Injunction, Plaintiff filed an Amended Complaint, adding a count involving the referral-as-prior-restraint theory upon which the District Court based the Preliminary Injunction. Am. Compl., ECF No. 74. Plaintiff also added an allegation that the Voter Registration Act in New Mexico's Election Code is preempted by the federal National Voter Registration Act. *Id.* at ¶¶ 138-47. The latter issue is not on appeal.

Though the District Court denied Defendants' motion for a stay, the Tenth Circuit issued a stay of the preliminary injunction, stating Defendants had met their burden in establishing the factors for a stay under *Nken v. Holder*: "In deciding whether to grant a stay pending appeal, we consider the traditional factors: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"

Order 1-2, ECF No. 88 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted)). By staying the preliminary injunction pending appeal, the Tenth Circuit's order suggests that New Mexico has made a strong showing that it is likely to succeed on the merits of its appeal. *Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1112–13 (D.N.M. 2017) (Browning, J.) (describing Tenth Circuit's standard for stay pending appeal as "requir[ing] a strong showing of likelihood of success" (citations and internal quotation marks omitted)).

The current case management order sets the following deadlines: the deadline for discovery was set for February 14, 2023, but was continued to March 3 by agreement of the parties; pretrial motions are due no later than March 16, 2023; pretrial orders are due from Plaintiff on May 25, 2023 and from Defendants on May 31, 2023; and trial is set for June 12, 2023.

In the appeal, Appellants' Opening Brief and Appellee's Answer Brief have been filed, with Appellants' Reply Brief due on March 15, 2023.

## **ARGUMENT**

While some written discovery has been propounded and answered by all parties, no depositions have yet been taken. Before the parties incur the costs of depositions and additional discovery, a stay in the discovery deadlines until the issues on appeal are addressed and are possibly narrowed would assist all parties in ensuring their discovery is within the scope of and relevant to the issues that will be litigated before the District Court. With pretrial motions and trial deadlines also quickly approaching, a stay is necessary to

determine the law that will be applicable to Plaintiffs' claims before they are litigated and decided.

### A.     Standard of Review

The Court may modify its Scheduling Order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). A showing of good cause includes where the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension. Rule 16 Fed. R. Civ. P. advisory committee's notes (1983 amendment). The purpose of the rule is "to stimulate litigants to *narrow the areas of inquiry and advocacy to those they believe are truly relevant and material.* Time limits not only compress the amount of time for litigation, they should also reduce the amount of resources invested in litigation." Rule 16 Fed. R. Civ. P. advisory committee's notes (1983 amendment) (citing Report of the National Commission for the Review of Antitrust Laws and Procedures 28 (1979)) (emphasis added).

Moreover, amending the case scheduling order is warranted when there are threshold questions that must be resolved before discovery can reasonably be completed. *See e.g. Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (stating if discovery should not be allowed until the threshold question is resolved, a case should not be permitted to proceed to trial until the question is resolved.).

### B.     The Appeal of the Preliminary Injunction Is Directly Related to, and Will Necessarily Affect, Issues That Are Before This Court.

All parties have been diligently participating in written discovery and have been abiding by all deadlines. However, the pending appeal of the Preliminary Injunction before

the Tenth Circuit is likely to narrow and provide clarity on the issues before this court, including in discovery, motions practice, and at trial.

The first issue on appeal is whether the Secretary of State's referral to the Attorney General for investigation of VRF's use of voter data constitutes a prior restraint. This issue is a significant part of Plaintiff's Amended Complaint, comprising all of the allegations in Count IV. Defs.' Br. in Chief 24-25, 37-39, No. 22-2101 (10th Cir. Dec. 08 2022) ("Defs. Br. In Chief"); Am. Compl. ¶¶ 167, 179-184. If the Tenth Circuit determines the referral and investigation does not constitute a prior restraint, discovery regarding that referral will be of less or no relevance. Alternatively, if the Tenth Circuit rules that a referral can be a prior restraint under certain conditions, the opinion may guide discovery as to whether those conditions exist.

The second issue on appeal is whether Plaintiff's allegation of disparate treatment can support a viewpoint discrimination claim and, if so, under what circumstances. Defs.' Br. in Chief 40-43; Am. Compl. ¶¶ 151, 155, 194, 197. Again, a ruling on this issue will determine the relevance of discovery regarding the handling of data requests by VRF and other entities as well as the legal standards by which to target any relevant discovery. It will be difficult to take and defend depositions of witnesses regarding the Defendants' responses to requests for and uses of voter data by various entities before the Tenth Circuit identifies the legal standard for bringing a claim based on those responses. Moreover, this issue is squarely presented by Plaintiff's proposed deposition topics (topics No. 4, 7, & 8) to the Secretary of State.

