IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VOTER REFERENCE FOUNDATION,
LLC** and **HOLLY STEINBERG,**

      **Plaintiffs,**

v.

                                              **Case No: 1:22-cv-00222-JB-KK**

**RAÚL TORREZ, in his official capacity as New
Mexico Attorney General, and MAGGIE
TOULOUSE OLIVER, in her official capacity
as New Mexico Secretary of State,**

      **Defendants.**

**DEFENDANT RAÚL TORREZ'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF VOTER
REFERENCE FOUNDATION'S FIRST INTERROGATORIES,
<u>REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION</u>**

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant Raúl Torrez, in his official capacity as New Mexico Attorney General ("Defendant"), submits this First Supplemental Response to Plaintiff Voter Reference Foundation's First Interrogatories, First Requests for the Production of Documents, and First Requests to Admit ("Plaintiff's First Set of Discovery"). Defendant's responses shall be without prejudice to any objections he may have to the relevance or admissibility of any response at any hearing, trial, or on summary judgment in this Action. Defendant's investigation and development of all facts and circumstances related to this Action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at hearing, trial, or on summary judgment.

*Voter Reference Foundation et. al.  v. Hector Balderas, et al.,* Case No. 1:22-cv-00222-JB-KK
*First Supplemental Response to First Set of Discovery*
Page **1** of **9**

EXHIBIT
P4

7.      Defendant objects to each interrogatory and request to the extent that it, or any of them, seeks documents or information already in the possession of Plaintiffs or to which Plaintiffs have equal access.

8.      Defendant objects to each interrogatory and request to the extent that it, or any of them, seeks information or documents that are not in Defendants' possession, custody, or control.

9.      Defendant objects to each interrogatory and request to the extent that it, or any of them, seeks information or documents that are unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.      Defendant objects to Request for Production Instruction 3 and Interrogatories Instruction 2 to the extent that these instructions requests information about Defendant's privilege claims more broadly than is required by the Federal Rules of Civil Procedure and the Local Rules of the District of New Mexico.

2.      Defendant objects to Request for Production Instruction 10, Interrogatories Instruction 10, and Request for Admissions Instruction 4 as factually incorrect, overbroad, and unduly burdensome, and to the extent that these instructions purport to enlarge, expand, or in any way alter the plain meaning and scope of the Federal Rules of Civil Procedure.

## RESPONSE AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**      State whether You have conducted any investigation or made any inquiry into the use or sharing of voter data by Catalist, i360, or any other commercial entity

*Voter Reference Foundation et. al.  v. Hector Balderas, et al.,* Case No. 1:22-cv-00222-JB-KK
*First Supplemental Response to First Set of Discovery*
Page **4** of **9**

that has purchased voter data from New Mexico. If answered affirmatively, state the date on which the investigation or inquiry took place, the party or parties contacted, and the results of the investigation or inquiry, and identify any Documents created in the course of the investigation or inquiry or otherwise reflecting the investigation or inquiry.

**RESPONSE:**

Defendant notes that discovery is ongoing and more facts may be ascertained that are currently unknown to Defendant. Accordingly, Defendant reserves the right to supplement this response.

Defendant objects to this Interrogatory as outside the scope of relevance to the current action. *See* Fed. R. Civ. P. 26(b)(1). Facts concerning Catalist, i360, or any other commercial entity are beyond the scope of this Action and immaterial to the validity of the statutes potentially violated by Plaintiff VRF.

Without waiving, and subject to, the foregoing General and Specific Objections, Defendant has not received a referral from a state or county elections agency or a citizen complaint concerning the above-referenced entities. That Defendant has not conducted an investigation or inquiry into the above-referenced entities does not preclude Defendant from doing so.

**RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that You advised the Secretary of State's Office to not respond to VRF's February 2022 request for voter data.

*Voter Reference Foundation et. al. v. Hector Balderas, et al.,* Case No. 1:22-cv-00222-JB-KK
*First Supplemental Response to First Set of Discovery*
Page **5** of **9**

**Response:**

Defendant objects to this Request for Admission as seeking information protected by the attorney-client privilege. "The [attorney-client] privilege protects confidential communications by a client to an attorney made in order to obtain legal assistance from the attorney in his capacity as legal advisor." *Vondrak v. City of Las Cruces*, 760 F.Supp. 2d 1170, 1173 (D.N.M. 2009) (internal quotations and citations omitted). "The attorney-client privilege applies to 'confidential communications made for the purpose of facilitating the rendition of professional legal services to the client.'" *Bd. of Comm'rs of Doña Ana Cty v. Las Cruces Sun-News*, 2003-NMCA-102, ¶ 25, 134 N.M. 283, 76 P.3d 36, 44 (quoting Rule 11-503(B) NMRA).

**REQUEST FOR ADMISSION NO. 2:** Admit that You have contacted the FBI regarding VRF.

**Response:**

Admit.

**REQUEST FOR ADMISSION NO. 3:** Admit that You have communicated with other state attorneys' general's offices regarding VRF.

**Response:**

Admit.

**REQUEST FOR ADMISSION NO. 4:** Admit that You have not declined to investigate or prosecute VRF for its use or sharing of voter data, including but not limited to the operation of the website VoteRef.com.

**Response:**

*Voter Reference Foundation et. al.  v. Hector Balderas, et al.,* Case No. 1:22-cv-00222-JB-KK
*First Supplemental Response to First Set of Discovery*
Page **6** of **9**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, *Defendant Raúl Torrez's First Supplemental Response To Plaintiff Voter Reference Foundation's First Interrogatories, Requests For Production, And Requests For Admission* were served by email to Petitioner's counsel of record along with Defendant's document production and this *Certificate of Service* as follows:

Edward D. Greim
GRAVES GARRETT LLC
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com

*and*

Carter B. Harrison IV
924 Park Avenue SW, Suite E
Albuquerque, NM 87102
Tel: (505) 369-6599
Fax: (505) 341-9340
carter@harrisonhartlaw.com

/s/ *Erin E. Lecocq*

*Voter Reference Foundation et. al.  v. Hector Balderas, et al.,* Case No. 1:22-cv-00222-JB-KK
*First Supplemental Response to First Set of Discovery*
Page **9** of **9**