IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VOTER REFERENCE FOUNDATION, LLC,**

      **Plaintiff,**

v.

                                                                                                   Case No: 1:22-cv-00222-JB-KK

**RAUL TORREZ[1], in his official capacity as New Mexico Attorney General, and MAGGIE TOULOUSE OLIVER, in her official capacity as New Mexico Secretary of State,**

      **Defendants.**

# RESPONSE OF DEFENDANT SECRETARY OF STATE MAGGIE TOULOUSE OLIVER, IN HER OFFICIAL CAPACITY, TO PLAINTIFF VOTER REFERENCE FOUNDATION'S THIRD <u>INTERROGATORIES AND REQUESTS FOR PRODUCTION</u>

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant Maggie Toulouse Oliver, in her official capacity as New Mexico Secretary of State ("The Secretary"), responds to Plaintiff Voter Reference Foundation's Third Interrogatories and Third Requests for the Production of Documents ("Plaintiff's Third Set of Discovery"). The Secretary's responses shall be without prejudice to any objections she may have to the relevance or admissibility of any response at any hearing, trial, or on summary judgment in this Action. The Secretary's investigation and development of all facts and circumstances related to this Action is ongoing. These responses

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Raul Torrez is substituted for Hector Balderas as New Mexico Attorney General.

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
Response to VRF Third Set of Discovery
Page **1** of **18**

EXHIBIT P25

Reports of harassment and violence are well-known through local and national news sources and, among other incidents, include recent violence in New Mexico against political candidates by election fraud activists. *See, e.g.*, *State v. Pena*, Docket No. D-202-CR-202300276 (N.M. 2d Jud. Dist.).

The Secretary notes that discovery is ongoing and more facts may be ascertained that are currently unknown to the Secretary. Accordingly, the Secretary reserves the right to supplement this response.

**INTERROGATORY NO. 11:** Identify all facts and documents supporting your denial that VRF complied with its notice requirements under the National Voter Registration Act before filing its First Amended Complaint.

**Response**:

Defendants did not deny Plaintiffs' assertions that VRF complied with the NVRA's notice requirements in Plaintiffs' Amended Complaint, ¶¶ 23; 137; 144. Defendants' Answer stated the allegation called for a legal conclusion and did not require a response, or indicated they did not have sufficient information to respond. Defendants' Answer to Amended Complaint, ¶¶ 23; 137; 144. As the Secretary did not deny the factual basis of these assertions, the Secretary cannot respond to this Interrogatory.

**INTERROGATORY NO. 12:** Identify all facts and documents supporting your denials (see, e.g., Answer, ¶¶ 186, 205, 213, 224) that you took any actions relevant to this case under the color or pretense of New Mexico law.

**Response**:

*Voter Reference Foundation et. al. v. Raul Torrez, et al.*, Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **6** of **18**

The Secretary states that the only database in the Secretary's possession is the voter file they maintain pursuant to statute; all registration or other updates are done at the county level. If the Secretary receives a request for information related to this data pursuant to the National Voter Registration Act, the Secretary's staff can run a report in response to that specific request from the raw data. The Secretary is not in possession of any specific documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:** Produce any file maintenance list.

**Response:**

The Secretary objects to this Request as beyond the scope of discovery because it is irrelevant to the current action and because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The actual voter roll data is not at issue in this litigation, only whether the Secretary has violated Plaintiff's alleged right to obtain this data. Because this information would have to be heavily redacted to produce, and because the raw data contains information on every registered voter in New Mexico, this request is overbroad and unduly burdensome. Additionally, Plaintiff is attempting to obtain recent voter data via discovery, which is not appropriate. Subject to, and without waiving the above objections, the Secretary states that only voter roll raw data is kept, and not any file maintenance list.

**REQUEST FOR PRODUCTION NO. 16:** Produce documents sufficient to show any policies, procedures, or practices, whether formal or informal, that the Secretary's office follows when receiving requests for voter data (1) under New Mexico law; and (2) under the National Voter Registration Act.

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **15** of **18**

The Secretary notes that discovery is ongoing and more facts and documents may be ascertained that are currently unknown to the Secretary. The Secretary is entitled to rely on any documents that have been or will be timely disclosed, as well as any documents received from Plaintiff. Any consolidated version of these documents is not required at this point pursuant to the Federal Rules of Civil Procedure, and the Secretary will provide exhibit lists or other disclosures pursuant to the rules and any schedule set by the Court.

Respectfully submitted,

By: /s/ Erin Lecocq
    Erin Lecocq
    Jeff D. Herrera
    Office of the New Mexico Attorney General
    408 Galisteo Street
    Santa Fe, NM 87501
    Tel.: (505) 490-4060
    Fax: (505) 490-4881
    elecocq@nmag.gov
    jherrera@nmag.gov

*Counsel for Defendants*

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **18** of **18**