| | |
|---|---|
| **From:** | Lecocq, Erin |
| **To:** | Greim, Edward D. |
| **Cc:** | Jeffrey Herrera; Mueller, Matthew; Badell, Rebekah; Carter B. Harrison IV; Kelsey Schremmer; Nicholas Sydow |
| **Subject:** | Re: VRF v. AGO/SOS -- timelines and deadlines |
| **Date:** | Tuesday, February 21, 2023 6:13:34 PM |

Good afternoon Mr. Greim,

Mandy Vigil will act as the agent for the Secretary of State. Both Ms. Vigil and Mr. Curtas are available on 2/27 for depositions in Santa Fe. As for Mr. Lange, because he is general counsel to the Secretary of State, the vast majority of his testimony would be subject to the attorney-client privilege or attorney work product. Do you still wish to take his deposition? If so, we will likely seek a protective order for Mr. Lange.

For the Attorney General, as you may know, we are still navigating the transition in administrations as well as working through the Legislative Session. We will provide you with a response regarding the proposed 30(b)(6) deposition of the AG as soon as possible. Thank you for your patience with us as we go through this.

Please see responses to your questions about written discovery below:

AG Responses:
Rog 2: This Rog asks for the basis for any denials of RFAs.
--The Attorney General states that he "does not believe sharing data alone, without more context or information about the sharing, necessarily constitutes a violation of New Mexico law based on the AG' reading of...Section 1-4-5.5(c)." But the question is what sort of context turns sharing "alone" into criminal conduct. Either the AG can provide that answer, or the answer is that it is impossible to know in advance, but we would like to have that part of the response.
**Answer: Both the AG and the SOS believe that "sharing data" outside one's organization, or publishing that data to make it available for the general public, constitutes a violation of New Mexico Law. This is not just the act of sharing data, but rather disseminating that information to the general public.**

--The Attorney General states that no definition of "publishing online" was provided. "Publishing online" simply has its ordinary meaning: making the data available on the Internet to members of the public. Your response notes that the inquiry may turn on whether the purpose of the publication is a permissible use. For example, if the purpose is to engage in speech about the maintenance of voter files, is that kind of "publishing online" permissible because it is an election-related, governmental, or campaign-related purpose? Or is it impermissible because it is not one of these three purposes? If the reason the data is published and used by members of the public matters, please clarify.
**Answer: "Publishing online" could be construed to mean anything from making an internal list of registered voters for use in an internal website, or a secured website, or maintaining that information on an internal website for others to access internally, such as on Google Drive, or sending mass emails to voters as part of a**

EXHIBIT P31

campaign. The AG believes this type of "publishing," used within the context of permissible government or election campaign use, is acceptable, whereas "publishing" to the general public is not.

SOS Responses:
Rog 2: This Rog asks for the basis for any denials of RFAs.
--the SOS provides the same answer as the AG regarding "sharing data alone." We pose the same question posed to the AG, above. **See above.**
--Rog 9: the Secretary objects that "facts concerning other entities or organizations are beyond the scope of this Action…" Yet the Secretary has repeatedly argued that facts concerning other entities or organizations are part of VRF's affirmative case for purposes of showing viewpoint discrimination. Does the Secretary stand by this objection? And is there any information that is responsive to this Rog that the Secretary is withholding based on the objection? The response is unclear. The Secretary makes the same objection in response to RFP 8. Again, please confirm that the Secretary's position is that your communications with other parties who have requested access to New Mexico voter data is irrelevant as a matter of law to the current action, or otherwise, please withdraw the objection and produce any remaining responsive documents. If no responsive documents were withheld, regardless of the objection, please let us know that, too; it is unclear to us whether your objection actually caused you to withhold responsive documents.
**Answer: The issue that the SOS believes is before the court is the issue of publishing voter data online, not how entities, including VRF, obtain the information. Because no other entity publishes voter data to the general public, how any other entities obtained non-published information is irrelevant.**

RFA 3: The definition of "publication" is the posting of data on the internet so that it is available to members of the public, outside of the posting organization. We believe this is implicit from the RFA asked, but does this clarification change your admission of RFA 3?
**Answer: As stated above, the definition of publication might be straightforward, but the question is who is able to access that information, as it depends on whether it's published on a secure website or a website accessible only by certain people. To that extent, the clarification that it is published to members of the public helps with that distinction, and that would not change the Secretary's admission to that RFA. The Secretary believes that publishing voter data to the general public constitutes a violation of NM law.**

Please let me know if you have any more questions, and, again, thank you for your patience with us with respect to the AG 30(b)(6) witness.

