IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**VOTER REFERENCE FOUNDATION, LLC,**

      **Plaintiff,**

v.

      Case No: 1:22-cv-00222-JB-KK

**RAUL TORREZ**[1]**, in his official capacity as New Mexico Attorney General, and MAGGIE TOULOUSE OLIVER, in her official capacity as New Mexico Secretary of State,**

      **Defendants.**

# RESPONSE OF DEFENDANT SECRETARY OF STATE MAGGIE TOULOUSE OLIVER, IN HER OFFICIAL CAPACITY, TO PLAINTIFF VOTER REFERENCE FOUNDATION'S THIRD INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant Maggie Toulouse Oliver, in her official capacity as New Mexico Secretary of State ("The Secretary"), responds to Plaintiff Voter Reference Foundation's Third Interrogatories and Third Requests for the Production of Documents ("Plaintiff's Third Set of Discovery"). The Secretary's responses shall be without prejudice to any objections she may have to the relevance or admissibility of any response at any hearing, trial, or on summary judgment in this Action. The Secretary's investigation and development of all facts and circumstances related to this Action is ongoing. These responses

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Raul Torrez is substituted for Hector Balderas as New Mexico Attorney General.

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **1** of **18**

EXHIBIT
P33

Subject to, and without waiving, this objection, the Secretary states Plaintiff is already in possession of any non-privileged documents responsive to this request, marked as Exhibits P1- P15 for the Preliminary Injunction hearing, and referenced in that hearing. The Secretary is not in possession of any additional documents.

**REQUEST FOR PRODUCTION NO. 13:** Produce all documents reflecting any rules, policies, guidance, protocols, or communications, whether internal or made public, regarding: (a) what purposes or uses are permissible or impermissible for requesters of voter data; and (b) what types of sharing, communication, disclosure, or transmission of voter data (including but not limited to posting, publication, or transmittal on a website or through the internet) by a person or entity, are permissible or impermissible under New Mexico law.

**Response:**

The Secretary objects to this Request because this information is publicly available on the Secretary's website at https://www.sos.nm.gov/voting-and-elections/data-and-maps/voter-data-information/. The Secretary is not in possession of any additional documents.

**REQUEST FOR PRODUCTION NO. 14:** Produce documents sufficient to show each type of report, list, database, or document the Secretary maintains that contain voter data, including but not limited to each type of document the Secretary contends it will produce if it receives a request under the National Voter Registration Act.

**Response:**

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **14** of **18**

The Secretary states that the only database in the Secretary's possession is the voter file they maintain pursuant to statute; all registration or other updates are done at the county level. If the Secretary receives a request for information related to this data pursuant to the National Voter Registration Act, the Secretary's staff can run a report in response to that specific request from the raw data. The Secretary is not in possession of any specific documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:** Produce any file maintenance list.

**Response:**

The Secretary objects to this Request as beyond the scope of discovery because it is irrelevant to the current action and because it is overbroad, unduly burdensome, and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The actual voter roll data is not at issue in this litigation, only whether the Secretary has violated Plaintiff's alleged right to obtain this data. Because this information would have to be heavily redacted to produce, and because the raw data contains information on every registered voter in New Mexico, this request is overbroad and unduly burdensome. Additionally, Plaintiff is attempting to obtain recent voter data via discovery, which is not appropriate. Subject to, and without waiving the above objections, the Secretary states that only voter roll raw data is kept, and not any file maintenance list.

**REQUEST FOR PRODUCTION NO. 16:** Produce documents sufficient to show any policies, procedures, or practices, whether formal or informal, that the Secretary's office follows when receiving requests for voter data (1) under New Mexico law; and (2) under the National Voter Registration Act.

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **15** of **18**

**Response:**

The Secretary states there are no written procedures other than what is required of the Secretary pursuant to the National Voter Registration Act (52 U.S.C. §§ 20501 et seq.) and the New Mexico Inspection of Public Records Act (NMSA 1978, §§ 14-2-1 et seq.). Additionally, this information is publicly available on the Secretary's website at https://www.sos.nm.gov/voting-and-elections/voter-information-portal/rumor-vs-reality/.

**REQUEST FOR PRODUCTION NO. 17:** Produce any contracts, memoranda of understanding, or communications with ERIC from January 1, 2020 to the present that indicate what voter data New Mexico shares with ERIC, and which other states, agencies, or entities ERIC shares New Mexico voter data with.

**Response:**

The Secretary objects to this Request as beyond the scope of discovery because it is irrelevant to any claim or defense, overly broad, and disproportionate to the needs of the case. This lawsuit is about Plaintiff's improper use of voter roll data, and any other states or agencies that share information with New Mexico is outside the scope of the issues here. Additionally, the Secretary objects to this Request as vague and ambiguous, as "ERIC" is not defined.

To the extent this Request seeks information regarding the consortium of states "electronic registration information center," the mechanism for interaction is outlined in NMSA 1978 § 1-4-1.1(D) ("The secretary of state shall provide to the appropriate county clerk in this state and to no other person necessary information or documentation received by the secretary of state from or through an agency or political subdivision of this state, a federal department, the chief election

*Voter Reference Foundation et. al. v. Raul Torrez, et al.*, Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **16** of **18**

The Secretary notes that discovery is ongoing and more facts and documents may be ascertained that are currently unknown to the Secretary. The Secretary is entitled to rely on any documents that have been or will be timely disclosed, as well as any documents received from Plaintiff. Any consolidated version of these documents is not required at this point pursuant to the Federal Rules of Civil Procedure, and the Secretary will provide exhibit lists or other disclosures pursuant to the rules and any schedule set by the Court.

Respectfully submitted,

By: */s/ Erin Lecocq*
    Erin Lecocq
    Jeff D. Herrera
    Office of the New Mexico Attorney General
    408 Galisteo Street
    Santa Fe, NM 87501
    Tel.: (505) 490-4060
    Fax: (505) 490-4881
    elecocq@nmag.gov
    jherrera@nmag.gov

*Counsel for Defendants*

*Voter Reference Foundation et. al. v. Raul Torrez, et al.,* Case No. 1:22-cv-00222-JB-KK
*Response to VRF Third Set of Discovery*
Page **18** of **18**