IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **VOTER REFERENCE FOUNDATION, LLC**, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>)   CASE NO: 1:22-cv-00222-JB-KK<br>) |
| **RAÚL TORREZ**, in his official capacity as New Mexico Attorney General, | )<br>)<br>)<br>) |
| and | )<br>) |
| **MAGGIE TOULOUSE OLIVER,** in her Official capacity as New Mexico Secretary of State, | )<br>)<br>)<br>) |
| Defendants. | ) |

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed. R. Civ. P. 16.  The parties conferred and submit the following Pretrial Order.

## I.  APPEARANCES

Attorneys who will try this action:

| | |
|---|---|
| For Plaintiff(s) | Edward Greim |
| | Carter Harrison |
| | Matthew Mueller |
| For Defendant(s) | Mark Allen |
| | Jeff Herrera |
| For other parties | N/A |

## II.  JURISDICTION AND RELIEF SOUGHT

A. **Subject Matter Jurisdiction.**

  1. **Was this action removed or transferred from another forum?** __ Yes _X_ No

  If yes, was the action removed or transferred?

  _____ Removed    _____ Transferred   __X__ Original forum

  2. **Is subject matter jurisdiction of this Court contested?**

  __X__ Uncontested   _____ Contested   _____ Party contesting

  3. **Asserted basis for jurisdiction.**

  __X__ Federal Question _____ Diversity _____ Other

  Statutory Provision(s) Invoked: __42 U.S.C § 1983; 52 U.S.C. § 20510;

  28 U.S.C. §§1331, 1343___

B. **Personal Jurisdiction and Venue.**

  1. **Is personal jurisdiction contested?**

  __X__ Uncontested _____ Contested

  Identify the party contesting personal jurisdiction and basis for objection:

  _____

  2. **Is venue contested?**

  __X__ Uncontested _____ Contested _____ Party Contesting

  Identify the party contesting personal jurisdiction and basis for objection:

  _____

C. **Are the proper parties before the Court?**

  __X__ Uncontested _____ Contested

If contested, identify each missing party or improper party and the basis for contention:

_____

**D.     Identify the affirmative relief sought in this action.**

1. Plaintiff seeks:

Plaintiff VRF respectfully requests the Court enter judgment in its favor as follows:

**Count I**: Declare that New Mexico's restrictions on access to and use of voter data, including the Data Sharing Ban and Use Restrictions, are preempted by the NVRA's Public Inspection Provision (52 U.S.C. § 20507(i)) and award Plaintiff its costs and attorneys' fees in prosecuting that claim under 52 U.S.C. § 20510(c) and/or 42 U.S.C. § 1988;

**Count II:** Declare that, regardless of whether the Use Restrictions and Data Sharing Ban are preempted, Defendants violated the NVRA's Public Inspection Provision (52 U.S.C. § 20507(i)) by refusing to produce the records requested by VRF, enter declaratory and injunctive relief that VRF is entitled to those records and future requests shall not be denied for the same or similar reasons, and award Plaintiff its costs and attorneys' fees in prosecuting that claim under 52 U.S.C. § 20510(c) and/or 42 U.S.C. § 1988;

**Count III:** Declare that the Defendants retaliated against VRF for engaging in First Amendment protected speech, and under 28 U.S.C. §§ 2201- 2202, Fed. R. Civ. P. 65, and 42 U.S.C. § 1983, enter declaratory relief to this effect and enter injunctive relief prohibiting prosecution of VRF for its past receipt and publication of voter data, and award Plaintiff its costs and attorneys' fees in prosecuting that claim under 42 U.S.C. § 1988;

**Count V:** Declare that the Use Restrictions and Data Sharing Ban constitute a ban on core political speech that fails to satisfy strict scrutiny, and under 28 U.S.C. §§ 2201- 2202, Fed. R. Civ. P. 65, and 42 U.S.C. § 1983, enter declaratory relief to this effect and enter injunctive relief prohibiting the denial of access to data or prosecution of VRF for its past use and publication of data, and award Plaintiff its costs and attorneys' fees in prosecuting that claim under 42 U.S.C. § 1988;

