**Exhibit Sticker**

**P-42**



Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

September 5, 2023

**<u>Via Electronic Mail Only</u>**
Mark Allen
Office of the New Mexico Attorney General
408 Galisteo Street
Santa FE, NM 87501
mallen@nmag.gov

> **Re: Your Letter Dated August 30, 2023 Regarding** *Voter Reference Foundation, LLC vs. Torrez, et. al*, **Case No. 1:22-cv-0222-JB-KK**

Dear Mr. Allen:

While we disagree with your characterization of the past statements of VRF and its counsel regarding VRF's proposed use of the voter data it requested, we appreciate the State's decision to finally produce the data we requested nearly fifteen months ago.

To be clear, VRF's consistent promise since its May 27, 2022 correspondence was that it would "only publish" the data for its First Project "if VRF is granted relief" in this case or another legal proceeding. For its Second Project, VRF promised that it would not publish the requested data under any circumstances:

> VRF intends to publish this analysis online without disclosing the personal information of any individual voter. VRF will comply with this non-public-disclosure promise for the data it uses on its second project regardless of whether it prevails in the Federal Litigation. And again, for the sake of clarity, no personal information of any individual voter will be published online unless VRF is granted relief in the Federal Litigation or in any other legal proceeding.



Your letter suggests that the State has finally come to believe VRF's promises because of something said at the summary judgment hearing, which you characterize as a commitment that "VRF will not post New Mexico's voter data online except in the event of a final judgment stating that VRF has the right to do so and that New Mexico cannot lawfully prohibit it." You further state:

> VRF's current stance—that it will not post the data unless a court says it can lawfully do so—is meaningfully different than its May 2022 stance—that it would not post the data unless a court said it wouldn't get in trouble when it did so. In light of the new statements, the Secretary's Office can lawfully provide the data requested in VRF's affidavits and is happy to do so.

This mischaracterizes VRF's previous promise not to post the data unless it is granted relief allowing it to do so. It also attempts to create a false distinction to justify the State's refusal to act for over a year. The record will speak for itself.

To be clear, if Judge Browning rules—either on summary judgment or in his post-trial opinion—that the law allows VRF to post the data, VRF intends to exercise that right. Similarly, if Judge Browning rules that the law does not allow VRF to post the data, VRF will maintain the status quo unless or until it obtains judicial relief. But if VRF prevails on this point and the State appeals, it makes no promises to self-censor during the pendency of any appeal. VRF will of course comply with any further orders of the District Court or Tenth Circuit to preserve the status quo pending appeal.

In conclusion, though we disagree with your reasoning, we appreciate your production of the data to VRF. Payment will be made in due course.

Respectfully,

Edward D. Greim
Counsel for Plaintiff

cc:     Jeff Herrera, Assistant Attorney General (via Email only)