IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **VOTER REFERENCE FOUNDATION, LLC,** | ) <br> ) **CASE NO: 1:22-cv-00222-JB-KK** <br> ) |
| Plaintiff, | ) |
| v. | ) <br> ) <br> ) **JOINT STIPULATIONS** |
| **RAÚL TORREZ**, in his official capacity as New Mexico Attorney General, and **MAGGIE TOULOUSE OLIVER,** in her Official capacity as New Mexico Secretary of State, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## JOINT STIPULATIONS FOR OCTOBER 16, 2023 BENCH TRIAL

COME NOW Plaintiff Voter Reference Foundation, LLC ("VRF") and Defendants Secretary of State Maggie Toulouse Oliver and Attorney General Raul Torrez (collectively, the "Parties"), by and through counsel, and stipulate to the following:

1. Plaintiff Voter Reference Foundation, LLC, ("VRF") is a nonprofit organization which describes itself as "dedicated to increasing voter participation in elections while protecting election integrity."

2. Gina Swoboda is VRF's Executive Director.

3. Defendant Maggie Toulouse Oliver is the duly elected Secretary of State for the state of New Mexico and, in that capacity, is the chief election officer of the state. She is responsible for ensuring the integrity of elections in New Mexico, protecting the privacy of voter data, furnishing

voter data to requesters, and referring potential violations of the Election Code to the Attorney General for prosecution.

4. The Secretary is sued in her official capacity only.

5. Mandy Vigil is the Elections Director for the Secretary.

6. Defendant Raúl Torrez is the duly elected Attorney General of New Mexico ("AG") and is empowered under state law to investigate and prosecute violations of the Election Code.

7. The AG has refused to state that it will not prosecute VRF for its prior posting of voter data online.

8. The AG investigated VRF for its use of voter data and the publication of that voter data on the Website.

9. The Attorney General has supported the position throughout this litigation that VRF has violated New Mexico law.

10. The Attorney General takes the same position as the Secretary as to the legality of VRF's actions.

11. The Attorney General is sued in his official capacity only.

12. There is one statewide voter registration database—SERVIS—that contains all voter registration information for New Mexico.

13. The database has fields for demographic information, party affiliation, and "activity" on the record, including voter credits and all updates to a voter registration record, so the fact that there was an update to a voter record is tracked and "logged" within the database.

14. A "voter credit" is a record in the New Mexico voter database that indicates a voter has participated in an election.

15. The Bureau of Elections within the Secretary of State's Office is in charge of responding to requests for voter data, and Mandy Vigil is the Director of Elections.

16. On March 29, 2021, the Secretary of State's Office received a request for voter information listing David Michael Lippert and Local Labs under "Information of Requestor." Lauren Hutchison, a Compliance Officer in the Secretary of State's Office, processed the request.

17. Lippert requested the name, physical address, mailing address, year of birth, party affiliation, precinct assignment, jurisdiction, registrant ID number, associated districts, voting history, and method of voting for each registered voter in the State of New Mexico

18. In conjunction with that request, Mike Lippert executed an affidavit required by NMSA 1978, Section 1-4-5.5(C) and the Secretary of State's Office for such requests.

19. In conjunction with that request, a payment was made to the Secretary of State's Office in the amount of $5,378.12.

20. On the version of the voter data request form used by Local Labs, LLC, the requester had the option to choose from one of three purposes for the request: Governmental Use, Campaign Use, and Election Related Use; beyond this, Local Labs had to provide no narrative regarding how the data would be used.

21. The Voter Information Authorization form executed by Mike Lippert indicated that the voter information was being requested for election related purposes.

22. The bottom of the form contained an attestation which stated:

> Unlawful use of the information requested on this form shall consist of willful selling, loaning, providing access to or otherwise surrendering, duplication, or alteration of information as stated in the Voter Records System Act (§1-5-1 through 1-5-31 NMSA 1978).
> I hereby swear that the requestor will not use or make available to others to use the requested material for purposes other than governmental, election, research and campaign purposes under penalty of law.

23. Mike Lippert did not make any representations to the Secretary of State's Office regarding the use or sharing of the requested voter data other than what was included on the form affidavit he signed.

24. The voter data was provided to Local Labs by the Secretary on April 13, 2021.

25. VRF operates the website VoteRef.com (the "Website").

26. VRF made available to the public the voter information acquired by Local Labs via the Website for every registered voter in New Mexico, including name, registration address, registration date, year of birth, party affiliation, registration status, precinct, and voting participation history.

