IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VOTER REFERENCE FOUNDATION, LLC,
and HOLLY STEINBERG,

      Plaintiffs,

vs.                                                                 No. CIV 22-0222 JB/KK

RAÚL TORREZ, in his official capacity as New
Mexico Attorney General, and MAGGIE
TOULOUSE OLIVER, in her official capacity
as Secretary of State of New Mexico,

      Defendants.

## FINAL JUDGMENT

**THIS MATTER** comes before Court on: (i) the Plaintiff's Verified First Amended Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief, filed September 26, 2022 (Doc. 74)("Amended Complaint"); (ii) the Memorandum Opinion and Order, filed March 29, 2024 (Doc. 173)("MSJ MOO"); and (iii) the Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order, filed August 30, 2024 (Doc. 176)("Bench Trial Opinion"). In Amended Complaint, Plaintiff Voter Reference Foundation, LLC ("Voter Reference") drops Plaintiff Holly Steinberg from this case. See Amended Complaint at 1. In the MSJ MOO, the Court: (i) enters judgment in Voter Reference's favor and against Defendant New Mexico Secretary of State Maggie Toulouse Oliver and Defendant the New Mexico Attorney General[1] (collectively,

---

[1]Since this case was filed, the initially named Attorney General Defendant -- Hector Balderas -- is no longer the Attorney General of New Mexico; Raúl Torrez is the new Attorney General. Pursuant to rule 25(d) of the Federal Rules of Civil Procedure, Raúl Torrez is now a named Defendant in this action. Because, however, General Torrez was not in office during much of the underlying conduct in this dispute, the Court refers to the Attorney General Defendant as the "Attorney General."

"Defendants") on the Amended Complaint's Counts I (National Voter Registration Act, 52 U.S.C. §§ 20501-20511 ("NVRA") preemption) and II (NVRA violation); (ii) enters judgment in part in Voter Reference's favor on the Amended Complaint's Count VIII (declaratory judgment); and (iii) declares that the NVRA preempts the State's Data Sharing Ban and Use Restrictions.[2]  In the MSJ MOO, the Court: (i) enters judgment in Defendants' favor and against Voter Reference on the Amended Complaint's Counts III (retaliation in violation of the First Amendment to the Constitution of the United States), VI (First Amendment overbreadth), and VII (unconstitutional vagueness); and (ii) and enters judgment in Defendants' favor in part on the Amended Complaint's Count V (First Amendment violation), and Count VIII (declaratory judgment).  The Court dismisses the Amended Complaint's Count IV (prior restraint) without prejudice.  See MSJ MOO at 328.  In the Bench Trial Opinion, the Court grants judgment for Voter Reference and against the Defendants on the viewpoint discrimination claim in the Amended Complaint's Count V, and (i) enjoins the Defendants from engaging in any future viewpoint discrimination against Voter Reference related to Voter Reference's requests for State voter data; and (ii) enjoins the Defendants, their agents, employees, and all persons acting in active concert or participation with them, from enforcing the

---

[2]The terms "Data Sharing Ban" and "Use Restrictions" are used to describe the Defendants' position and policy related to the sharing and use of voter data under New Mexico law.  "Use Restrictions" refers to the Defendants' interpretation of N.M.S.A. § 1-4-5.5(C)'s limitation that, under New Mexico law, "[e]ach requester of voter data . . . shall sign an affidavit that the voter data . . . shall be used for governmental or election and election campaign purposes only and shall not be made available or used for unlawful purposes."  The Defendants interpret this statute, for example, to prohibit the posting State voter data on the internet.  See MSJ MOO at 79-80.  In short, the term "Use Restrictions" refers to N.M.S.A. § 1-4-5.5(C)'s statutory limitation on use of voter data, and how the Defendants interpret those restrictions to apply to certain uses and not others.  See MSJ MOO at 79-80.  The term "Data Sharing Ban" refers to the Defendants' position that voter data cannot be shared, distributed, published, or otherwise made available by a requester to any third party.  See MSJ MOO at 77-78.

Use Restrictions and Data Sharing Ban against Voter Reference, its agents, and others similarly situated.  See Bench Trial Opinion at 76.  Given that there are no more parties, claims, or issues before the Court, the Court enters Final Judgment, pursuant to rule 58(a) of the Federal Rules of Civil Procedure, disposing of this case.

**IT IS ORDERED** that: (i) the Court declares that the National Voter Registration Act, 52 U.S.C. §§ 20501-20511 ("NVRA"), preempts the State's Data Sharing Ban and Use Restrictions; (ii) the Defendants have violated the NVRA's 52 U.S.C. § 20507(i); (iii) all of Plaintiff Voter Reference Foundation, LLC's ("Voter Reference") claims in Counts III, VI, and VII of the Plaintiff's Verified First Amended Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief, filed September 26, 2022 (Doc. 74)("Amended Complaint"), are dismissed with prejudice; (iv) Voter Reference's request for declaratory judgment on the First Amendment claims is dismissed with prejudice; (v) the Amended Complaint's Count IV is dismissed without prejudice; (vi) the parts of the Amended Complaint's Count V alleging that the Data Sharing Ban and Use Restrictions are direct bans on core political speech in violation of the First Amendment are dismissed with prejudice; (vii) the Court grants judgment in Voter Reference's favor on the viewpoint discrimination claim in the Amended Complaint's Count V; (viii) Voter Reference's request for nominal damages is denied; (ix) the Defendants are enjoined from engaging in any future viewpoint discrimination against Voter Reference related to Voter Reference's requests for State voter data; (x) the Defendants, their agents, employees, and all persons acting in active concert or participation with them, are enjoined from enforcing the Use Restrictions and Data Sharing Ban against Voter Reference, its agents, and others similarly situated; (xi) Voter Reference is awarded fees and costs; (xii) the Court retains jurisdiction for the limited purpose of enforcing its injunctions if necessary; and (xiii) Final Judgment is entered.

- 4 -

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Carter B. Harrison IV
Harrison & Hart, LLC
Albuquerque, New Mexico

-- and --

Edward Dean Greim
Matthew Richard Mueller
Jackson Tyler
Graves Garrett Greim LLC
Kansas City, Missouri

 *Attorneys for the Plaintiffs*

Raúl Torrez
 New Mexico Attorney General
Jeff Dan Herrera
Mark Walsh Allen
 Assistant Attorneys General
New Mexico Office of the Attorney General
Santa Fe, New Mexico

 *Attorneys for the Defendants*