The final issue on appeal that is likely to affect discovery and future litigation is the Court's recognition and weighing of New Mexico's interest in maintaining the privacy of its voter rolls. Defs.' Br. in Chief 43-46. A ruling by the Tenth Circuit defining the contours of this interest would affect Defendants' discovery on this issue as well as the information Plaintiff seeks in depositions. Again, this issue is expressly addressed as topic 8 on Plaintiff's 30(b)(6) notice to the Attorney General and topic 10 in its notice to the Secretary. Without clarification from the Tenth Circuit as to the balance of public harm and VRF's posting of voter data, it is difficult to know where to focus Defendants' efforts with respect to further written discovery and depositions.

While both Plaintiff and Defendants are seeking discovery on these issues now, Plaintiff has issued notices of depositions under Fed. R. Civ. P. 30(b)(6). In those notices, Plaintiff is seeking to depose agents of both the Attorney General's Office and the Secretary of State on topics such as "contacts . . . with respect to the criminal investigation of VRF," and "facts showing that New Mexico has a valid, substantial, or compelling interest in prohibiting and potentially in criminalizing VRF's conduct." Notice of Dep. of Def. Toulouse Oliver Under Fed. R. Civ. P. 30(b)(6) (Ex. A); Notice of Dep. of Def. Torrez Under Fed. R. Civ. P. 30(b)(6) (Ex. B). These topics are squarely at issue in the pending appeal.

It is difficult and likely wasteful to move forward with deposing witnesses from the Secretary's office and the Office of the Attorney General without knowing which, if any, of these topics will be answered or clarified by an order issued by the Tenth Circuit. In order to litigate these claims and defenses, Defendants (and Plaintiffs, in all probability) are

called upon to develop discovery and briefing strategies in the shadow of an uncertain appellate ruling.

The risk here is not only needing to depose witnesses twice, it is the likelihood of burdening all parties with additional, unnecessary discovery. In addition to wasteful discovery, the Tenth Circuit's ruling will affect strategy on how to go forward with potential experts, motion practice, and trial. Given the risks of duplicative discovery, a stay of the case management deadlines may not even delay the ultimate resolution of the case. But if it did, such a limited delay would be justified to ensure "the just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. Wright & Miller address the scenario presented here, stating "[I]t would be advisable for the district court to determine whether the same issue has been presented on appeal, and to defer action when it seems reasonably probable that appellate decision of the same question is imminent. More broadly, the district court should—with help from the parties—consider the possibility that the issues framed on appeal may change the context of the matters presented for district-court action." § 3921.2 Interlocutory Injunction Appeals—Trial Court Action Pending Appeal, 16 Fed. Prac. & Proc. Juris. § 3921.2 (3d ed.).

### C.   Proposed Legislation May Also Affect the Issues Before This Court and the Outcome of This Matter.

House Bill 4, titled "Voting Rights Protections," was introduced during this current legislative session and proposes a number of changes to the statutes being challenged here. Section 3 proposes to amend NMSA 1978, Section 1-4-5.5 by removing the phrase "election" from the purposes for which access to voter data is permitted, and would add a section

explicitly prohibiting the transfer of such data to the general public. While the ultimate outcome of this bill is unknown, as of the date of this Motion, the Bill has already passed the House of Representatives by a 41 to 26 vote.

Passage of this bill and its codification into the election code would also affect the issues before this Court, including potentially VRF's continued standing to bring certain claims. The outcome of the bill is likely to be known before the outcome of the appeal, but it adds to the unformulated nature of the current state of this litigation and further merits a stay of the Scheduling Order deadlines.

## CONCLUSION

For the reasons stated above, Defendants respectfully request the district court stay the scheduling deadlines including the deadlines for discovery, pretrial motions, and trial, until the Tenth Circuit rules on Defendants' appeal of the Court's order granting a preliminary injunction.

By: */s/ Erin E. Lecocq*
Erin E. Lecocq
Jeff D. Herrera
Office of the New Mexico Attorney General
408 Galisteo St
Santa Fe, NM 87501
Tel.: (505) 490-4060
Fax: (505) 490-4881
elecocq@nmag.gov
jherrera@nmag.gov

***Counsel for Defendants New Mexico Attorney General Raúl Torrez and New Mexico Secretary of State Maggie Toulouse Oliver***

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

On February 23, 2023 I filed the foregoing document through the Court's CM/ECF

system, which caused all parties or counsel of record to be served by electronic means, as

more fully reflected on the Notice of Electronic Filing.

<u>/s/ Erin Lecocq</u>
Erin Lecocq