Best,

On Mon, Feb 20, 2023 at 5:54 PM Greim, Edward D. <EDGreim@gravesgarrett.com> wrote:

> Erin and Jeff:

Just circling back on your choice of representative for the AG and the SOS. Please advise.

Also, we want to clarify a few items from the second round of discovery. If these cause you to change or supplement your previous answers, it will save us time on Monday and Tuesday.

Eddie

---

AG Responses:

Rog 2: This Rog asks for the basis for any denials of RFAs.

--The Attorney General states that he "does not believe sharing data alone, without more context or information about the sharing, necessarily constitutes a violation of New Mexico law based on the AG' reading of…Section 1-4-5.5(c)." But the question is what sort of context turns sharing "alone" into criminal conduct. Either the AG can provide that answer, or the answer is that it is impossible to know in advance, but we would like to have that part of the response.

--The Attorney General states that no definition of "publishing online" was provided. "Publishing online" simply has its ordinary meaning: making the data available on the Internet to members of the public. Your response notes that the inquiry may turn on whether the purpose of the publication is a permissible use. For example, if the purpose is to engage in speech about the maintenance of voter files, is that kind of "publishing online" permissible because it is an election-related, governmental, or campaign-related purpose? Or is it impermissible because it is not one of these three purposes? If the reason the data is published and used by members of the public matters, please clarify.

SOS Responses:

Rog 2: This Rog asks for the basis for any denials of RFAs.

--the SOS provides the same answer as the AG regarding "sharing data alone." We pose the same question posed to the AG, above.

--Rog 9: the Secretary objects that "facts concerning other entities or organizations are beyond the scope of this Action…" Yet the Secretary has repeatedly argued that facts concerning other entities or organizations are part of VRF's affirmative case for purposes of showing viewpoint discrimination. Does the Secretary stand by this objection? And is there

any information that is responsive to this Rog that the Secretary is withholding based on the objection? The response is unclear. The Secretary makes the same objection in response to RFP 8. Again, please confirm that the Secretary's position is that your communications with other parties who have requested access to New Mexico voter data is irrelevant as a matter of law to the current action, or otherwise, please withdraw the objection and produce any remaining responsive documents. If no responsive documents were withheld, regardless of the objection, please let us know that, too; it is unclear to us whether your objection actually caused you to withhold responsive documents.

RFA 3: The definition of "publication" is the posting of data on the internet so that it is available to members of the public, outside of the posting organization. We believe this is implicit from the RFA asked, but does this clarification change your admission of RFA 3?

,

**From:** Greim, Edward D.
**Sent:** Thursday, February 09, 2023 5:29 PM
**To:** Lecocq, Erin <elecocq@nmag.gov>
**Cc:** Mueller, Matthew <mmueller@gravesgarrett.com>; Badell, Rebekah <RBadell@gravesgarrett.com>; Carter B. Harrison IV <carter@harrisonhartlaw.com>; Badell, Rebekah <RBadell@gravesgarrett.com>
**Subject:** RE: VRF v. AGO/SOS -- timelines and deadlines


Erin,

Here are the revised notices I promised last week. Please let us know who you do end up selecting as the AG representative(s). Also, please let us know who will be the SOS rep; we assume it will be Lange, Vigil, or Pino or some combination of the three.


Eddie


**From:** Greim, Edward D.
**Sent:** Thursday, February 02, 2023 2:34 PM
**To:** Lecocq, Erin <elecocq@nmag.gov>
**Cc:** Mueller, Matthew <mmueller@gravesgarrett.com>; Badell, Rebekah