**Count VI:** Declare that the Data Sharing Ban and Use Restrictions are unconstitutionally overbroad, and under 28 U.S.C. §§ 2201- 2202, Fed. R. Civ. P. 65, and 42 U.S.C. § 1983, enter declaratory relief to this effect and enter injunctive relief prohibiting the denial of access to data or prosecution of VRF for its past use and publication of data, and award Plaintiff its costs and attorneys' fees in prosecuting that claim under 42 U.S.C. § 1988;

**Count VII**: Declare that the Data Sharing Ban and Use Restrictions are unconstitutionally vague, and under 28 U.S.C. §§ 2201- 2202, Fed. R. Civ. P. 65, and 42 U.S.C. § 1983, award declaratory relief to that effect and enjoin any prosecution of VRF for its past use and publication of data, and award Plaintiff its costs and attorneys' fees in prosecuting that claim under 42 U.S.C. § 1988;

Pursuant to 28 U.S.C. § 2202, Fed. R. Civ. P. 65, and 42 U.S.C. § 1983, grant permanent injunctive relief in favor of Plaintiff in accordance with the above.

2. Defendant seeks: None.

## III.  BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES

**A.     Plaintiff's claims:**

**Count I**: The NVRA preempts New Mexico law banning the publication of voter data online.

**Count II**: Even absent preemption, Defendants violated the NVRA by failing to provide to Plaintiff records it requested which are subject to the NVRA's public inspection provision.

**Count III**: Defendants' refusals to grant access to voter data also constitute retaliation against Plaintiff, a First Amendment violation, because these refusals were motivated by Plaintiff VRF's political speech and other First Amendment-protected conduct in requesting, using, speaking about, and sharing the voter data.

**Count IV**: Defendants are attempting to enforce a prior restraint.[1]

**Count V**: A ban on VRF's political speech in sharing voter data fails strict scrutiny and therefore violates the First Amendment.

**Count VI**: A blanket ban on all sharing of voter data between entities is overbroad because it regulates substantially more protected speech than can be justified in relation to its plainly legitimate sweep, and for that reason, too, it violates the First Amendment.

**Count VII**: Defendants' data sharing ban, prior to the amendment of the statute, was void for vagueness and cannot be used to prosecute VRF for its past conduct.

**B.     Defendant's defenses:**

**Count I:**  The NVRA does not preempt New Mexico's statutes prohibiting the publication of voter data online.

**Count II:**  Plaintiff's voter data requests do not fall within the scope of the NVRA and were for an unlawful purpose under state law.  Therefore Defendants did not violate the NVRA.

**Count III:**  Defendants' decision to deny Plaintiff's voter data requests were made pursuant to New Mexico state law prohibiting publication of voter data.  Plaintiff cannot show that the denial was performed in retaliation for speech.

**Count IV:**  Plaintiff, through agent Local Labs LLC, misrepresented the purpose for which voter data was requested on a sworn statement to the Office of the Secretary of State.  Enforcement of New Mexico state law in this matter does not create or enforce a prior restraint.

---

[1] Per the Court's prior order, the Parties are not litigating the prior restraint claim at this time.

**Count V:** States may lawfully condition access to voter data. Therefore, conditioning voter data access upon an agreement not to publish that data does not constitute a ban on core political speech.

**Count VI:** The challenged statutes prohibit access to and use of government data in a manner that would result in harm to the public. Additionally, there is no general First Amendment right to access government information. Therefore, the statutes are not overly broad.

**Count VII:** The New Mexico Election Code statutes in effect at the time of Plaintiff's publication of the voter data clearly prohibited providing access to unauthorized individuals, including publication on the internet. Therefore the statute was not impermissibly vague. Additionally, Count VII is moot because the statute has been amended.

## IV.  FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A.**     **Stipulated Factual Contentions.**

The Parties continue to diligently discuss stipulated factual contentions in advance of trial.