27. No voter's voter ID number, social security number, telephone number, or email address was posted on the Website.

28. Before accessing this data on the Website, a user was required to agree to the Website's Terms of Service which state, in relevant part:

> VoteRef.com and the services offered through VoteRef.com are only for election-related, non-commercial use… You may not use information on VoteRef.com for any purpose unrelated to elections. You may not use information on VoteRef.com for commercial purposes. "Commercial purposes" includes use in connection with advertising or promoting commercial products or services, or for the purpose of sale, resale, solicitation, or for any purpose in which the user can reasonably anticipate the receipt of monetary gain from direct or indirect use. For example, you may not sell information obtained from VoteRef.com, or use it in connection with advertising or promoting commercial products or services, or solicitation.
> . . .
> You may not use VoteRef.com to take any action that could harm VRF or any third party, interfere with the operation of VoteRef.com, or use VoteRef.com to violate any law. By way of example but not limitation, you may not: … (b) alter, edit, or delete the materials on VoteRef.com, including the deletion of any trademark or copyright notices on VoteRef.com; … (d) intentionally or unintentionally violate any applicable local, state, national, or international law or any regulations having the force of law; (e) impersonate any person or entity or misrepresent your connection to any person or entity; (f) "stalk," harass, or otherwise advocate the stalking or harassing of another

person; (f) collect or store personally identifiable information about other users in connection with the prohibited conduct and activities set forth herein; (h) reproduce, duplicate, copy, sell, trade, resell, or exploit for any commercial purposes, any portion of VoteRef.com; (i) attempt to override or circumvent any security measures of VoteRef.com or VRF's third party providers or access parts of VoteRef.com you are not authorized to visit; (j) engage in any unauthorized screen scraping, database scraping, or spidering, or collection of personally identifiable information, or use any other automated means to collect information from VoteRef.com; (k) use any software, tool, or other device (such as browsers, spiders, or avatars) to search VoteRef.com, other than the search functionality offered through VoteRef.com or other generally available web browsers…

29. When a user viewed a particular voter's information, they were simultaneously shown a state specific disclaimer regarding the data. When the New Mexico data was live, the New Mexico specific disclaimer stated:

> The information on this website about this voter, including records of this voter's voting history, was provided to Voter Reference Foundation LLC ("VRF") by the New Mexico Secretary of State's Bureau of Elections ("Bureau") on April 15, 2021. The information is publicly available here. The information published here by VRF appears exactly as provided by the Bureau. By publishing Bureau records verbatim, VRF does not state, represent, suggest, or imply that this voter voted or that this voter's ballot was not counted. Additionally, the registration information of any voter who is in the Safe At Home program (hereinafter referred to as a "protected voter") must be removed from the publicly available voter list by the New Mexico Secretary of State. If you believe the information provided to VRF by the Bureau is inaccurate, or if you believe that you or any person listed on VoteRef.com is a protected voter whose protected information should not appear on VoteRef.com, please immediately contact the Bureau by emailing sos.elections@state.nm.us or calling 505-827-3600. For assistance with the process of becoming a protected voter, click here (Safe At Home program). Upon receipt of official documentation confirming your or any person's protected voter status sent to us at privacy@voteref.com, VRF will remove the protected information from VoteRef.com.

30. The New Mexico voter data was made available by VRF on the Website at no charge, subject to the user's agreement to the terms outlined above.

31. On December 20, 2021, Deputy Secretary of State Sharon Pino signed and submitted a criminal referral to the New Mexico Office of the Attorney General for investigation and prosecution of both Local Labs and VRF.

32. VRF was referred because it made the voter data public by distributing it on VoteRef.com, thus making the data available to the general public. The Secretary believed that the transfer and publication of the voter data was a violation of the Election Code. The Secretary believed VRF had violated the law by posting "private voting information online." The Secretary also believed that "publishing" the data "on VoteRef.com" was an illegal use of the data.

33. The decision to make the criminal referral of VRF was made by Sharon Pino, and that decision was reviewed and approved by the Secretary.

34. Even prior to the passage of HB 4, (discussed further below) Defendants maintained a policy and position that voter data cannot be shared, disseminated, distributed, published, or otherwise made available by a requestor to any third party.

35. The statements attributed to Secretary of State Toulouse Oliver in the ProPublica article were made by her.

36. The statements attributed to VRF or its agents or employees in the ProPublica article were authorized by VRF to be made on its behalf.

37. The person at the Secretary of State's Office who found out that Local Labs and VRF are connected is Lauren Hutchison. Her inquiry was prompted by information the Office learned during the media inquiry by ProPublica in December 2021.

38. On February 15, 2022, VRF sent a request for voter data to the Secretary for "the total count, by county/precinct, of any registered voters who cast a ballot in the November 3, 2020, election, who have been subsequently placed in an inactive, canceled, deleted, removed (or any

registration status other than active) or any voter that has been removed or deleted from the voter rolls between November 3, 2020 and April 13, 2021."

39. VRF's request was assigned to Patrick Rostock, a paralegal and custodian of records in the Secretary's office. VRF, having not received a response, emailed on March 10, 2022 asking for an update.

40. Rostock forwarded that email to Mandy Vigil, and Sharon Pino stating, in part: "Per Dylan's contact with the AG, *we are not fulfilling records requests from VoteRef*."

41. At least until August 30, 2023, the Secretary did not communicate to VRF any change in the decision it had made in March 2022 that it would not fulfill VRF's voter data requests.