**B.**     **Contested Material Facts.**

   1.     Plaintiff's Contentions:

Plaintiff views this matter as largely entailing contested issues of law with very few material fact disputes. Facts which the Parties continue to contest are:

- The State's alleged interests in restricting the use and sharing of voter data;
- Whether those restrictions are narrowly tailored to those interests;
- Whether the equities favor the Court granting permanent injunctive relief in Plaintiff's favor;
- Whether Defendants' actions towards Plaintiff, including refusing to produce voter data to Plaintiff and referring it for criminal prosecution, were motivated or caused by a discriminatory animus against VRF because of its viewpoint and its criticism of the Secretary's voter roll maintenance.

   2.     Defendant's Contentions:

- The State has a compelling interest in protecting the privacy of voters by preventing publication of the voter rolls on the internet;

- The prohibition against publication within state statutes is narrowly tailored to meet that interest; and

- Whether there exists a similarly situated party as Plaintiff such that it can show Defendants' refusal to provide voter data was based upon discriminatory animus.

## V.  APPLICABLE LAW

A.  **Do the parties agree which law controls the action?**

   __X__ Yes  _____ No

**If yes, identify the applicable law:**  National Voter Registration Act, U.S. Const. amend. I, New Mexico Law

**If no, identify the dispute and set forth each party's position regarding the applicable law.**

1. Plaintiff

2. Defendant

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

   **1. Plaintiff**

- Whether the NVRA requires the Secretary of State to make New Mexico voter data—including individually identifiable voter data—available to Plaintiff in response to Plaintiff's requests for said data;

- Whether the NVRA preempts New Mexico's restrictions on the use of voter data, include the Use Restrictions and the Data Sharing Ban (i.e., the prohibition on the online publication of New Mexico voter data);

- Whether the First Amendment prohibits New Mexico from prosecuting VRF for publishing New Mexico voter data online for citizen-associates to crowdsource the accuracy of those records;

- Whether Defendants' complete ban on sharing of voter data, including by publishing said data online, is an unconstitutionally overbroad restriction on protected speech;

- Whether Defendants' threat of prosecution via criminal referral is an unlawful prior restraint[2]; and,

- Any other legal issues identified in Plaintiff's Motion for Summary Judgment or Plaintiff's opposition to Defendants' Motion for Summary Judgment not specifically identified here.

### 2.     Defendant

- Whether the NVRA preempts the New Mexico statute prohibiting publication of the voter file online;

- Whether the NVRA creates an "unqualified" right of access to voter data;

- Whether states may condition access to voter data based on policy considerations such as agreeing not to publish that data;

- Whether Plaintiff's conduct in publishing voter data obtained by agreeing to New Mexico use prohibitions is constitutionally protected speech; and

- Any other legal issues identified in Defendants' Motion for Summary Judgment or Defendants' Response to Plaintiff's Motion for Summary Judgment not specifically identified here.

## VII.  MOTIONS

---

[2] Per the Court's prior order, the Parties are not litigating the prior restraint claim at this time.

A. **Pending Motions (indicate the date filed):**

    1.    Plaintiff: Motion for Summary Judgment, filed April 14, 2023

    3.    Defendant: Motion for Summary Judgment, filed April 14, 2023

B. **Motions which may be filed:**

    1.    Plaintiff: At this time, Plaintiff does not foresee filing any motion(s) before trial.

    2.    Defendant: At this time, Defendant does not foresee filing any motion(s) before trial.

Briefing must be complete and filed with the Court by Tuesday, September 5, 2023.

## VIII.  DISCOVERY

A. **Has discovery been completed?**   __X__ Yes   _____ No

If no, discovery terminates on _____.

B. **Are there any discovery matters of which the Court should be aware?**

No.

## IX.  ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

A. **Plaintiff's Witnesses:**

    1.    Plaintiff filed its witness list with the Court on August 28, 2023 [Dkt. 143]. As noted in that list, Plaintiff intends to primarily rely on deposition testimony and prior testimony given under oath at the preliminary injunction hearings held in this matter.

2. Plaintiff provided deposition designations to Defendants on August 18, 2023. The Parties continue to confer regarding designations, counter-designations, and objections.

3. Plaintiff provided designated testimony from witnesses provided at the preliminary injunction hearings in this matter to Defendants on August 31, 2023.