42. The Secretary has not withdrawn its criminal referral of VRF to the AG, and the AG asserts its right to investigate and prosecute VRF.

43. VRF removed the New Mexico voter data from its website on March 28, 2022—just before this lawsuit was initially filed—out of fear that it would be prosecuted based on the Secretary's interpretation of the law and her referral of VRF to the AG for potential prosecution.

44. VRF continues to seek data from New Mexico.

45. The Tweets made from the Office of the Secretary of State's Twitter account (@NMSecOfState) identified in JE12 were authorized by the Secretary to be made on behalf of the Secretary of State's Office.

46. The posts made from the Office of the Secretary of State's Facebook account (Office of the new Mexico Secretary of State; facebook.com/NMSecOfState) identified in JE13 were authorized by the Secretary to be made on behalf of the Secretary of State's Office.

47. The press release identified as JE14 was authorized by the Secretary of State to be made on behalf of the Secretary of State's Office.

48. On May 27, 2022, VRF sent a "Notice of Violation of National Voter Registration Act & Request for Records" (the "Notice") to the Secretary pursuant to § 20510(b)(1) ("A person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief election official of the State involved.").

49. The Notice included two new requests for voter data:

> 1. A complete list, by county/precinct, of any registered voters who cast a ballot in the November 3, 2020 General Election, who have been subsequently placed in an inactive, canceled, deleted, removed (or any registration status other than active) status, or any voter that has been removed or deleted from the voter rolls between November 3, 2020 and April 13, 2021, including total count of same.
>
> 2. Current voter registration data, including voter history, for all active, inactive, suspended, and cancelled status voters (including any registration status other than active.

50. VRF provided completed affidavits for each of the separate requests.

51. Despite VRF's compliance with the requirements for making such a request and its assurance regarding how the requested data would be used, the Secretary refused to provide the requested documents.

52. On June 16, 2022, the Secretary's Office responded, indicating that it would not produce the requested records.

53. New Mexico contracts with a third-party vendor to store voter data in a database called SERVIS, which is owned by the Secretary.

54. The Secretary's personnel are also able to use the SERVIS system to develop non-canned reports from the numerous data fields in the system.

55. Voter data in SERVIS is stored indefinitely. Even after a voter is no longer "active" his or her data is still stored in the SERVIS system.

56. In reliance on this Court's issuance of the preliminary injunction, VRF republished the New Mexico voter data it already possessed on VoteRef.com.

57. On October 18, 2022, VRF sent an additional document request to the Secretary requesting, among other things, the same data it requested on May 27.

58. In a denial letter authored by the Secretary's General Counsel, Dylan Lange, the Secretary refused to produce the requested records.

59. The Secretary states that there is no reason for the denial of the request other than whatever information was conveyed to VRF in writing in conjunction with the denial.

60. The Attorney General advised the Secretary in its refusal to provide data in response to the October 2022 request, and agrees with the position the Secretary took.

61. On December 28, 2022, a two-judge panel of the Tenth Circuit stayed this Court's preliminary injunction pending the outcome of Defendants' appeal.

62. VRF removed the New Mexico voter data from its Website the same day.

63. Other companies, such as Catalist and i360, have obtained voter data from the Secretary by filling out the prescribed affidavit.

64. Other conservative or Republican entities or organizations have sought—and received—New Mexico voter data by filling out the prescribed affidavit.

65. On August 30, 2023, the Secretary made the data which VRF requested on May 27, 2022, available to VRF.

66. The Secretary did not make the data requested on May 27, 2022, available pursuant to the NVRA, but under New Mexico state law—and Defendants do not believe that data is subject to the NVRA's Public Disclosure Provision.

67. The Secretary has not made the data requested in VRF's October 18, 2022, NVRA Request available to VRF.

Respectfully submitted this 11th day of October, 2023.

>Respectfully submitted,
>
>**GRAVES GARRETT, LLC**
>*/s/ Edward D. Greim*
>Edward D. Greim Missouri Bar No. 54034
>*Admitted Pro Hac Vice*
>1100 Main Street, Suite 2700 Kansas City, Missouri 64105 Tel.: (816) 256-3181
>Fax: (816) 222-0534
>edgreim@gravesgarrett.com
>
>**HARRISON, HART & DAVIS, LLC**
>Carter B. Harrison IV
>924 Park Avenue SW, Suite E Albuquerque, NM 87102
>Tel: (505) 369-6599
>Fax: (505) 341-9340
>carter@harrisonhartlaw.com
>
>*Counsel for Plaintiff*
>
>*/s/ Mark W. Allen*
>Mark W. Allen
>Jeff Dan Herrera
>Assistant Attorneys General
>Office of the New Mexico Attorney General
>408 Galisteo St.
>Santa Fe, NM 87501
>Tel.: (505) 490-4060
>Fax: (505) 490-4881
>mallen@nmag.gov
>jherrera@nmag.gov
>
>*Counsel for Defendants*