**B.    Defendants' Witnesses:**

1. Defendants filed their witness list with the court on August 25, 2023.

2. Defendants will be providing counter-designations on deposition testimony to Plaintiff by September 13, 2023.

3. Defendant will be providing counter-designations on preliminary injunction testimony to Plaintiff by September 13, 2023.

## X.  TRIAL PREPARATION

**A.    Exhibits.**

The parties must confer over all trial exhibits.  This does not apply to rebuttal exhibits that cannot be anticipated before trial.  The parties must file a "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than August 29, 2023.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than five (5) calendar days before trial.  Each party's contested exhibit list must be filed on the date identified in the preceding paragraph. All exhibits must be marked before trial.  Exhibits must be marked numerically and identify the party offering

the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B.      Witness Lists.**

Each party's witness list must be filed with the Clerk and served on all parties by August 25, 2023. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within fourteen (14) calendar days of service of the witness list. The objecting party must mark those portions of the requested deposition testimony to which the party objects. Marking must comply with D.N.M.LR-Civ. 10.6. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least three (3) days before trial.

**C.      Voir Dire.**

This matter will be tried to the Court.

**D.      Jury Instructions and Verdict. (Not applicable)**

This matter will be tried to the Court.

**E.      Statement of Case.**

This matter will be tried to the Court.

**F.      Submission for Bench Trials.**

1.      At the pretrial conference, the Parties and the Court agreed to the submission of proposed findings of fact and conclusions of law to occur fourteen days after the trial transcript becomes available.

2.      If requested, submit the findings of fact and conclusions of law in a format compatible with MS Word. Please refer to the procedures, available on our web site, for electronically submitting proposed text.

## XI. OTHER MATTERS

**A.**     **Settlement Possibilities.**

    1.     The possibility of settlement in this case is considered:

    __X__ Poor      ____ Fair      ____ Good      ____ Excellent ____ Unknown

    2.     Do the parties have a settlement conference set with the assigned Magistrate Judge?

____ Yes     __X__ No  If yes, when? _____

If a settlement conference has already been held, indicate approximate date: _____

Would a follow-up settlement conference be beneficial? ____ Yes ____ No

    3.     Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial?

If yes, please identify: _____

If no, explain why not: _____

**B.**     **Length of Trial and Trial Setting.**

    1.     This action is a      __X__ Bench Trial ____ Jury Trial ____ Both

    2.     The case is set for trial on September 11, 2023. On September 6, 2023, Defendants filed an unopposed motion to continue the trial [Dkt. 147] and have provided alternative dates to the Court as determined by the Parties in a telephonic meet-and-confer.

    3.     The estimated length of trial is 3 day(s) maximum.

## XII. EXCEPTIONS

Plaintiffs take exception and object to two defenses or issues of law which were not pleaded or preserved in Defendants' Answer, disclosed in discovery responses, or otherwise litigated in this case, and which appeared for the first time in Defendants' draft of this order just before filing. First, Defendants' Defense to Count IV, that Plaintiff made a misrepresentation to Defendants through Local Labs' request for data, was not pleaded or preserved in Defendants' Answer, disclosed in discovery, or litigated in this case. Second, Defendants' fourth bulleted issue of law, suggesting that Defendants intend to argue that Plaintiff's speech is not constitutionally protected because Plaintiff purportedly previously "agreed" to New Mexico use prohibitions, was not pleaded or preserved in Defendants' Answer, disclosed in discovery, or litigated in this case.

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this

_7th_ day of _September_, 2023.


                    */s/ Edward D. Greim*_____
                    *Attorney for Plaintiff*
                    (approved via email September 7, 2023)

                    1100 Main Street, Suite 2700
                    Kansas City, MO 64105_____
                    Address


                    */s/ Jeff Dan Herrera*_____
                    *Attorney for Defendant*

                    408 Galisteo Street
                    Santa Fe, NM 87501_____
                    Address




Dated: _____


_____
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

On September 7, 2023 I filed the foregoing document through the Court's CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Jeff Dan Herrera*
Jeff Dan Herrera